THOMAS L. SANSONETTI
Assistant Attorney General
Environment & Natural Resources Division
CYNTHIA S. HUBER
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
TEL: (202) 514-5273
FAX: (202) 514-2583
FREDERICK A. BLACK
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagatna, Guam 96910
TEL: (671) 472-7332/7283
FAX: (671)472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
AUG 07 2002
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 02-00022 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR INJUNCTIVE RELIEF AND CIVIL PENALTIES UNDER THE CLEAN WATER ACT** |
| GOVERNMENT OF GUAM, | |
| Defendant. | |

The United States of America ("United States"), through its undersigned attorneys, by authority of the Attorney General and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges:

## INTRODUCTION

This complaint seeks civil penalties under the Clean Water Act ("CWA" or "Act"), 33 U.S.C. § 1319, and seeks the closure of the Ordot Landfill on Guam. This facility has exceeded its appropriate closure date by over five years. The landfill has produced leachate which has been discharged into the Lonfit River throughout that time period. As early as March 1986, leachate discharge from the landfill to the Lonfit River was documented through Guam Environmental Protection Agency ("GEPA") inspections. In 1986, the landfill was, by administrative order of the U.S. EPA, ordered to cease discharge into the Lonfit River. To date, the leachate discharges have not ceased.

## PARTIES

1. The plaintiff is the United States of America ("United States").

2. The defendant is the Government of Guam ("Guam").

3. Guam is an unincorporated territory of the United States created by statute and has the power to sue and be sued. 48 U.S.C. § 1421a; 33 U.S.C. §§ 1311(a) and 1365(3), (5).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties to and the subject matter of this action pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345 and 1355.

5. Venue is proper in this judicial district pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c) and 1395, because the defendant is located in this district and the events or omissions giving rise to this claim occurred in this district.

6. EPA has notified Guam of this action under CWA Section 309(b), 33 U.S.C. § 1319(b).

## STATUTORY BACKGROUND

7. CWA Section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters by any person except as authorized by, and in compliance with, certain other sections of the Act, including CWA Section 402, 33 U.S.C. § 1342.

8. Under CWA Section 402(a), 33 U.S.C. § 1342(a), the Administrator of EPA may issue National Pollutant Discharge Elimination System ("NPDES") permits which authorize the discharge of pollutants into waters of the United States, subject to the conditions and limitations set forth in such permits.

9. Under CWA Section 402(b), 33 U.S.C. § 1342(b), the EPA Administrator may approve a state's administration of the NPDES program in that state. The EPA Administrator has not approved Guam to administer the NPDES permit program in Guam.

10. CWA Section 502(5) defines "person" to include a "state." 33 U.S.C. § 1362(5).

11. CWA Section 502(3) defines "state" to include Guam. 33 U.S.C. § 1362(3).

12. CWA Section 502(6) defines "pollutant" to include "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water." 33 U.S.C. § 1362(6).

13. CWA Section 502(12) defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

14. CWA Section 502(7) defines "navigable waters" to be "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

15. CWA Section 502(14) defines "point source" to include "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel conduit, well [or] container from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

16. CWA Section 309(a)(3), 33 U.S.C. § 1319(a)(3), among other things, authorizes EPA to order any violator of CWA Section 301(a) to comply with CWA Section 301(a).

17. CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA Section 301 or commits any violation against which EPA may issue a compliance order pursuant to 33 U.S.C. § 1319(a).

18. CWA Section 309(d), 33 U.S.C. § 1319(d), provides that any person who violates CWA Section 301(a), 33 U.S.C. § 1311(a), or an order issued pursuant to CWA Section 309(a), 33 U.S.C. § 1319(a), shall be subject to civil penalties not to exceed $25,000 per day for each violation which occurred on or before January 30, 1997. The maximum civil penalty has been increased to $27,500 per day per violation, after January 30, 1997, 40 C.F.R. § 19.4.

## GENERAL ALLEGATIONS

19. Defendant owns and operates the Ordot Landfill which is located in the village of Ordot and is the municipal landfill for the Island of Guam. It has been in operation since the early 1950s.

20. Guam does not have any NPDES permit from the EPA authorizing the discharge of any pollutant from the Ordot Landfill to waters of the United States.

21. From at least 1988 through the present, Guam has routinely discharged untreated leachate from the Ordot Landfill into the Lonfit River and two of its tributaries.

