MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

FILED
DISTRICT COURT OF GUAM
OCT 07 2002
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Defendant The Government of Guam

IN THE UNITED STATES DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO. 02-00022 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S ANSWER TO** |
| v. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | **FOR INJUNCTIVE RELIEF** |
| GOVERNMENT OF GUAM, | ) | **AND CIVIL PENALTIES UNDER** |
| | ) | **THE CLEAN WATER ACT** |
| Defendant. | ) | |

## ANSWER

COMES NOW, Defendant Government of Guam ("GovGuam") and hereby answers the Complaint for Injunctive Relief and Civil Penalties under the Clean Water Act as follows:

1. GovGuam admits the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 19 and 32.

2. GovGuam denies generally and specifically the allegations contained in paragraphs 26 and 27.

**ORIGINAL**

3. In response to paragraph 7, GovGuam admits that CWA § 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters by any person except as authorized by, and in compliance with, certain other sections of the Act, including CWA § 402, 33 U.S.C. § 1342. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 7.

4. In response to paragraph 8, GovGuam admits that under CWA § 402(a), 33 U.S.C. § 1342(a), the Administrator of EPA may issue National Pollutant Discharge Elimination System ("NPDES") permits which authorize the discharge of pollutants into waters of the United States, subject to the conditions and limitations set forth in such permits. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 8.

5. In response to paragraph 16, GovGuam admits that CWA Section 309(a)(3), 33 U.S.C. § 1319(a)(3), among other things, authorizes EPA to order any violator of CWA § 301(a) to comply with CWA Section 301(a). However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 16.

6. In response to paragraph 17, GovGuam admits that CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA § 301 or commits any violation against which EPA may issue a compliance order pursuant to 33

U.S.C. § 1319(a). However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 17.

7. In response to paragraph 18, GovGuam admits that CWA § 309(d), 33 U.S.C. § 1319(d), provides that any person who violates CWA § 301(a), 33 U.S.C. § 1311(a), or an order issued pursuant to CWA § 309(a), 33 U.S.C. § 1319(a), shall be subject to civil penalties not to exceed $25,000 per day for each violation and that the maximum civil penalty has been increased to $27,500 per day per violation pursuant to 40 C.F.R. § 19.4. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 17.

8. In response to paragraph 20, GovGuam admits that it does not have an NPDES permit from EPA. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 20.

9. In response to paragraph 24, GovGuam admits that the Lonfit River and its tributaries drain into the Pacific Ocean at a Pago Bay. However, to the extent that his paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 24.

10. In response to paragraph 29, GovGuam admits that on July 19, 1990, in EPA Docket No. IX-FY90-28, the EPA issued an administrative order to Guam under CWA § 309(a), 33 U.S.C. § 1319(a), requiring among other things, that Guam submit plans and a compliance schedule for a cover system for the Ordot Landfill and complete construction of

3

the cover system to eliminate discharges of untreated leachate to the waters of the United States by June 30, 1992. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 29.

11. In response to paragraph 31, GovGuam admits that EPA extended the deadline under the administrative order to July 7, 1997. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 31.

12. In response to paragraph 34, GovGuam admits it has yet to construct a closure system. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 34.

13. In response to paragraphs 21, 22, 23, 30, 33 and 35, GovGuam lacks sufficient information and belief to formulate a response; and on that basis, GovGuam therefore denies generally and specifically each and every allegation contained in this paragraph.

14. In response to paragraphs 25 and 28, GovGuam realleges and incorporates herein by this reference prior answers to the referenced paragraphs as if the answers were set forth again in their entirety.

15. GovGuam denies that the United States of America is entitled to any of the relief requested in its Prayer for Relief.

4

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. This action is barred by the doctrine of unclean hands.

3. There exists an adequate remedy at law.

4. There is no irreparable harm to Plaintiff.

5. Plaintiff's claims are barred by the statute of limitations.

6. Plaintiff's claims are barred by the doctrine of estoppel.

7. Plaintiff's claims are barred by the doctrine of laches and acquiescence.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Government of Guam prays for the following relief:

1. For an order and judgment denying all relief requested in Plaintiff's Complaint;

2. That Plaintiff's claim be dismissed with prejudice;

3. That Defendant be awarded costs incurred herein; and

///

///

4. For such further relief at law or in equity as may be just and proper.

Dated this 7th day of October, 2002.

        **MAIR, MAIR, SPADE & THOMPSON**
        A Professional Corporation
        Attorneys for Defendant
         The Government of Guam

        By: _____
          **DAVID A. MAIR**

P02890.GBC