MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090



FILED
DISTRICT COURT OF GUAM
OCT 28 2002
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Defendant The Government of Guam

IN THE UNITED STATES DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL CASE NO. 02-00022 |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S AMENDED** |
| v. ) | **ANSWER TO PLAINTIFF'S** |
| ) | **COMPLAINT FOR INJUNCTIVE** |
| GOVERNMENT OF GUAM, ) | **RELIEF AND CIVIL PENALTIES** |
| ) | **UNDER THE CLEAN WATER ACT** |
| Defendant. ) | **AND DEMAND FOR JURY TRIAL** |
| ) | |

COMES NOW, Defendant Government of Guam ("GovGuam") and hereby answers the Complaint for Injunctive Relief and Civil Penalties under the Clean Water Act as follows:

## ANSWER

1. GovGuam admits the allegations contained in paragraph 6.

2. GovGuam denies generally and specifically the allegations contained in paragraphs 1, 2, 4, 5, 7, 8, 9, 10, 17, 18, 26 and 27.

**ORIGINAL**

3. In response to paragraph 3, GovGuam admits that pursuant to 48 U.S.C.S. § 1421a, Guam is an unincorporated territory of the United States and has the power to sue or be sued. However, as to Plaintiff's reference to 33 U.S.C.S. §§ 1131(a) and 1365, GovGuam denies that Plaintiff has the authority to bring a citizen's suit against it.

4. In response to paragraph 11, GovGuam admits that CWA Section 502(3), 33 U.S.C. § 1362(3) defines "state" to include Guam. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 11.

5. In response to paragraph 12, GovGuam admits that CWA Section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water." However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 12.

6. In response to paragraph 13, GovGuam admits that CWA Section 502(12), 33 U.S.C. § 1362(12) defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source." However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 13.

7. In response to paragraph 14, GovGuam admits that CWA Section

2

Case 1:02-cv-00022 Document 9 Filed 10/28/2002 Page 2 of 7

502(7), 33 U.S.C. § 1362(7) defines "navigable waters" to be "the waters of the United States, including the territorial seas." However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 14.

8. In response to paragraph 15, GovGuam admits that CWA Section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernable, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel conduit, well [or] container from which pollutants are or may be discharged." However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 15.

9. In response to paragraph 16, as to whether CWA Section 309(a)(3), 33 U.S.C. § 1319(a)(3), among other things, authorizes EPA to order any violator of CWA § 301(a) to comply with CWA Section 301(a) calls for a findings of act and conclusions of law that can neither be admitted nor denied.

10. In response to paragraph 19, GovGuam admits that it is the <u>current</u> owner and operator of the Ordot Landfill which is the municipal landfill for the Island of Guam GovGuam also admits that the Ordot Landfill has been in operation since the early 1950s. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 15.

11. In response to paragraph 20, GovGuam admits that it does not have an NPDES permit from EPA. However, to the extent that this paragraph alleges anything else,

3

GovGuam denies generally and specifically each and every allegation contained in paragraph 20.

12. In response to paragraph 24, GovGuam admits that the Lonfit River and its tributaries drain into the Pacific Ocean at a Pago Bay but generally and specifically denies each and every other allegation contained in paragraph 24.

13. In response to paragraph 29, GovGuam admits that on July 19, 1990, in EPA Docket No. IX-FY90-28, the EPA issued an administrative order to Guam under CWA § 309(a), 33 U.S.C. § 1319(a), requiring among other things, that Guam submit plans and a compliance schedule for a cover system for the Ordot Landfill and complete construction of the cover system to eliminate discharges of untreated leachate to the waters of the United States by June 30, 1992. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 29.

14. In response to paragraph 31, GovGuam admits that EPA extended the deadline under the administrative order to July 7, 1997. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 31.

15. In response to paragraph 32, GovGuam admits that it submitted a proposed schedule for design and construction on July 9, 1997. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 32.

16. In response to paragraph 34, GovGuam admits it has yet to construct a closure system. However, to the extent that this paragraph alleges anything else, GovGuam denies generally and specifically each and every allegation contained in paragraph 34.

17. In response to paragraphs 21, 22, 23, 30, 33 and 35, GovGuam lacks sufficient information and belief to formulate a response; and on that basis, GovGuam therefore denies generally and specifically each and every allegation contained in this paragraph.

18. In response to paragraphs 25 and 28, GovGuam realleges and incorporates herein by this reference prior answers to the referenced paragraphs as if the answers were set forth again in their entirety.

19. Any allegation not expressly admitted in this Answer is hereby denied.

20. GovGuam denies that the United States of America is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the doctrine of sovereign immunity.

2. Plaintiff's claims are barred or reduced by the Guam Government Claims Act.

3. Guam, as an instrumentality of the United States, is not a "person" under the CWA.

4. Guam, as an instrumentality of the United States, is not subject to penalties under Section 309(d) of the CWA, 33 U.S.C. § 1319(d).

5. Plaintiff is not the real party in interest.

6. Defendant is not the real party in interest.

7. Plaintiff has failed to join all indispensable parties.

8. The Complaint fails to state a claim upon which relief can be granted.

9. This action is barred by the doctrine of unclean hands.

10. The relief requested by Plaintiff must be denied because there exists an adequate remedy at law and there is no irreparable harm to Plaintiff.

11. Plaintiff's claims are barred by the statute of limitations.

12. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

13. Plaintiff's claims are barred by the doctrine of laches and acquiescence.

14. Plaintiff lacks standing to bring this action.

15. Failure to exhaust administrative remedies.

16. Failure to mitigate damages.

17. Failure to establish all conditions precedent to suit.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant Government of Guam prays for the following relief:

1. For an order and judgment denying all relief requested in Plaintiff's Complaint;

2. That Plaintiff's claim be dismissed with prejudice;

3. That Defendant be awarded costs incurred herein; and

6

4. For such further relief at law or in equity as may be just and proper.

Dated this 28th day of October, 2002.

                           **MAIR, MAIR, SPADE & THOMPSON**
                           A Professional Corporation
                           Attorneys for Defendant
                             The Government of Guam

By: _June S. Mair for,_ _____
    DAVID A. MAIR

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury of twelve (12) jurors on all issues triable of right by jury.

Dated this 28th day of October, 2002.

                           **MAIR, MAIR, SPADE & THOMPSON**
                           A Professional Corporation
                           Attorneys for Defendant
                           The Government of Guam

By: _June S. Mair for,_ _____
    DAVID A. MAIR

P02895a[1].GBC

7