THOMAS L. SANSONETTI
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
ROBERT D. MULLANEY
Environmental Enforcement Section
Environment & Natural Resources Division
301 Howard Street
San Francisco, CA 94105
Tel: (415) 744-6491
Fax: (415) 744-6476
FREDERICK A. BLACK
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
NOV 13 2002
MARY L. M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO. 02-00022 |
| Plaintiff, | |
| v. | |
| GOVERNMENT OF GUAM, | **SCHEDULING ORDER** |
| Defendant. | |

Pursuant to Rules 16 And 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 for the District Court of Guam, the parties hereby submit the following Scheduling Order:

1. The nature of the case is as follows:

This is an action filed by the United States, acting at the request of the United States Environmental Protection Agency ("EPA"), seeking civil penalties and injunctive relief under the Clean Water Act, 33 U.S.C. §§ 1251-1387, against the Government of Guam

**ORIGINAL**

("Guam"). Guam owns and operates the Ordot Landfill located in the village of Ordot. The Ordot Landfill is the municipal landfill for Guam and has been in operation since the early 1950's. Guam does not have a National Pollution Discharge Elimination System ("NPDES") permit from EPA authorizing the discharge of any pollutant from the Ordot Landfill to waters of the United States. EPA has issued an administrative order to Guam under the Clean Water Act, requiring, among other things, that Guam: (1) submit plans and a compliance schedule for a cover system for the Ordot Landfill, and (2) complete construction of a cover system to eliminate discharges of untreated leachate to the waters of the United States. Guam has not constructed a closure system to date at the Ordot Landfill.

In the complaint, the United States has alleged that: (1) from at least 1988 to the present, Guam has routinely discharged untreated leachate from the Ordot Landfill into the Lonfit River and two of its tributaries; (2) leachate is a pollutant under the Clean Water Act; (3) the Lonfit River and its tributaries are waters of the United States; and (4) the Ordot Landfill, together with earthen channels, gullies, trenches, and ditches that carry leachate to the Lonfit River's tributaries, are point sources under the Clean Water Act. The United States has also alleged that Guam has failed to submit a compliance schedule in response to EPA's administrative order that contains an unconditional source of funding and has failed to construct a closure system at the Ordot Landfill. Guam admitted that it has failed to construct a closure system but denied the other allegations set out above in its answer and denied that the United States is entitled to any relief. In addition, Guam alleged the following affirmative defenses: failure to state a claim, unclean hands, adequate remedy at law, no irreparable harm, statute of limitations, estoppel, and laches.

The Government of Guam reserves its right to file an amended answer pursuant to the Federal Rules of Civil Procedure and assert any additional affirmative defenses that may be applicable.

2. The posture of this case is as follows:

1         a.     The following motions are on file: **None**.

2         b.     The following motions have been resolved: **None**.

3         c.     The following discovery has been initiated: **None**.

4    3.    All motions to add parties and claims shall be filed on or before: **June 1, 2003.**.

5    4.    All motions to amend pleadings shall be filed on or before: **June 1, 2003**.

6    5.    Status of Discovery:

**The Discovery Plan attached hereto is adopted and incorporated as part of this Scheduling Order.**

6. The parties shall appear before the District Court on **November 13, 2002, at 10:30 am** ~~3:15 p.m.~~ **for the Scheduling Conference**.

7. The discovery cut-off date (defined as the last date to file responses to discovery) is: **May 10, 2003**.

8. a). The anticipated discovery motions are: **None at this time**.

All discovery motions shall be filed **on or before June 1, 2003, and heard on or before July 1, 2003**.

b). The anticipated dispositive motions are:

The United States intends to file a motion for summary judgment to establish that Guam discharged a pollutant from point sources into waters of the United States, and that Guam violated an administrative order issued by EPA. Based on these violations of the Clean Water Act, the United States will also establish that Guam is liable for civil penalties and injunctive relief under the Act.

All dispositive motions shall be filed on or before **September 10, 2003**, and heard on or before **October 15, 2003**.

