

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for the Government of Guam**

FILED
DISTRICT COURT OF GUAM
FEB 27 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO. 02-00022 |
| Plaintiff, | ) | |
| | ) | **WAIVER OF POTENTIAL** |
| vs. | ) | **CONFLICTS OF INTEREST** |
| GOVERNMENT OF GUAM, | ) | |
| Defendants. | ) | |

This document discloses and waives potential conflicts of interests involving **CHIEF JUDGE JOHN S. UPINGCO,** sitting as settlement judge in the above-captioned case. The purpose of this document is to fully disclose the potential conflicts in order to waive any conflicts pursuant to 28 U.S.C.§ 255(e). The factual bases for these potential conflicts are as follows:

1. Judge John S. Unpingco is the Chief Judge for the District Court of Guam.

Page 1
Waiver of Potential Conflicts of Interest
District Court Civil Case No. 02-00022

ORIGINAL

2. The basis of this matter is the Government of Guam's alleged violation of the Clean Water Act by allowing leachate to flow into the Lonfit River from the Ordot Landfill.

3. Judge John S. Unpingco's mother's brother owns a certain parcel of real property in the village of Ordot not immediately adjacent to the existing Ordot landfill.

4. Superior Court Judge Steven S. Unpingco is Judge John S. Unpingco's brother.

5. Judge Steven S. Unpingco has rendered a decision in Superior Court of Guam Special Proceedings Case No. SP 0212-00 regarding the validity of a certain contract between the government of Guam and Guam Resource Recovery Partners (GRRP) for the construction of a waste-to-energy facility for the government of Guam.

## APPLICABLE LAW

28 U.S.C. § 455 sets forth the applicable laws as to when a justice, judge or magistrate of the United States should disqualify himself from any proceeding. The relevant sections of 28 U.S.C. § 455 state:

§ 455. **Disqualification of justice, judge, or magistrate.**

    a. Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

    b. He shall also disqualify himself in the following circumstances:

. . . .

    5. He or his spouse or person within the third degree of relationship to either of them, or the spouse of such person:

. . . .

|   |   |   |
|---|---|---|
| | iii. | Is known by the judge to have an intent that could be substantially affected by the outcome of the proceeding. |
| e. | | No justice, judge, or magistrate shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for his disqualification exists only under subsection (a), a waiver may be accepted provided it is proceeded by a full disclosure on the record of the basis for disqualification. |

In this particular case, Judge John S. Unpingco's uncle owns land near the landfill which is the subject of this litigation. The land in question is not one of the parcels presently considered for condemnation. The value of the subject parcel would arguably be no more affected by the outcome of this proceeding than it would be by ordinary market variable; *e.g.*, proximity to an existing landfill, overall state of the local real estate market, or general economic conditions. Even if the Ordot dump were closed immediately, it is not anticipated that such closure would significantly increase the market value of the subject parcel.

The case law that discussed § 455(b)(5)(iii) primarily deals with situations in which a judge's relation is either an associate or partner in a law firm that represents one of the parties before the Court. The only case that even comes close to the issue presented here is one in which the judge himself owned land in the area where the plaintiffs were trying to acquire title to property. In that case, the judge was not disqualified merely because of his ownership of real property. *See Oglala Sioux Tribe of Pine Ridge Indian Reservations v. Homestake Mining Co.*, 722 F.2d 1407 (8th Cir. 1983). Following the rule in that case, neither the United States of America nor the government of Guam thinks that Judge John S. Unpingco should be disqualified merely because his uncle owns land near the existing Ordot landfill.

As to the issue of Judge Steven S. Unpingco's Decision and Order in a completely separate case relating to the GRRP contract, neither the United States of America nor the government of Guam thinks that this requires the disqualification of Judge John S. Unpingco as a settlement judge. A trial judge has as much obligation not to recuse himself where there is no reason to do so as he does to recuse himself when the converse is true. *Cleveland v. Cleveland Electric Illuminating Co.*, 503 F. Supp. 368 (N. D. Ohio 1980). Disqualification is appropriate only if facts provide what an objective knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality. *United States of America v. De Luna*, 763 F.2d 897 (8th Cir. 1985), *cert. denied* 474 U.S. 980, 106 S. Ct. 382, 88 L. Ed. 2d 336 (1985).

GRRP is not a party to the litigation that is before Judge John S. Unpingco. In addition, the case where Judge Steven S. Unpingco presides is an entirely separate proceeding in an entirely separate court system. The government of Guam was unable to locate any case where a federal trial judge has disqualified himself under similar circumstances.

## RECITALS FOR WAIVER OF CONFLICT

The United States of America and the government of Guam, being fully apprised of the facts, declare and state through their undersigned representatives that they are of the opinion that no conflict of interest exists and that there is no reasonable basis for the disqualification of Chief Judge John S. Unpingco as settlement judge in these proceedings. Further, to the extent that any basis for disqualification does exist, the United States of America and the government of Guam waive their rights to object to Chief Judge John S. Unpingco's sitting as settlement judge in these proceedings.

1

2  This waiver is made knowingly, voluntarily and intelligently and in accordance with 28 U.S.C. §

3  455(e).

4  **For the United States of America, Plaintiff:**

5

6      JOHN C. CRUDEN
    Assistant Attorney General
7      Environment & Natural Resources Division
    CYNTHIA S. HUBER
8      Environmental Enforcement Section
    Environment & Natural Resources Division
9      United States Department of Justice
    JULIA JACKSON
10     United States Environmental Protection Agency
    Office of Regional Counsel, Region IX
11     75 Hawthorne Street
    San Francisco, CA
12     FREDERICK A. BLACK
    United States Attorney
13     Districts of Guam and CNMI
    (671) 472-7332
14

15 DATE: 2·27·03      BY: _____
    MIKEL W. SCHWAB
16     Assistant U.S. Attorney

17

18 **For the Government of Guam, Defendant:**

19     OFFICE OF THE ATTORNEY GENERAL
    DOUGLAS B. MOYLAN
20     Attorney General of Guam

21 DATE: _____      BY: _____
    DOUGLAS B. MOYLAN
22

23