Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for the Government of Guam

## U.S. DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO. 02-00022 |
| Plaintiff, | ) | |
| vs. | ) | MOTION FOR LEAVE TO WITHDRAW |
| GOVERNMENT OF GUAM, | ) | |
| Defendant. | ) | |

### MOTION.

The Office of the Attorney General of Guam, pursuant to General Rule 19.1 of the Local Rules of Practice for the District Court of Guam, respectfully requests this Court to allow the Attorney General and the office of the Attorney General to withdraw from

////////////////

////////////////

////////////////

ORIGINAL

representing the Government of Guam in the above-captioned case. This motion is based upon the memorandum of points and authorities below.

DATE: April 22, 2003.

OFFICE OF THE ATTORNEY GENERAL
Douglas B. Moylan, Attorney General

Joseph A. Guthrie
Deputy Attorney General, Civil Division

## MEMORANDUM OF POINTS AND AUTHORITIES

On August 7, 2002, plaintiff filed its complaint in the above-captioned case, seeking an injunction requiring the Government of Guam to comply with the Clean Water Act and to pay civil penalties for violating the Clean Water Act. In its complaint, plaintiff has alleged that untreated leachate from the Ordot Landfill has been discharged into the Lonfit River. The Ordot Landfill is operated by the Department of Public Works, Government of Guam.

On January 6, 2003 Guam's first elected Attorney General took office. Subsequent to that date a disagreement arose pitting the autonomous agencies against the elected Attorney General as to who had the right to legally represent the autonomous agencies, resulting in two (2) lawsuits, one of which is awaiting decision before the Superior Court of Guam. Allegations were made about the ethical responsibilities of the Attorney General and his new role in the Government.

Under Guam law and the Attorney General's common law duty to protect the Public Interest, the Attorney General sued the Treasurer of Guam in order to compel the Government of Guam's obligation to pay salaries, including making payments to the Government of Guam

Retirement Fund. The case is ongoing and the Attorney General has taken steps to completely withdraw from representing the Government of Guam in an abundance of caution, even if *not* required to do so if one applies the case interpretation of other jurisdictions.

Guam law is unclear whether the Attorney General may sue an instrumentality of the Government of Guam and continue to represent the Government of Guam. If the Attorney General were treated as an ordinary, private counsel, the Conflict of Interest and Imputed Disqualification Rules would require the Attorney General's withdrawal. Superior Court Action SP55-03 promises to resolve this question as to the role which the Attorney General plays in representing the Government of Guam and at the same time protecting the Public Interest. Until this question has been resolved, *or until the Federal Court provides an order protecting the undersigned Deputy Attorney General from personal, ethical attack*, the Attorney General has elected to withdraw from representation in order to avoid confusing this legal issue. Noteworthy is this Court's kind indulgence in understanding the tribulations which being the first elected Attorney General has caused to the new Office of the Attorney General in establishing the meaning of *"chief legal officer of the Government of Guam."* 48 U.S.C. § 1421g(d)(1). Previously, the Court was amiable to approving a withdrawal of counsel.

**Exhibit A** is a memorandum from the Attorney General which states his position at this point, pending resolution by the Superior Court of Guam.

Out of an abundance of caution, the Attorney General respectfully requests that the Court allow the Office of the Attorney General to withdraw from representing the Government of Guam and the Department of Public Works in the above-captioned case. The Office of the Attorney General is currently in the process of cooperating and assisting the

retention of substitute counsel.

Respectfully submitted this 22nd day of April, 2003.

                          **OFFICE OF THE ATTORNEY GENERAL**
                          Douglas B. Moylan, Attorney General

                          _[signature]_
                          **JOSEPH A. GUTHRIE**
                          **Deputy Attorney General, Civil Division**



# Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

March 27, 2003

Mr. Jose P. Morcilla, Jr.
Acting Director
Department of Public Works
542 N Marine Drive
Tamuning, Guam 96911

SUBJECT: **WITHDRAWAL OF LEGAL SERVICES**

Dear Joe:

Based upon the dismissal yesterday of our Federal Court lawsuit attempting to establish the undersigned's authority to represent autonomous agencies, and the Court's dicta, critical of the Attorney General's role representing agencies which may have "potential" disputes with other agencies, the undersigned and my assistant attorneys general have elected to withdraw from all autonomous agencies and line agencies pending the resolution of this legal issue before the local courts. The Court's reasoning about agencies being in possible conflict appears to apply to departments as well. This Office's decision is made out of an abundance of caution and to protect the licenses of my staff, and includes our temporarily ending issuing legal opinions.

Until such time as you retain another replacement interim counsel, the undersigned and my assistant attorneys general will maintain the *status quo* of your litigation cases. *However*, you must *immediately* retain replacement interim counsel in any ongoing lawsuits in which your department, or any of its officers, are a party given this possible conflict of interest. Further, we are prepared to support your decision to declare an emergency under the procurement law to immediately retain replacement interim counsel on an *interim* basis, but will *not* approve any agreements which interfere with the Guam International Airport Authority v. Attorney General lawsuit, Superior Court of Guam Special Proceedings Case Number 55-03, or waive or preclude our right to represent your department in the event of a favorable court decision in the future.

# EXHIBIT A

Unfortunately, this elected Office's legal services are being relegated from a proactive defense of the "Public's Interests" to a reactive defense to correct illegality and prosecute criminality.

Please feel free to call me should you have any questions. *Thank you.*

Sincerely,

Douglas B. Moylan