

**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for the Government of Guam

# UNITED STATES DISTRICT COURT

# TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO. 02-00022 |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S BRIEF REGARDING |
| | ) | DISQUALIFICATION ISSUE |
| vs. | ) | |
| | ) | |
| GOVERNMENT OF GUAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

An issue was raised at the settlement conference held in this case on May 9, 2003 regarding whether the Honorable John S. Unpingco should be disqualified from continued involvement in this case because of recent events in which it was reported in the Pacific Daily News that the Governor of Guam, Felix Camacho, supported the reappointment of Judge Unpingco as District Judge. The question was raised whether the fact that the Governor is supporting Judge Unpingco's renomination requires Judge Unpingco to disqualify himself from continuing to hear this case.

Page 1
Defendant's Brief Regarding Disqualification Issue
District Court Civil Case No. 02-00022     ORIGINAL     F:\Civil Litigation\eheisel\02F0112W.P10

Case 1:02-cv-00022   Document 39   Filed 05/16/2003   Page 1 of 5

## MEMORANDUM OF POINTS AND AUTHORITIES

The rules for disqualification of District Court judges fall under Canon 3(C) of the Code of Conduct for United States Judges. Canon 3(C) provides as follows:

**C. Disqualification.**

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) the judge served as lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness;

(c) the judge knows that, individually or as a fiduciary, the judge or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;

(d) the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person:

(i) is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) is to the judge's knowledge likely to be a material witness in the proceeding.

(e) the judge has served in governmental employment and in such capacity participated as counsel, advisor, or material witness concerning the proceeding or has expressed an opinion concerning the merits of the particular case in controversy.

(2) A judge should keep informed about the judge's personal and fiduciary financial interests, and make a reasonable effort to keep informed about the personal financial interests of the judge's spouse and minor children residing in the judge's household.

(3) For the purposes of this section:

(a) the degree of relationship is calculated according to the civil law system;

Page 2
Defendant's Brief Regarding Disqualification Issue
District Court Civil Case No. 02-00022                    F:\Civil Litigation\eheisel\02F0112W.P10

Case 1:02-cv-00022    Document 39    Filed 05/16/2003    Page 2 of 5

(b) **"fiduciary"** includes such relationships as executor, administrator, trustee, and guardian;

(c) **"financial interest"** means ownership of a legal or equitable interest, however small, or a relationship as director, advisor, or other active participant in the affairs of a party, except that:

(i) ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

(ii) an office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii) the proprietary interest of a policy holder in a mutual insurance company, or a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv) ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(d) **"proceeding"** includes pretrial, trial, appellate review, or other stages of litigation.

(4) Notwithstanding the preceding provisions of this Canon, if a judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

Canon 3(D) provides as follows:

**D.     Remittal of Disqualification.**

A judge disqualified by the terms of Canon 3C(1), except in the circumstances specifically set out in subsections (a) through (e), may, instead of withdrawing from the proceeding, disclose on the record the basis of disqualification. If the parties and their lawyers after such disclosure and an opportunity to confer outside of the presence of the judge, all agree in writing or on the record that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding. The agreement shall be incorporated in the record of the proceeding.

Pursuant to Canon 3(D), a District Judge must disqualify himself or herself if any of the situations in Canon 3(C)(1)(a) - (e) exist, in which case the parties and their attorneys cannot agree to waive the conflict. The situation which has been presented in the instant case, where the Governor has voiced his support for Judge Unpingco's renomination as District Judge, does not appear to fall within any of the situations listed in subsections (a) through (e). The Governor's support does not appear to have resulted in a personal bias or prejudice concerning a party, nor has it resulted in the judge's having personal knowledge of disputed evidentiary facts concerning the proceeding (a); Judge Unpingco has not served as a lawyer in the matter in controversy, nor has a lawyer with whom the judge previously practiced law been involved in the case (b); the Governor's support has not resulted in Judge Unpingco's or his family's having a financial interest in the subject matter in controversy (c); to the best of defendant's knowledge, neither Judge Unpingco, nor his spouse, nor a person related to either of them within the third degree of relationship, nor the spouse of such person, is a party to the proceeding or an officer, director or trustee of a party, or a lawyer in the proceeding, or is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding (d); and Judge Unpingco has not served in a governmental employment and in such capacity participated as counsel, advisor, or material witness concerning the proceeding.

Accordingly, it is defendant's position that, pursuant to Canon 3(C) and Canon 3(D), Judge Unpingco is not under a mandatory requirement to disqualify himself from the case. It is the defendant's position that the Governor's support of Judge Unpingco's nomination does not rise to the level of a reason requiring his disqualification. For one thing, the Governor is technically not a party to the lawsuit. In any event, under Canon 3(D), because the situations in Canon 3(C)(1)(a) - (e) do not apply, even if the Governor's support could be regarded as a basis for disqualification, the parties and their attorneys can agree that the judge should not be disqualified.

As an additional point, even if the Governor's support could be regarded as a reason for disqualification, any possible conflict would be virtually nonexistent because the negotiations between the parties are almost concluded, and any further involvement of Judge Unpingco in

finalizing the Consent Decree will probably be minimal.

Date: May 16, 2003

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

By: _____
ERIC A. HEISEL
Assistant Attorney General, Solicitors Division



02F0112W.P10

Page 5
Defendant's Brief Regarding Disqualification Issue
District Court Civil Case No. 02-00022

F:\Civil Litigation\eheisel\02F0112W.P10