ORIGINAL

THOMAS L. SANSONETTI
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
ROBERT D. MULLANEY
Environmental Enforcement Section
Environment & Natural Resources Division
301 Howard Street
San Francisco, CA 94105
Tel: (415) 744-6491
Fax: (415) 744-6476
FREDERICK A. BLACK
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America



FILED
DISTRICT COURT OF GUAM
MAY 19 2003
MARY L. M. MORAN
CLERK OF COURT

42

UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO. 02-00022 |
| Plaintiff, | |
| v. | |
| GOVERNMENT OF GUAM, | |
| Defendant. | |

### AMENDED BRIEF AGAINST AUTOMATIC DISQUALIFICATION

Disqualification under 28 U.S.C. § 455 in a case involving the local government, is not triggered solely by the publicized statement of a Governor, or other elected representative, that he supports (or opposes) the nomination of a District Court Judge to a ten year term on Guam.

On May 8, 2003, the Pacific Daily Newspaper on Guam published an article

declaring that the present Governor of Guam was in favor of the current District Court Judge, Judge John S. Unpingco, being nominated to another ten year term. (Attached as Exhibit 1). The following day, the parties in the above entitled case participated in a settlement conference before the Judge and the issue of possible § 455 disqualification was discussed.

The United States expressed its opposition to any disqualification based solely on the support or opposition of elected representatives. The Governor's support of the District Court Judge is, by itself, irrelevant to the present case against the Government of Guam.

The Governor is not a named party in this suit. He is, realistically, a major participant in the acts sought to be coerced by the suit (a closure of the Ordot Dump). A similar participant is the Legislature, as is the newly elected Attorney General. These are all important components of the Government of Guam. Support or opposition to the Judge's nomination, by itself, cannot be a disqualification for the Judge to continue presiding over this or any other case involving the Government of Guam.

Disqualification must rest upon a factual basis. Laxalt v. McClatchy, 602, F.Supp. 214, 217 (D. Nev. 1985). It requires that the Court's impartiality be not perceived as biased or prejudicial, i.e. "wrongful or inappropriate". Liteky v. United States, 114 S. Ct. 1147, 510 U.S. 540 (1994).

The judicial appointment process, by its nature and design, requires that persons in political offices either support or oppose appointees. A reasonable person, knowing the system for appointment, would not automatically perceive partiality in a Judge solely because litigants before the Court either supported or opposed his nomination. See Laxalt v. McClatchy, 602 F.Supp 214, 217 ("Even where a litigant or a witness supported the judge when he sought appointment to the judgeship, disqualification is not warranted.") Citing, Warner v. Global Natural Resources PLC, 545 F. Supp. 1298, 1300-2 (S.D. Ohio 1982) and Baker v. City of Detroit, 458 F.Supp. 374, 375-7 (E.D. Mich. 1978).

In the case of Laxalt the magistrate was not disqualified from hearing pretrial proceedings in an action brought by a United States Senator to whom she had unsuccessfully applied for appointment as district judge. The Court in Laxalt noted that, "(m)any judges have a history of activity in politics or strong political connections; such a background is insufficient *by itself* to require recusal." 602 F.Supp. at 217 (emphasis added).

The process for appointment to the bench, by design, requires that persons in political office will oppose or support such appointments. The position of Judge Unpingco, in having persons in political positions who have been in favor or opposed to his nomination, is a characteristic shared by all judges. See In re City of Houston, 745 F.2d 925, 929-30 (5th Cir. 1984) (quoting 48A C.J.S. *Judges* § 123 (1981) ("(A)n interest which a judge has in common with many others in a public matter is not sufficient to disqualify him.")).

That the Judge might be influenced in his judicial decisions by that political process is speculative at best. Disqualification is not required on the basis of "remote, contingent, indirect or speculative interests." United States v. Bayless, 201 F.3d 116, 127 (2d Cir. 1999) (citations omitted); cert.denied, 529 U.S. 1061 (2000). The Court in Bayless made the point that unilateral criticism on the part of politicians (and, it can be added, adulation) cannot be determinative of disqualification.

