ORIGINAL
MATTHEW J. MCKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division
ROBERT D. MULLANEY
Environmental Enforcement Section
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Tel: (415) 744-6483
Fax: (415) 744-6476

LEONARDO M. RAPADAS
United States Attorney
MIKEL SCHWAB
Assistant United States Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagåtña, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
JAN 3 1 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | CIVIL CASE NO. 02-00022<br><br>UNITED STATES' NOTICE OF MOTION AND MOTION TO ENFORCE CONSENT DECREE<br><br>Date: March 8, 2007<br>Time: 9:00 a.m. |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 8, 2004, at 9 a.m., or as soon as counsel can be heard, the United States of America will move the Court to enforce the Consent Decree in this case.

On August 7, 2002, the United States filed a Complaint in this case under Section 309 of the Clean Water Act (the "Act"), 33 U.S.C. § 1319, alleging that the Government of Guam ("GovGuam") violated the Act by: (1) discharging pollutants from Ordot Dump to waters of the United States without a National Pollutant Discharge Elimination System permit; and (2) violating the terms of an Order from the U.S. Environmental Protection Agency requiring GovGuam to eliminate the unpermitted discharges. The United States sought both injunctive relief and civil penalties to address the violations of the Act.

In December 2003, the United States and GovGuam reached an agreement on the terms of a Consent Decree. As both parties agreed, the Consent Decree addressed not only the closure of the Ordot Dump, but also the opening of a new landfill. The Court entered the Consent Decree on February 11, 2004.

Three years later, GovGuam has failed to comply with critical deadlines established by the Consent Decree. GovGuam has not only failed to award a contract for the closure of the Ordot Dump, it has also failed to award a contract to construct the new landfill. Based on these violations, it is readily apparent that GovGuam will not only fail to operate a new landfill by September 22, 2007, it will also fail to close the Ordot Dump and cease its illegal discharges by October 22, 2007, as required by the Consent Decree.

For purposes of enforcement, a consent decree is construed as a contract. Hook v. State of Ariz. Dept. of Corrections, 972 F.2d 1012, 1014 (9th Cir. 1992). Thus, this Court may enforce a decree against one of the parties at the request of another pursuant to ordinary contract principles. United States v. ITT Continental Baking Co., 420 U.S. 223, 238 (1975). The scope of this Consent Decree, as discerned within its four corners, encompassed both the timely closure of the Ordot Dump and the timely operation of a new landfill. Therefore, for the reasons stated herein and in the accompanying memorandum, declarations, and submission of authorities and other references, the United States respectfully moves this Court to construe the Consent Decree

- 2 -
Case 1:02-cv-00022   Document 68   Filed 01/31/2007   Page 2 of 3

as it is written and to enter an Order fully enforcing its requirements. Pursuant to LR 7.1, the United States has also filed a proposed Order granting the relief requested in this motion.

Respectfully submitted,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

Dated: Jan 31, '07

MIKEL SCHWAB
Assistant U.S. Attorney

OF COUNSEL:

JULIA JACKSON
Assistant Regional Counsel
U.S. Environmental Protection Agency
75 Hawthorne Street
San Francisco, California 94105