



DISTRICT COURT OF GUAM
JAN 3 1 2007
MARY L.M. MORAN
CLERK OF COURT

**Office of the Attorney General**
**Alicia G. Limtiaco**
Attorney General of Guam
Civil Division
287 West O'Brien Dr.
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 02-00022 |
| Plaintiff, | |
| vs. | |
| GOVERNMENT OF GUAM, | DECLARATION OF HELEN M. KENNEDY |
| Defendant. | |

I, Helen M. Kennedy say and declare of my own personal knowledge:

1. I am the lead attorney for the government of Guam in this action.

2. Attached as Exhibit 1 is a copy of the Superior Court of Guam's judgment in the COLA case, and pages 9, 20 and 21 of this Court's Stipulated Order in *United States v. Guam*

//

Page 1
Declaration of Helen M. Kennedy
US District of Guam - Civil Case No. CV02-00022

Case 1:02-cv-00022   Document 77   Filed 01/31/2007   Page 1 of 8

*Waterworks Authority, cause no. 02-00035( June 5, 2003 Stipulated Order at 9,20-21).*

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge this 31st day of January, 2007.

_____
Helen M. Kennedy



IN THE SUPERIOR COURT OF GUAM

HAGÅTÑA, GUAM

SPECIAL PROCEEDINGS NO. SP206-93

CANDELARIA TAITANO RIOS, et al.,

Petitioners,

vs.

FELIX P. CAMACHO, et al.,

Respondents.

JUDGMENT



This cause came on regularly for hearing before the Court pursuant to the verified Petition of Petitioner RIOS and the COLA CLASS. The cause having been argued and submitted for decision, the Court having received extensive briefing on all issues, and the parties having participated fully in all hearings except the Government of Guam, intervening subsequent to the Court's substantive hearings and which announced its decision to accept and follow the previous rulings of the Court,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. A peremptory writ of mandate issue, in conformity herewith, which commands Respondents, their replacements, agents, and all others acting on their behalf to immediately upon receipt of the Writ issued pursuant to this Judgment, to perform their ministerial duties and fully implement former 4 G.C.A. § 8137.1, the Annual Cost of Living Allowance. In addition, Respondents are ordered to pay Petitioner and the COLA Class sums due for the payments under former 4 G.C.A. § 8137.1 that had been due in July of 1991, July of 1992, July of 1993, July of 1994, and July of 1995, which payments represent



Exhibit 1
incoming chron

adjustments for inflation, using 1988 as the base year, for calendar years 1990 to 1994, inclusive. The total award ordered to be paid Petitioner and the COLA Class is $123,580,231.00 (to be filled in by Court after receipt of Retirement Fund Respondents' calculations using base year 1988, and further ordered by the Court on pp.25-26 of its October 5, 2006 Decision and Order regarding the retirement date eligibility, as further argued by the COLA Class in its filing of October 27, 2006). The source of the payments of the sums due under the former 4 G.C.A. § 8137.1 shall be the General Fund.

FURTHERMORE, Respondents, their replacements, agents, and all others acting on their behalf are commanded to reserve the sum of ten percent (10%) from all payments made to the COLA Class and to pay such amounts to the Law Offices of Phillips & Bordallo, P.C., in attorneys' fees;

2. The Governor shall use his Organic Act authority and discretion to facilitate the ordered payments;

3. All parties shall bear their own respective fees and costs.

SO ORDERED: NOV 2 1 2006

_____
HONORABLE ARTHUR B. BARCINAS
Judge, Superior Court of Guam

NOV 2 1 2006

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam

Vixian N. Cruz
Deputy Clerk, Superior Court of Guam

Received for Service: Michael Phillips for Petitioner and COLA CLASS
Daniel Benjamin, Shannon Taitano, Douglas Moylan and David Dooley for Respondents

Date: 11/21   Time: 4 pm

Deputy Marshal, Superior Court of Guam



```
 1  THOMAS L. SANSONETTI
    Assistant Attorney General
 2  Environment & Natural Resources Division
    United States Department of Justice
 3  ROBERT D. MULLANEY
    Environmental Enforcement Section
 4  Environment & Natural Resources Division
    301 Howard Street, Suite 1050
 5  San Francisco, CA 94105
    Tel: (415) 744-6491
 6  Fax: (415) 744-6476

 7  FREDERICK A. BLACK
    United States Attorney
 8  MIKEL W. SCHWAB
    Assistant U.S. Attorney
 9  Suite 500, Sirena Plaza
    108 Hernan Cortez
10  Hagatna, Guam 96910
    Tel: (671) 472-7332
11  Fax: (671) 472-7215

12
    Attorneys for the United States of America
13
                   UNITED STATES DISTRICT COURT
14
                        TERRITORY OF GUAM
15

16  UNITED STATES OF AMERICA,          )   CIVIL CASE NO. 02-00035
                                       )
17                                     )
                    Plaintiff,         )   STIPULATED ORDER
18           v.                        )   FOR PRELIMINARY RELIEF
                                       )
19  GUAM WATERWORKS AUTHORITY          )
20  and the GOVERNMENT OF GUAM,        )
                                       )
21                  Defendants.        )
22  _____)
```

FILED
DISTRICT COURT OF GUAM
JUN 05 2003
MARY L. M. MORAN
CLERK OF COURT

(2) A comprehensive analysis, using as a guideline the Hawaii Water Standards of 2002, of public water system improvement alternatives and needs for the next twenty years that addresses disinfection, system pressure, surface water and groundwater resources, treatment needs (including any drinking water well needing treatment due to a determination that the well uses a groundwater source under the direct influence of surface water), transmission and distribution system improvements, potential consolidation with the U.S. military's systems, and water re-use.

