ORIGINAL

1  MATTHEW J. McKEOWN
   Acting Assistant Attorney General
2  Environment & Natural Resources Division
   ROBERT D. MULLANEY
3  Environmental Enforcement Section
   United States Department of Justice
4  301 Howard Street, Suite 1050
   San Francisco, California 94105
5  Tel: (415) 744-6483
   Fax: (415) 744-6476
6
   LEONARDO M. RAPADAS
7  United States Attorney
   MIKEL W. SCHWAB
8  Assistant United States Attorney
   Suite 500, Sirena Plaza
9  108 Hernan Cortez
   Hagåtña, Guam 96910
10 Tel: (671) 472-7332
   Fax: (671) 472-7215
11
   Attorneys for United States of America
12

FILED
DISTRICT COURT OF GUAM
MAR - 2 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 02-00022 |
| Plaintiff, | |
| v. | UNITED STATES' MOTION TO QUASH SUBPOENA OR FOR PROFFER OF TESTIMONY |
| GOVERNMENT OF GUAM, | Date: March 8, 2007 |
| Defendant. | Time: 9:00 a.m. |

At a status conference on December 20, 2006, this Court set a hearing date of March 8, 2007, for two motions: (1) the United States' motion to enforce the Consent Decree; and (2) the Government of Guam's ("GovGuam") motion to amend the Decree. The Court also established a briefing schedule for the hearing, requiring initial briefs to be filed by January 31, 2007, opposition briefs to be filed by February 14, 2007, and reply briefs by February 21, 2007. The Court did not state that it intended to hold an evidentiary hearing on March 8.

Local Rule 7.1 applies to this motion and establishes a framework for the moving papers. Together with the motion, a party shall file "the evidence upon which the moving party relies" and "any affidavits permitted by the Federal Rules of Civil Procedure." LR 7.1(c)(3).[1] Local Rule 7.1 does not contemplate that a party may present live witnesses at an oral argument for a motion.

After the reply briefs were due, GovGuam filed a "Subpoena in a Civil Case" on February 22, 2007, seeking to require Joseph Morcilla to appear to testify in this case at the March 8 hearing. Mr. Morcilla is an ex-employee of the Guam Department of Public Works. This Subpoena was not filed in a timely manner, does not comport with the Local Rules regarding the form of testimony, and could prejudice the United States.

If GovGuam believes that Mr. Morcilla has some information that could be relevant, GovGuam should have presented that information in an affidavit filed at the time that its briefs were due. GovGuam has not shown that Mr. Morcilla was unavailable when opening briefs were due on January 31, 2007, or, if his testimony is relevant to GovGuam's Opposition, on February 14 when opposition briefs were due. Accordingly, the United States requests the Court to quash the Subpoena as untimely and unpermitted under the Local Rules.[2]

Rule 56(e) of the Federal Rules of Civil Procedure sets out specific requirements for an affidavit, which is the type of supporting evidence contemplated under LR 7.1 for a motion.

---

[1] Fed. R. Civ. P. 56(e) governs the form of an affidavit.

[2] The United States also notes that GovGuam's 13-page reply brief exceeded the 10-page limit of LR 7-1(g).

According to Rule 56(e), an affidavit shall be made on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. By requiring affidavits to be filed at set times before the scheduled hearing, LR 7.1 eliminates the element of surprise and allows each party and the Court to determine the evidence supporting and opposing a motion before the scheduled hearing. If GovGuam is permitted to present Mr. Morcilla as a witness at the March 8 hearing, it could prejudice the United States, which will have no opportunity to review Mr. Morcilla's testimony before the hearing and will have no opportunity to question Mr. Morcilla in a deposition before the hearing.

If the Court does not quash GovGuam's Subpoena, the United States requests the Court to require GovGuam to serve and file a proffer of Mr. Morcilla's testimony in affidavit form by March 5, 2007. The United States also requests the Court to allow the United States the opportunity to either rebut this evidence through an opposing affidavit or to apprise the Court of other steps, such as taking a deposition, that the United States believes is warranted under the circumstances .

Respectfully requested,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

Dated: 3-2-7

MIKEL W. SCHWAB
Assistant U.S. Attorney

OF COUNSEL:

JULIA JACKSON
Assistant Regional Counsel
U.S. Environmental Protection Agency
75 Hawthorne Street
San Francisco, California 94105

CERTIFICATE OF SERVICE

I, FRANCES B. LEON GUERRERO, Legal Secretary working in the U.S. Attorney's Office, in the District of Guam hereby certify that on the 2nd day of March, 2007, I caused to be served a copy of the "United States' Motion to Quash Subpoena or For Proffer of Testimony", in Civil Case No. 02-00022 to the following attorney:

       Alicia Limtiaco
       Attorney General
         Office of the Attorney General for the Territory of Guam
       287 W.O'Brien Drive
       Hagatna, Guam 96910

*(signature)*
FRANCES B. LEON GUERRERO
Legal Secretary