ORIGINAL

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division
ROBERT D. MULLANEY
Environmental Enforcement Section
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Tel: (415) 744-6483
Fax: (415) 744-6476

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant United States Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagåtña, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
MAR -5 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL CASE NO. 02-00022 |
| Plaintiff, ) | |
| ) | UNITED STATES' MOTION TO |
| v. ) | EXCLUDE WITNESSES |
| ) | |
| GOVERNMENT OF GUAM, ) | Date: March 8, 2007 |
| ) | Time: 9:00 a.m. |
| Defendant. ) | |

At a status conference on December 20, 2006, this Court set a hearing date of March 8, 2007, for two motions: (1) the United States' motion to enforce the Consent Decree; and (2) the Government of Guam's ("GovGuam") motion to modify the Consent Decree. The Court also established a briefing schedule for the hearing, requiring initial briefs to be filed by January 31, 2007, opposition briefs to be filed by February 14, 2007, and reply briefs by February 21, 2007. The Court did not state that it intended to hold an evidentiary hearing on March 8.

Local Rule 7.1 applies to these motions and establishes a framework for the moving papers. Together with a motion, a party shall file "the evidence upon which the moving party relies" and "any affidavits permitted by the Federal Rules of Civil Procedure." LR 7.1(c)(2-3).[1] Local Rule 7.1 does not contemplate that a party may present live witnesses at an oral argument for a motion.

In its reply brief for its motion to modify the Consent Decree, GovGuam stated that it intended to provide "additional testimony" on issues at the March 8 hearing. Reply Br. at 11. GovGuam then filed a "Subpoena in a Civil Case" on February 22, 2007, seeking to require Joseph Morcilla to appear to testify in this case at the March 8 hearing. On March 2, 2007, the United States filed a motion to quash this subpoena, asserting that the subpoena was not filed in a timely manner, did not comport with the Local Rules regarding the form of testimony, and could prejudice the United States.

In an apparent response to the United States' motion to quash the subpoena, GovGuam sent a letter to the United States' counsel on March 2, 2007, explaining for the first time its mistaken notion that a motion to modify a decree should require a full evidentiary hearing.[2] GovGuam stated that it intended to call the following witnesses at the hearing: (1) Joseph Morcilla, an ex-employee of the Guam Department of Public Works ("DPW"); (2) Larry Perez, DPW's current Director; (3) Cynthia Jackson, a current DPW employee; (4) Mick Williams, DPW's technical advisor; and (5) Tim Raibley, DPW's procurement advisor. GovGuam added

---

[1]    Fed. R. Civ. P. 56(e) governs the form of an affidavit.

[2]    A copy of GovGuam's letter is appended as Attachment A to this motion.

that it could "potentially" call unnamed representatives from: (1) the Bureau of Budget Management and Research; (2) the Public Utilities Commission; (3) Guam EPA; (4) Duenas and Bordallo; and (5) TG Engineers.

The United States files this motion to request the Court to exclude these witnesses and to clarify that the hearing on March 8 is limited to an oral argument on the opposing motions. Both the Local Rules and the relevant case law make it clear that GovGuam is not entitled to convert an oral argument on a motion into a full-blown evidentiary hearing.

By requiring affidavits to be filed at set times before a scheduled hearing on a motion, LR 7.1 eliminates the element of surprise and allows each party and the Court to determine the evidence supporting and opposing a motion before the scheduled hearing. In this case, GovGuam had ample opportunity to present any evidence through affidavits as provided in LR 7.1. In fact, GovGuam has already submitted four declarations from two of the witnesses identified in its letter, Mr. Perez and Ms. Jackson. If GovGuam believed that any of the other eight witnesses had relevant information, GovGuam should have presented that information in an affidavit filed at the time that its briefs were due. GovGuam has not shown that these witnesses were unavailable when its briefs were due. Accordingly, the United States requests the Court to exclude GovGuam's last-minute attempt to add witnesses as untimely, unpermitted under the Local Rules, and highly prejudicial to the United States.[3]

GovGuam's argument that the March 8 hearing should be an evidentiary hearing is not supported by the cases it cited in its March 2 letter. For example, in <u>Vanguards of Cleveland v. City of Cleveland</u>, 23 F.3d 1013 (6th Cir. 1994), which GovGuam cited, the Union argued that the district court had abused its discretion when it had rejected the Union's proffer of testimony that the City's exams were not discriminatory. The Sixth Circuit *rejected* the Union's claim and upheld the district's court's decision not to hear the proffered testimony. <u>Id.</u> at 1020-21.

