

FILED
DISTRICT COURT OF GUAM
MAR - 6 2007
MARY L.M. MORAN
CLERK OF COURT

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Dr.
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 02-00022 |
| Plaintiff, | |
| vs. | |
| GOVERNMENT OF GUAM, | DECLARATION OF HELEN M. KENNEDY RE: HEARING |
| Defendant. | |

I, Helen M. Kennedy declare of my own personal knowledge:

1. I am the Assistant Attorney General for the Government of Guam in this action.

2. On or about February 28, 2007 the United States' Assistant U.S. Attorney contacted me by telephone. He informed that the United States was objecting to live testimony at the March 8, 2007 hearing, and stated that time barrier from the West Coast and the benefits of discovery made it impractical to have testimony at the March 8, 2007

hearing. On March 2, 2007, I spoke with him again and made a proposal for a partial continuance and discovery. He suggested I send a letter, which I did. I did not receive a response. I did not know about the United State's Motion to Quash until Monday March 5, 2007.

3. Attached as Exhibit 1 is a copy of *Vanguards of Cleveland v. City of Cleveland, 1992 WL 672237 (N.D.Ohio)*.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge this 6th day of March, 2007.

>	Office of the Attorney General
>	**Alicia G. Limtiaco, Attorney General**
>
>	By: _____
>	**Helen M. Kennedy**
>	Assistant Attorney General

# EXHIBIT 1

Only the Westlaw citation is currently available.

United States District Court, N.D. Ohio.
The VANGUARDS OF CLEVELAND, et al., Plaintiffs,
v.
The CITY OF CLEVELAND, et al., Defendants,
and
LOCAL NUMBER 93, I.A.F.F., AFL-CIO, Intervenor.
Civ.A. No. C80-1964.
Nov. 25, 1992.

ORDER

LAMBROS, Chief Judge.

*1 This action came on for an evidentiary hearing on October 27, 1992 on the question of whether this Court should adopt the proposed Stipulation and Order submitted by plaintiff the Vanguards of Cleveland ("Vanguards") and defendant the City of Cleveland ("City of Cleveland"). At said hearing, this Court considered the arguments of the proponents of the Stipulation and Order and the objections by Intervenor Local 93.

On January 31, 1983 this Court approved an Amended Consent Decree providing for certain goals and promotions in the City of Cleveland Division of Fire. Vanguards filed a Motion to Enforce and/or Amend the Consent Decree alleging discrimination on the part of the City of Cleveland subsequent to January 31, 1983. This Court has sealed the results of the March, 1988 promotional examinations pending a ruling on Vanguard's motion. In May, 1991, this action was referred to Magistrate-Judge David S. Perelman for purposes of ascertaining whether a settlement could be achieved on two matters: (1) Plaintiff's Motion to Enforce and/or Amend the Consent Decree, and (2) Plaintiff's Motion for an Award of Attorneys' Fees and Expenses and the City of Cleveland's Motion for an Award of its Attorneys' Fees and Costs. On June 29, 1992, Magistrate-Judge Perelman issued a Report and Recommendation. Noting that the attorneys' fees issue has been resolved, Magistrate-Judge Perelman suggested that an open court hearing be had to address the adoption of the Stipulation and Order submitted by Vanguards and the City of Cleveland. Magistrate-Judge Perelman recommended that, barring some remarkable development at said hearing, the Stipulation and Order be approved. On July 2, 1992 Intervenor Local 93 filed objections to the Report and Recommendation, claiming that the extension of this Court's Order of January 31, 1983, which will include the 1988 promotional exams in the City of Cleveland, is without justification, without any evidence in support of continued discrimination by the City of Cleveland since 1983, and is unfairly prejudicial to the members of Local 93. Further, Local 93 claims that the goals set forth in this Court's January 31, 1983 Order approving the Amended Consent Decree have been largely reached, and when not attainable, had nothing to do with discriminatory practices or any actions on the part of Intervenors for which they should be punished. On October 14, 1992, Local 93 filed Objections to the Proposed Stipulation and Order and Motion to Terminate Jurisdiction, claiming that the examinations at issue are both content valid and job related. Further, Intervenors claim that this Court should terminate any further jurisdiction over this case pursuant to paragraph 24 of the Amended Consent Decree as they have demonstrated that the aims and objectives of the decree have been obtained.

1

Paragraph 24 of the Amended Consent Decree provides:

Exclusive jurisdiction is reserved in the Court for all purposes of enforcement, modification, or amendment of this Decree upon the application of any party, including Intervenor, either to guarantee the continuing effectuation of the goal of eliminating the ongoing vestiges of past discrimination alleged by plaintiff as it impacts upon promotion within the Division of Fire, or to terminate any further jurisdiction upon a satisfactory showing by any party, including Intervenor, that the aims and objectives of the decree have been achieved and can reasonably be expected to be fulfilled in the future, or to alter the terms of this Decree in order to meet unanticipated changes and circumstances. Without limiting this general reservation, the Court specifically reserves jurisdiction with regard to any court challenges which may be presented to any of the promotional examinations or eligible lists provided for herein.

*2 The proponents of the modification of the consent decree, Vanguards and the City of Cleveland, bear the burden of showing that it is a fair, reasonable and adequate modification within the standards of paragraph 24 of the Amended Consent Decree and/or the standards set forth in *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 112 S.Ct. 748, 765 (1992).