22. Leachate is a "pollutant" under CWA Section 502(6), 33 U.S.C. § 1362(6).

23. The Ordot Landfill, together with earthen channels, gullies, trenches, and ditches which carry leachate to the Lonfit River's tributaries, are "point sources" under CWA Section 502(14), 33 U.S.C. § 1362(14).

24. The Lonfit River and its tributaries drain into the Pacific Ocean at Pago Bay. The Lonfit River and its tributaries are "waters of the United States" and "navigable waters" under CWA Section 502(7), 33 U.S.C. 1362(7).

-4-

## FIRST CLAIM FOR RELIEF

25. The United States fully incorporates by reference the allegations in paragraphs 1 through 24.

26. By reason of the foregoing, Guam has repeatedly violated CWA Section 301(a), 33 U.S.C. § 1311(a), by discharging pollutants from a point source into waters of the United States without obtaining a permit in accordance with CWA Section 402, 33 U.S.C. § 1342.

27. Pursuant to CWA Section 309, 33 U.S.C. §1319, Guam is liable, for civil penalties of up to $25,000 per day per violation on or before January 30, 1997, and after January 30, 1997 for civil penalties of up to $27,500 per day per violation. Unless enjoined, Guam will continue to violate the CWA.

## SECOND CLAIM FOR RELIEF

28. The United States fully incorporates by reference the allegations in paragraphs 1 through 24.

29. On July 19, 1990, in EPA Docket No. IX-FY9O-28, the EPA issued an administrative order to Guam under CWA Section 309(a), 33 U.S.C. § 1319(a), requiring, among other things, that Guam submit plans and a compliance schedule for a cover system for the Ordot Landfill and complete construction of the cover system to eliminate discharges of untreated leachate to the waters of the United States by June 30, 1992.

30. On October 9, 1990, EPA extended the deadline for demonstration of compliance under the administrative order, that is elimination of the discharge, to August 15, 1992.

31. On April 10, 1997, EPA extended the deadline under the administrative order to July 9, 1997, for submission of a schedule for design and construction of a cover system to eliminate untreated leachate discharges.

32. Guam submitted a proposed schedule for design and construction on July 9, 1997.

33. On September 19, 1997, EPA disapproved the proposed schedule. Specifically, EPA found that the submittal was not a credible schedule, as performance of many of the important items were conditioned on the availability of funds. The submittal did not identify

an assured source of funding.

34. To date, Guam has failed to submit a schedule that incorporates an unconditional source of funding and has failed to construct a closure system.

35. Each day that Guam fails to comply with the deadline for submittal of an acceptable schedule is a separate violation of the administrative order and the CWA. Each day that Guam fails to complete construction of a cover system is a separate violation of the administrative order and the CWA. Pursuant to CWA Section 309, 33 U. S.C. § 1319, Guam is liable for civil penalties of up to $27,500 per day for each violation of the administrative order and the CWA. Unless enjoined, Guam will continue to violate the administrative order and the CWA.

## PRAYER FOR RELIEF

**WHEREFORE**, the United States of America prays that the Court provide the following relief:

1. An injunction ordering the Government of Guam to comply with the Clean Water Act;

2. A judgment for the United States of America imposing civil penalties on the Government of Guam not to exceed $25,000 per day for each day of each violation of the Clean Water Act, including violations of the 1990 EPA Administrative Order, up to January 30, 1997, and $27,500 for each day of each violation thereafter;

3. An order that Guam file timely and complete applications for all required permits;

4. An order that Guam cease all further unpermitted discharges;

5. An award to the United States of America of its costs and disbursements in this action; and

/
/
/
/
/

6. Such other relief as this Court deems appropriate.

DATED this 14 day of 2002.

*May,*

*Tom Sansonetti*
THOMAS L. SANSONETTI
Assistant Attorney General
Environment & Natural Resources Division

CYNTHIA S. HUBER
Senior Attorney
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

FREDERICK A. BLACK
United States Attorney
District of Guam and NN'll

By: *Mikel W Schwab*
MIKEL W. SCHWAB
Assistant U.S. Attorney

Of Counsel: JULIA JACKSON
U.S. Environmental Protection Agency
Office of Regional Counsel, Region IX
75 Hawthorne Street
San Francisco, CA 94105