9. The prospects for settlement are:

**United States' Position**: The United States believes that it has a very strong case that Guam is liable under the Clean Water Act both for unauthorized discharges of leachate from

- 3 -

Case 1:02-cv-00022    Document 13    Filed 11/13/2002    Page 3 of 6

the Ordot Landfill and for continuous violations of EPA's administrative order based on Guam's failure to construct a closure system for the Ordot Landfill. The United States filed this action only after years of interaction between EPA and Guam. EPA's administrative actions and negotiations failed to resolve Guam's continuing discharge of leachate from the Ordot Landfill. For example, EPA has attempted to address this issue through a series of administrative orders issued to Guam beginning in March 1986. EPA staff has also worked closely with the staff at the Guam Department of Public Works and the Guam Environmental Protection Agency over the past sixteen years to develop a reasonable closure plan for the Ordot Landfill. The United States believes that implementation of this closure plan is possible in the context of a mutually acceptable consent decree, and that construction of a closure system for the Ordot Landfill would significantly benefit the residents of Guam.

**Guam's Position**:

The Government of Guam is a federal instrumentality – a part of the United States Government – which came into existence with the passage of the Organic Act. During its short history, the Government of Guam has had to contend with many problems, one of which is waste disposal. While the Government of Guam is anxious and willing to develop a waste disposal plan that is beneficial to the people of Guam, as a small and isolated jurisdiction, it has limited financial resources. These financial limitations have been further exacerbated by the economic crisis in Asia and the accompanying drop in tourism. Any resolution of this case has to be based upon sound economic principles that are within the means of each of the parties. Like the United States Government, the Government of Guam is hopeful that the parties to this dispute can amicably resolve their differences, and looks forward to participating in a settlement conference.

10. The Preliminary Pretrial Conference shall be held on the **7th day of January, 2004, at 3:00 p.m.**.

//

//

11. The parties' pretrial materials, discovery materials, witness lists, designations, and exhibit lists shall be **filed on or before December 6, 2003**. Any objections under **Fed. R. Civ. P. 26(a)(3) shall be filed on or before December 20, 2003**.

12. The Proposed Pretrial Order shall be filed on or before **January 14, 2004**.

13. The Final Pretrial Conference shall be held on the **21st day of January, 2004, at 3:00 p.m.**.

14. The trial shall be held on **January 28, 2004, at 9:30 a.m.**

15. None of the parties to this case have demanded a jury trial as of this date. However, if a jury trial is available under the law, then the Government of Guam reserves its right to demand one within the time limits permitted by the Federal Rules of Evidence.

16. It is anticipated that it will take 6 days to try this case.

17. The names of counsel on this case are:

    United States: **Mikel Schwab, Assistant U.S. Attorney**

    **Robert Mullaney, U.S. Department of Justice**

    Government of Guam: **David Mair, Attorney** Mair, Mair, Spade & Thompson

18. The parties wish to submit this case to a settlement conference and request that the Court set a date for a settlement conference as soon as possible after the Scheduling Conference on November 5, 2002. The parties propose that a representative from the transition team for the newly elected Governor as well as a representative of the Guam Legislature be invited to attend the settlement conference.

19. The parties present the following suggestions for shortening trial: **The parties will work to stipulate the authenticity of documents and other evidence.**

//
//
//
//

- 5 -

20. The following issues will also affect the status or management of the case: **None.**

DATED this 13th day of November, 2002.

_____
JOHN S. UNPINGCO
United States District Judge

APPROVED AS TO FORM AND CONTENT:

**For the United States of America, Plaintiff:**

THOMAS L. SANSONETTI
Assistant Attorney General
Environment & Natural Resources Division
ROBERT D. MULLANEY
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
FREDERICK A. BLACK
United States Attorney
Districts of Guam and NMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

**For the Government of Guam, Defendant:**

_____
DAVID A. MAIR
Mair, Mair, Spade & Thompson

RECEIVED
OCT 21 2002
DISTRICT COURT OF GUAM
HAGATNA, GUAM

- 6 -