> Interpreting § 455(a) to mandate *sua sponte* recusal in cases where a judge has been criticized by politicians for a controversial ruling would, in effect, confer on legislators the power to remove judges from particular cases simply by criticizing them violently. If that were so, § 455, which is intended to maintain the public image of an impartial judiciary, might –by giving politicians and the press an effective method of manipulating the judiciary –render it less impartial in actuality. Such a reading of the statute would create a moral hazard by encouraging litigants or other interested parties to maneuver to obtain a judge's disqualification. It would also contravene the legislature's intent that the statute not be used by judges to avoid sitting on controversial cases. Indeed, in the case before us, Judge Baer expressly recognized that his recusal might have the perverse effect of 'run(ning) counter to the central theme of judicial independence.

201 F.3d 116, 129-30.

The fact that the Governor in office at this time has a political interest in the case for closure of the dump is, without more, too remote to require disqualification of the Judge. See Vieux Carre Property Oners, Residents and Associates, Inc. v. Brown, 948 F.2d 1436 (5th Cir. 1991); remand on other grounds, 1993 WL 86222; aff'd, 40 F.3d 112 (5th Cir. 1994). In Vieux it was argued that the judge had an irreconcilable conflict because of his admitted close personal and political relationship with the mayor of New Orleans. The mayor had a significant political stake in the successful completion of a river park project. The project's Army Corps permit was being adjudicated before the judge. 948 F.2d at 1448. The circuit found that the judge had, "removed any possible harm from the public's perceived doubts about his impartiality by postponing that hearing until after the election." Id. The court added, "(n)either do we think that there was such a close connection between the district judge and the mayor that recusal was necessary after the election." Id. [1]

It should also be noted that the action taken by the Governor appears unilateral. Even in cases where someone associated with a judge makes an improper assertion of

---

[1] Another case which appears supportive, but does not address the issue directly is Whittemore v. Farrington, 234 F.2d 221 (9th Cir. 1956). The court there dismissed an appeal based, in part, on the judge's refusal to disqualify himself. Illustrating the connection a judge may have to get appointed, the court gave this description:

> The affidavit supporting the motion for disqualification was to the effect that Judge McGregor Gregor was seeking appointment to succeed Judge McLaughlin in the Federal district court; that appellee Elizabeth P. Farrington was at the time a delegate to the Congress of the United States from the Territory of Hawaii; that as such delegate Elizabeth P. Farrington was in a position influence the appointment of the successor to Judge McLaughlin and that, therefore, Judge McGregor was believed to have a personal bias and prejudice in favor of Mrs. Farrington. On April 25, 1955 Judge McGregor denied the motion for disqualification.

234 F.2d at 223.

influence over the judge, disqualification is not necessarily triggered for the judge. In Jorgensen v. Cassiday, 320 F.3d 906 (9th Cir. 2002), a former law clerk, Jorgensen was alleged to have threatened that the judge "would make certain that things would go badly" for the opposing party in the judge's court. The Ninth Circuit found that, "(t)his evidence speaks only to the conduct and statements of Jorgensen rather than to (the judge's) possible bias." 320 F.3d at 912.

Another factor in the instant case is that the judge is acting as a settlement judge. Both parties have agreed to a settlement process which, if it broke down, would lead to the assignment of another judge for trial. (See Waiver, attached as Exhibit 2). The case is substantially settled at this stage and a disqualification on remote grounds would do an injustice. Neither party has asked for a disqualification.

Disqualification should not be the outcome when a political figure expresses criticism of, or support for, a District Court Judge. Opposition or support in the political arena, regarding a judge's potential nomination, is a normal part of the process of obtaining a nomination. A judge's impartiality cannot reasonably be questioned solely on the grounds that he received the opposition or endorsement of persons in political office.