(3) A comprehensive analysis of the costs and benefits of water conservation on Guam.

(4) An evaluation of necessary process control system improvements, including a Supervisory Control and Data Acquisition ("SCADA") system, information management systems, telemetry, and other applicable types of automation.

(5) A financial plan that details how revenue will be generated. The financial plan shall include a user fee system, including fees for services such as sewer connection fees. The user fees shall be based on actual water usage, estimated wastewater generation, and actual costs of services provided. GWA shall coordinate with the Public Utilities Commission ("PUC") to ensure that: (1) GWA complies with the public notification requirements for proposed rate increases in 12 GCA §§ 12001.1, 12001.2; and (2) GWA's filings for rate increases are made in accordance with applicable PUC regulations.

(6) A detailed five-year plan for financing the continued operation, maintenance, and repair of the POTW and three public water systems, including: (a) an estimated annual budget for each of the next five years for all costs of operating, maintaining, and repairing the POTW and three public water systems, including the establishment and maintenance of the Financial Reserves listed in Paragraph

9

annual budget shall ensure adequate financing of the operation and maintenance of GWA's POTW and three public water systems. The budget shall include, but not be limited to, the following: (1) a budget detailing the total projected costs for the coming year of operating, maintaining, and repairing the POTW and the three public water systems, including staffing, energy, materials and supplies, repairs, replacements, maintaining Financial Reserves required in Paragraph 32 below, and all other expenses; (2) a detailed schedule of user fees, taxes, assessments or other sources of revenue sufficient to meet the projected costs as set forth in the budget for the coming year, including increases or adjustments required to meet that budget; and (3) a financial management plan insuring that all user fees, taxes, assessments or other sources of revenue collected for the POTW and three public water systems are in fact applied to their operation, maintenance, repair, and replacement.

28. <u>Interim Financial Plan</u>: Within 120 days after the Entry Date, GWA shall develop and submit to EPA and the PUC an interim financial plan that details how revenue will be generated for the interim period before the final financial plan in the Master Plan is complete, approved, and implemented. Revenues shall be sufficient to cover the cost of compliance activities and deliverables required by this Stipulated Order for Preliminary Relief, as well as any other anticipated expenses during the period before the final financial plan is approved, including all existing debt and expected debt service, and the buildup of the Financial Reserves required in Paragraph 32 below. The interim financial plan shall include a restructured user fee system. GWA shall coordinate with the PUC to ensure that: (1) GWA complies with the public notification requirements for proposed rate increases in 12 GCA §§ 12001.1, 12001.2; and (2) GWA's filings for rate increases are made in accordance with applicable PUC regulations.

29. <u>Approval of Interim Financial Plan</u>: Within 90 days after GWA submits an interim financial plan, the PUC shall consider and approve an interim financial plan that generates enough revenue to cover the cost of compliance activities and deliverables required by this Stipulated Order for Preliminary Relief, as well as any other anticipated expenses during the

20

period before the final financial plan is approved, including all existing debt and expected debt service, and the buildup of the Financial Reserves required in Paragraph 32 below. GWA shall submit to EPA the interim financial plan approved by the PUC within ten working days after approval, and shall implement the plan upon approval by the PUC.

30. <u>Approval of Final Financial Plan</u>: Within 90 days after GWA submits a final financial plan in the Master Plan, the PUC shall consider and approve a final financial plan that generates enough revenue to cover the cost of all compliance activities and deliverables required by this Stipulated Order for Preliminary Relief, as well as any other anticipated expenses, including any measures necessary to ensure compliance with the CWA and the SDWA, costs related to the infrastructure improvements identified in the Master Plan, all related operations and maintenance costs, and corresponding utility expenses, including maintenance of all Financial Reserves required in Paragraph 32 below. GWA shall submit to EPA a copy of the final financial plan approved by the PUC within ten working days after approval, and shall implement the plan upon approval by the PUC.

31. <u>Five-Year Plan</u>: On an annual basis, GWA shall submit to EPA a detailed five-year plan for financing the continued operation, maintenance, and repair of the POTW and the three public water systems. Each five-year plan shall include: (1) estimated annual budgets for each of the next five years for all costs of operating, maintaining, and repairing GWA's POTW and three public water systems, including the establishment and maintenance of the Financial Reserves listed in Paragraph 32 below; and (2) a detailed descriptive plan for raising sufficient revenue to meet the projected cost as outlined in the budgets, including adjustments or increases in user fees, taxes, assessments or other sources of revenue. GWA shall submit its first five-year plan to EPA within 2 years after the Entry Date. EPA will review each five-year plan and may request additions, deletions, changes or modifications as it deems necessary to insure adequate funding of the operation, maintenance, and repair of GWA's POTW and three public water systems for the five-year period. Within 30 days after receipt of EPA's comments, GWA shall

21