In fact, the Sixth Circuit has specifically concluded that "a 'complete hearing' of an issue

---

[3] If GovGuam is permitted to present witnesses at an evidentiary hearing, the United States will be required to conduct a series of depositions to protect its interests in this matter.

does not necessarily require a full-blown evidentiary hearing." Gonzales v. Galvin, 151 F.3d 526, 535 (6th Cir. 1998). The court explained that evidentiary hearings were not necessary in a case in which "the parties' briefs clearly set forth the relevant facts and arguments of a case such that a hearing would not add anything to the briefs, and where the court has sufficient evidence before it to make detailed factual findings." Id. at 535. Moreover, a district court may decide to *reject* a motion to modify a decree without holding a formal hearing. See United States v. Wayne County, Michigan, 369 F.3d 508, 512 (6th Cir. 2004) ("When a motion does not raise a serious challenge to the consent decree and merely appears to be 'a post-judgment attempt by a part to escape from the obligations it had voluntarily assumed,' . . . it may well be appropriate for a trial court to reject the motion without holding a formal hearing.") (Citation omitted.)

According to GovGuam's letter, it would rely on Mr. Morcilla to "testify as to what was and was not foreseen at the time the Consent Decree was negotiated." This type of extrinsic evidence is irrelevant in this case. As the Supreme Court observed, "[c]onsent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms." United States v. Armour & Co., 402 U.S. 673, 681 (1971). Similar to a contract, therefore, "the scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it . . . [T]he instrument must be construed as it is written." Id. at 682. Extrinsic evidence is relevant only to resolve ambiguity in a consent decree. United States v. Asarco, Inc., 430 F.3d 972, 980-81 (9th Cir. 2005). The Consent Decree's deadlines in this case are unambiguous. In this type of situation, the Ninth Circuit has concluded that it is reversible error for a court to rely on extrinsic evidence to discern the parties' intent when the language of a consent decree is clear. United States v. O'Rourke, 943 F.2d 180, 189 (9th Cir. 1991).

As the Supreme Court has recognized, "public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 401 (1981) (citations omitted). Similarly, the Ninth Circuit has noted that a central purpose of a consent decree is "to enable parties to avoid

| | |
|---|---|
| 1 | the expense and risk of litigation while still obtaining the greater enforceability (compared to an |
| 2 | ordinary settlement agreement) that a court judgment provides." Jeff D. v. Kempthorne, 365 |
| 3 | F.3d 844, 851 (9th Cir. 2004). By entering into the Consent Decree, the United States avoided |
| 4 | the costs, uncertainties, and delays that litigation could have entailed in exchange for the |
| 5 | significant environmental benefits that it believed would accrue from GovGuam commencing the |
| 6 | Decree's comprehensive injunctive measures immediately upon entry of the Decree. GovGuam |
| 7 | now attempts to use its motion to modify the Consent Decree both as a tool to avoid |
| 8 | enforceability of the Decree and as a bludgeon to impose the costs of litigation on the United |
| 9 | States. The United States requests this Court to reject GovGuam's belated efforts to convert an |
| 10 | oral argument on its motion into a full-blown evidentiary hearing and to order that no witnesses |
| 11 | will be heard at the March 8 hearing. |

Respectfully requested,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

Dated: 3/5/07

_____
MIKEL W. SCHWAB
Assistant U.S. Attorney

OF COUNSEL:

JULIA JACKSON
Assistant Regional Counsel
U.S. Environmental Protection Agency
75 Hawthorne Street
San Francisco, California 94105