In January, 1983 this Court approved a 23% minority goal for the combined supervisory ranks of Lieutenant, Captain, Battalion Chief and Assistant Chief. At the evidentiary hearing on October 27, 1992, exhibits were offered and admitted and testimony was taken of Captain Bashir Rahman, Captain of the Cleveland Fire Department and Ms. Carolyn Allen, Director of Public Safety. The evidence presented to this Court reveals that minorities constitute 17% of the supervisory ranks of the Cleveland Fire Department and therefore the goals of the Amended Consent Decree approved by this Court on January 31, 1983 have not been obtained. Even though substantial progress has been made under the Amended Consent Decree, there is a significant public interest concern with fulfilling the objectives and goals of said Amended Consent Decree. Without approval of the Stipulation and Order, it is evident that minority participation will regress and therefore the goals of the Amended Consent Decree will not have been achieved, but will be frustrated. Furthermore, promotions shall be made from the eligible lists created from the March, 1988 promotional examinations of which all parties agree to their validity. While it is commendable that there is a 17% minority participation in the supervisory ranks, compared with a 5% minority representation in the supervisory ranks prior to the entry of this Court's January 31, 1983 Order approving the amended consent decree, substantial compliance is not adequate in the civil rights realm. The exhibits and testimony in this action reveal that if the Stipulation and Order is approved, the goals of the 1983 Amended Consent Decree will be fulfilled in a short period of time and this action will then come to an end. Therefore, Magistrate-Judge Perelman's Report and Recommendation and the record from the October 27, 1992 evidentiary hearing provide a basis for the fairness, reasonableness and adequacy of the Stipulation and Order.

Accordingly:

1. The City shall make the following promotions upon issuance of this Order:

Two (2) Assistant Chiefs of which none shall be minorities;

2

Six (6) Battalion Chiefs of which one (1) shall be minority;

Eight (8) Captains of which four (4) shall be minorities; and

Eighteen (18) Lieutenants of which nine (9) shall be minorities.

2. The City shall make the following additional promotions on or before May 1, 1993 or upon the graduation of the next fire cadet class, whichever first occurs:

One (1) Assistant Chief who shall not be a minority;

Six (6) Battalion Chiefs of which one (1) shall be minority;

*3 Eight (8) Captains of which four (4) shall be minorities;

Eighteen (18) Lieutenants of which nine (9) shall be minorities.

3. The promotions specified in paragraphs one and two above shall be made from the eligible lists created from the March, 1988 promotional examinations. Following completion of the promotions specified in paragraph two said eligible lists shall remain in effect for two years from the date of certification or until there are no minorities eligible for promotion on any said lists, whichever first occurs.

4. All future promotional examinations shall be developed in a manner consistent with paragraph four of the Amended Consent Decree. All such examinations shall be developed pursuant to a procedure whereby the Vanguards and Intervenor Local 93 shall have meaningful and adequate input into the process whereby the Civil Service Commission selects a test developer for each examination. This input shall include, but shall not be limited to, the opportunity to recommend bidders and the opportunity to analyze and submit timely and constructive comments on those bids received by the Commission.

5. The next set of promotional examinations shall be administered no later than a date which is two years and six months from the date upon which the eligible lists created from the March, 1988 promotional examinations are certified.

6. The post-1985 goals specified in paragraph thirteen of the Amended Consent Decree shall remain in effect for the duration of the eligible lists created on the basis of the March, 1988 examinations. Once this set of eligible lists has expired, said goals shall have no further force and effect.

7. The method by which these goals shall be implemented will be as follows: All promotions within a rank shall be made by coupling the highest ranking non-minority and minority appointees provided there is a shortfall between the goal and the percentage of minority officers in that rank. Seniority however, shall be determined as set forth in paragraph seven. If the pool of qualified minority candidates within a rank shall be exhausted, promotions may be made by the

3

City of Cleveland as determined by it to be necessary for the operation of the Fire Department and such promotions shall be made from eligible non-minority candidates.

8. Seniority for purposes of all appointments made on a given day shall be determined by position on the eligible list, except that seniority for purposes of all promotions made under paragraph one above shall be determined by order of appointment regardless of actual ranking on the eligible list.

9. Notwithstanding the foregoing and notwithstanding any contrary provisions of state or local law, the City of Cleveland is hereby authorized to continue its existing practice of utilizing the services of one minority Battalion Chief in the capacity of an acting Assistant Chief during the time period specified in paragraph six above.

10. No further extensions of the goals of the Amended Consent Decree will be permitted by this Court, even if said goals have not been met, provided that the City acts in good faith in making or refraining from making the promotions provided for hereunder and complies with the terms of the this Order and with applicable law.

*4 11. The provisions of the Amended Consent Decree shall remain in effect except insofar as they are superseded by this Order.

Magistrate-Judge Perelman's Report and Recommendation is approved and the January 31, 1983 Amended Consent Decree is extended as provided herein.

IT IS SO ORDERED.

Copr. (C) West 2007 No Claim to Orig. U.S. Govt. Works N.D.Ohio,1992.
Vanguards of Cleveland v. City of Cleveland
Not Reported in F.Supp., 1992 WL 672237 (N.D.Ohio)