28 U.S.C. § 455 does not require disqualification in the instant case.

Dated: May 19, 2003

FREDERICK A. BLACK
United States Attorney
Districts of Guam and NMI

BY: _____

MIKEL W. SCHWAB
Assistant U.S. Attorney

-5-

# Pacific Daily News

©2003 Guam Publications, Inc. VOL. 34 NO. 97 HAGÅTÑA, GUAM, MAY 8, 2003

HAFA ADAI, IT'S THURSDAY

guampdn.com

A Gannett Newspaper

75¢ on Guam

## Parents face charges

### Father, mother of boys who beat girl arrested

**By Theresa Merto**
Pacific Daily News
tmerto@guampdn.com

A grand jury yesterday handed down an indictment against the parents of the four boys who allegedly beat a 10-year-old girl who later died from her injuries.

Superior Court of Guam marshals arrested Benny Chaco Santos, 46, and Melissa Ann Cabrera, 28, late yesterday afternoon, according to Attorney General Douglas Moylan. They were booked and confined. The charges the couple face are in connection with the death of Regina May Guzman, Moylan said.

"I feel relieved that justice is going to be served," Lou Guzman, the mother of Regina Guzman, said after learning about the indictment

▶ See **Case**, Page 4

"It's not fair to the students because they're not getting the best."
**Fred Guzman**, 29, teacher, Southern High School

### School waits for bond money



## Governor endorses judge

**By Steve Limtiaco**
Pacific Daily News
slimtiaco@guampdn.com

U.S. District Court Judge John Unpingco might not be reappointed, according to Gov. Felix Camacho, who said he is asking the Bush administration to retain Unpingco.

"That pretty much is the writing on the wall at this point," Camacho said yesterday from the nation's capital, noting the administration's current policy is to make new appointments.

"I presented the case endorsing (Unpingco). He's up

▶ See **Trip**, Page 4

### Biz license opens doors

Today we offer a three-part series some options for who have difficult jobs.
For those



EXHIBIT 1

Moylan said that Santos has a prior conviction for assault as a misdemeanor, but Cabrera does not have any prior convictions.

### Indictment

The couple allegedly tried to prevent the apprehension of their children and gave false information to law enforcement officials, according to court documents. Cabrera was also charged with child abuse for endangering the physical and emotional health and safety of her children.

"What we have are post-incident type of crimes that had occurred. We have no evidence to show that these two individuals ever participated in the actual injury of (Regina) Guzman," Moylan said. "(Cabrera) failed to act to protect the emotional, health and safety of her children."

Few details are available about the case involving the minors because the matter is being handled in family court, where cases are kept Tricia Ada. Moylan, however, said the attorney general's office continues to investigate the death.

"And we are attempting to see that justice is done in family court, relative to those individuals," Moylan said.

### 'Message to community'

Moylan asked residents to call police or Child Protective Services if they see children exposed to dangerous conditions.

"This is a message to the community that if they have children, try to raise them as best as they can and definitely don't let your kids be exposed to rock throwing, beating, harassing other children," Moylan said. "As an adult, you have an obligation to stop it."

## ...ds needed soon, principal says



Ron Soliman/Pacific Daily News/rsoliman@guampdn.com

**...acher concerned:** Fred Guzman, 29, a physical education teacher at Southern High School, talks to students during a break period yesterday.

...not just for his school, but others.

A portion of the $26.3 million set aside to replace Southern's air-conditioning system, which has not worked properly for years.

Teachers and students at the school said the problem has existed long enough and it is unfair to have students return to the same problems in the fall.

Marla Reyes of Malojloj, a SHS junior, said the air-conditioning problems at the school started during her sophomore year and "it's just gotten worse."

"We can't use the Fine Arts auditorium because the termites are eating up the stage — there's, like, tape on the floor so you know where not to step."

"The gym is closed," said physical education teacher Fred Guzman, 29.

The school's gymnasium has a hole in its roof and rain leaks in through cracks and small holes in the wall — damage left by Dec. 8's Supertyphoon Pongsona.

Guzman said not having a usable gymnasium makes classes hard. He usually schedules basketball or volleyball classes, but with the gymnasium closed, students have no court and no showers.