Alicia G. Limtiaco
Attorney General of Guam

J. Patrick Mason
Deputy Attorney General
Civil Division

# OFFICE of the ATTORNEY GENERAL

March 2, 2007

Mr. Mikel W. Schwab
Assistant US Attorney
108 Herman Cortez Avenue, Suite 500
Hagatna, Guam 96910

Mr. Robert D. Mullaney
Env. & Natural Resources Division
US Dept. of Justice
301 Howard Street, Ste 1050
San Francisco, CA 94105

Ms. Julia Jackson
Assistant Regional Counsel
US Environmental Protection Agency
75 Hawthorne Street
San Francisco, CA 94195

Re: Government of Guam's Motion to Modify Consent Decree

Dear Counsel:

I have spoken with Mr. Schwab about the United States' concerns regarding live testimony at the March 8, 2007 hearing. A motion to modify a consent decree requires a complete hearing and findings of fact. *Vanguards of Cleveland v. City of Cleveland, 23 F.3d 1013,1017 (6th Cir. 1994); Akers v. Ohio Dep't of Liquor Control, 902 F.2d 477, 479 (6th Cir.1990) (per curiam) (quoting Brown v. Neeb, 644 F.2d 551, 560 (6th Cir.1981)).* It is my understanding that the United States is not in favor of having extensive witness testimony on March 8, 2007. It would prefer to have the opportunity to conduct depositions before witnesses testify in court.

I think it is fair to say that the Judge was unaware of the hearing requirement or a request for discovery when he set the briefing schedule. Although such discovery is not mandatory in this situation, which is similar to a hearing for a preliminary injunction, I do appreciate the logistical time zone problems of several hours on March 8, 2007, as well as the purpose of discovery. So, I propose a compromise, which is described below.

At the March 8, 2007 hearing, we are willing to agree to limit the testimony and argument on its motion, providing the parties agree to continue the hearing to a later date. On March 8th, testimony would be limited to the first part of the *Rufo* test, that significant unforeseen circumstances warrant revision. Our primary witness would be Mr. Morcilla, who was the Director of DPW at the time the Consent Decree was negotiated. He will testify as to what was and was not foreseen at the time the parties entered into the Decree. I anticipate that his testimony will be brief. He is planning to leave island the following week and I believe plans

to be gone for three weeks or more. We may also call Director Perez and Ms. Jackson, whose testimony on that day would be limited to the effects of the changed circumstances upon the Government's ability to meet the consent decree requirements.

I propose that we agree to continue the hearing until the week of March 19, 2007, pending convenience of the Court, and that we agree to conduct depositions between now and March 15, 2007 of witnesses that would testify regarding whether the proposed changes are suitably tailored to the changed circumstances. I intend to call the technical advisor, Mick Williams, P.E., of Shaw Environmental, the procurement advisor, Tim Raibley of HDR/BVA, Cynthia Jackson, and Director Perez, and potentially a representative from the Bureau of Budget Management and Research, the Public Utilities Commission, Guam EPA, Duenas and Bordallo and TG Engineers.

This is a rather aggressive schedule as we have some logistical challenges. Mr. Williams is currently on island until March 15, 2007, so it would best if he could be deposed here between March 6, 2007 and March 15, 2007. Mr. Raibley is in California, but can come here on somewhat short notice. Further, the United States' witnesses are likely in California, and I am unsure as to whether travel for me or Mr. Haddock would be processed on short notice. I will inquire further into this possibility, but for now, I am requesting that your witnesses make themselves available in Guam for their depositions.

I hope this is agreeable. Please let me know at your earliest convenience. Please note that I have a backup email address as the Guam EPA email was down quite a bit last month. Please respond to both emails: helen.kennedy@guamepa.net and helenkennedy1@hotmail.com (the numeral 1).

Sincerely,

*[signature]*

Helen M. Kennedy
Assistant Attorney General

cc:    Ray Haddock
       Lawrence Perez

287 West O'Brien Drive • Hagatna, Guam 96910 • USA •
(671) 475-3324 • (671) 472-2493 (Fax)

Case 1:02-cv-00022   Document 109   Filed 03/05/2007   Page 7 of 7