"It's not fair. It's not fair to the students because they're not getting the best, and it's not fair to us (teachers) because we can't give our best," he said.

...hool's cost blooms to more in $100 million.

September 1997 — The ...ool opens with state-of-...art facilities, some of ...ich are incomplete or non-...ctional. The central air con-...oner, which needs water to erate, is down because of ...ter leaks in one of its pipes.

February 2001 — Air-con-...oning system is turned off ...ause of a leak in a water ...e that feeds the cooling system. Teachers hold classes in hallways. Repairs take about two months.

▲ May 2002 — Air-conditioning system breaks down. The heat causes the school to hold half-day classes.

▲ August 2002 — Air-conditioning system breaks down again. Half-day schedule resumes.

▲ October 2002 — Decreased water flow from Navy closes several schools. Southern loses almost three weeks of school because the air-conditioning system needs water to operate. Classes resume on a half-day schedule.

▲ December 2002 — Supertyphoon Pongsona strikes. The school's air-conditioning system is totally wrecked and flying debris leaves a gaping hole in the gymnasium's roof. No repairs have been made.

*Pacific Daily News*

## Trip: Governor aims to discuss lifting of Medicaid caps

▲ Continued from Page 1

for reappointment. Unfortunately, there's a policy for no renominations of existing incumbents," Camacho said. "That's the greatest challenge that we face at this point, if the White House sticks to their policy."

Camacho said he told administration officials Unpingco has done a tremendous job during the past 10 years and has a high conviction rate.

"There's no need right now, with all the indictments going on, to change in mid-stream," the governor said.

Camacho met yesterday with Ruben Barrales, a deputy assistant to the president.

Camacho said if the administration decides to place a new federal judge in Guam, he asked that he be allowed to submit nominations for consideration.

Unpingco was nominated by the first President Bush in 1992, confirmed by the U.S. Senate and took the oath of office Dec. 22 that year. The seat had been vacant for three years after Judge Cristobal C. Duenas retired.

According to Pacific Daily News files, Unpingco's appointment is for 10 years, which means it expired last December. Federal judges have lifetime tenure, while territorial judges are appointed to 10-year terms, according to Pacific Daily News files.

Commenting on the rest of his agenda in Washington, D.C., Camacho said he plans to meet with other federal officials during the next few days to discuss the possibility of lifting federal caps on Medicaid assistance to Guam.

Camacho, who left Sunday, is scheduled to return to Guam this weekend.

### ▶ TO THE POINT

▲ Gov. Felix Camacho is urging the Bush administration to retain U.S. District Court Judge John Unpingco, whose 10-year term has expired.



Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for the Government of Guam

FILED
DISTRICT COURT OF GUAM
FEB 27 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GOVERNMENT OF GUAM, ) <br> ) <br> Defendants. ) | CIVIL CASE NO. 02-00022 <br><br> WAIVER OF POTENTIAL <br> CONFLICTS OF INTEREST |

This document discloses and waives potential conflicts of interests involving **CHIEF JUDGE JOHN S. UPINGCO**, sitting as settlement judge in the above-captioned case. The purpose of this document is to fully disclose the potential conflicts in order to waive any conflicts pursuant to 28 U.S.C.§ 255(e). The factual bases for these potential conflicts are as follows:

1. Judge John S. Unpingco is the Chief Judge for the District Court of Guam.

2. The basis of this matter is the Government of Guam's alleged violation of the Clean Water Act by allowing leachate to flow into the Lonfit River from the Ordot Landfill.

3. Judge John S. Unpingco's mother's brother owns a certain parcel of real property in the village of Ordot not immediately adjacent to the existing Ordot landfill.

4. Superior Court Judge Steven S. Unpingco is Judge John S. Unpingco's brother.

5. Judge Steven S. Unpingco has rendered a decision in Superior Court of Guam Special Proceedings Case No. SP 0212-00 regarding the validity of a certain contract between the government of Guam and Guam Resource Recovery Partners (GRRP) for the construction of a waste-to-energy facility for the government of Guam.

## APPLICABLE LAW

28 U.S.C. § 455 sets forth the applicable laws as to when a justice, judge or magistrate of the United States should disqualify himself from any proceeding. The relevant sections of 28 U.S.C. § 455 state:

> **§ 455. Disqualification of justice, judge, or magistrate.**
>
> a. Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> b. He shall also disqualify himself in the following circumstances:
>
> . . . .
>
> 5. He or his spouse or person within the third degree of relationship to either of them, or the spouse of such person:
>
> . . . .

iii. Is known by the judge to have an intent that could be substantially affected by the outcome of the proceeding.

e. No justice, judge, or magistrate shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for his disqualification exists only under subsection (a), a waiver may be accepted provided it is proceeded by a full disclosure on the record of the basis for disqualification.

In this particular case, Judge John S. Unpingco's uncle owns land near the landfill which is the subject of this litigation. The land in question is not one of the parcels presently considered for condemnation. The value of the subject parcel would arguably be no more affected by the outcome of this proceeding than it would be by ordinary market variable; *e.g.*, proximity to an existing landfill, overall state of the local real estate market, or general economic conditions. Even if the Ordot dump were closed immediately, it is not anticipated that such closure would significantly increase the market value of the subject parcel.

The case law that discussed § 455(b)(5)(iii) primarily deals with situations in which a judge's relation is either an associate or partner in a law firm that represents one of the parties before the Court. The only case that even comes close to the issue presented here is one in which the judge himself owned land in the area where the plaintiffs were trying to acquire title to property. In that case, the judge was not disqualified merely because of his ownership of real property. *See Oglala Sioux Tribe of Pine Ridge Indian Reservations v. Homestake Mining Co.*, 722 F.2d 1407 (8th Cir. 1983). Following the rule in that case, neither the United States of America nor the government of Guam thinks that Judge John S. Unpingco should be disqualified merely because his uncle owns land near the existing Ordot landfill.

As to the issue of Judge Steven S. Unpingco's Decision and Order in a completely separate case relating to the GRRP contract, neither the United States of America nor the government of Guam thinks that this requires the disqualification of Judge John S. Unpingco as a settlement judge. A trial judge has as much obligation not to recuse himself where there is no reason to do so as he does to recuse himself when the converse is true. *Cleveland v. Cleveland Electric Illuminating Co.*, 503 F. Supp. 368 (N. D. Ohio 1980). Disqualification is appropriate only if facts provide what an objective knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality. *United States of America v. De Luna*, 763 F.2d 897 (8th Cir. 1985), *cert. denied* 474 U.S. 980, 106 S. Ct. 382, 88 L. Ed. 2d 336 (1985).

GRRP is not a party to the litigation that is before Judge John S. Unpingco. In addition, the case where Judge Steven S. Unpingco presides is an entirely separate proceeding in an entirely separate court system. The government of Guam was unable to locate any case where a federal trial judge has disqualified himself under similar circumstances.

## RECITALS FOR WAIVER OF CONFLICT

The United States of America and the government of Guam, being fully apprised of the facts, declare and state through their undersigned representatives that they are of the opinion that no conflict of interest exists and that there is no reasonable basis for the disqualification of Chief Judge John S. Unpingco as settlement judge in these proceedings. Further, to the extent that any basis for disqualification does exist, the United States of America and the government of Guam waive their rights to object to Chief Judge John S. Unpingco's sitting as settlement judge in these proceedings.

This waiver is made knowingly, voluntarily and intelligently and in accordance with 28 U.S.C. § 455(e).

For the United States of America, Plaintiff:

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
CYNTHIA S. HUBER
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
JULIA JACKSON
United States Environmental Protection Agency
Office of Regional Counsel, Region IX
75 Hawthorne Street
San Francisco, CA
FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI
(671) 472-7332

DATE: 2-27-03

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

For the Government of Guam, Defendant:

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN
Attorney General of Guam

BY: _____
DOUGLAS B. MOYLAN

DATE: _____