


FILED
DISTRICT COURT OF GUAM
MAR - 6 2007
MARY L.M. MORAN
CLERK OF COURT

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Dr.
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CIVIL CASE NO. 02-00022 |
| Plaintiff, | ) | |
| vs. | ) | GOVERNMENT OF GUAM'S MOTION FOR EVIDENTIRAY HEARING EITHER ON MARCH 8, 2007 OR FOR A CONTINUANCE |
| **GOVERNMENT OF GUAM,** | ) | |
| Defendant. | ) | |

*Comes Now* the Government of Guam ("Government") and respectfully moves this Court for an evidentiary hearing and to hear live testimony on the Government's Motion to Modify the Consent Decree in this case on March 8, 2007. Alternatively, it moves this court to continue all or part of the Hearing on the Motion to Modify the Consent Decree to a later date in March of 2007 and to allow expedited discovery of the witnesses.

Page 1
*Government Of Guam's Motion For Evidentiary Hearing on March 8, 2007 or For Continuance*
Us District of Guam - Civil Case No. CV02-00022

Case 1:02-cv-00022   Document 113   Filed 03/06/2007   Page 1 of 5

# FACTS

On December 20, 2006, the Government informed the Court at the Status Hearing that it had proposed time extension of the Consent Decree deadlines to the United States, but the United States had not agreed to discuss them in any detail. At the hearing, the United States stated it was unwilling to dialogue. *U. S. Submission of Authorities 15 at pp 40-42.* Hence the Court advised the Government that a motion to modify the timelines would be appropriate, and set January 31, 2007 for the date of filing of the motions. *Id.* An evidentiary hearing was not discussed at the Status Conference. The Motion was filed along with declarations and exhibits. *Id.*

On February 21, 2007, in its Reply brief, the Government stated that it would present "additional testimony" in support of its motion. *Government's Reply at 2.* On or about February 28, 2007 the United States' Assistant U.S. Attorney contacted Ms. Kennedy, counsel for the Government, objecting to the testimony, and stating that time barrier to California and the benefits of discovery made it impractical to have testimony at the March 8, 2007 hearing. *Kennedy Declaration at 2.* Hence, on March 2, 2007 Ms. Kennedy sent a letter proposing limited testimony for March 8, 2007, along with a continuance and a short discovery schedule. *Id.*

The United States did not respond to the letter. *Id.* Instead, the United States incorrectly presumed the letter was in response to a Motion to Quash which the United Sates had filed on March 2, 2007. *United States' Motion to Exclude Witnesses at1, Attachment A.* Further, on March 5, 2007, the United States moved to exclude witnesses at the hearing on the Government's Motion to Modify the Consent Decree and the United States' Motion to Enforce the Decree.

Page 2
*Government Of Guam's Motion For Evidentiary Hearing on March 8, 2007 or For Continuance*
Us District of Guam - Civil Case No. CV02-00022

Case 1:02-cv-00022    Document 113    Filed 03/06/2007    Page 2 of 5

## ARGUMENT

This Motion applies only to witnesses for the Government's motion. The United States appears to argue that no witness testimony is needed because the declaration testimony and the extensive documents are sufficient. The Government respectfully disagrees. In this case, the timeframes of events, the science, engineering and construction requirements, and the timing needed to accomplish the Consent Decree tasks are complex. The Court may seek clarification from the witnesses. Further, The Government proposes to provide "additional testimony", not a recitation of the declaration testimony.

A "complete hearing" is required for a motion to modify a consent decree. *Vanguards of Cleveland v. City of Cleveland*, 23 F.3d 1013(6ht Cir. 1994), citing *Akers v. Ohio Dep't of Liquor Control*, 902 F.2d 477, 479 (6th Cir.1990) (quoting *Brown v. Neeb*, 644 F.2d 551, 560 (6th Cir.1981)). Pursuant to FRCP 52(a), a court "should make sufficiently detailed findings of fact and conclusions". *Bradley v. Milliken*, 772 F.2d 266, 272 (6th Cir.1985) . A court's decision on a motion to modify a consent decree will be overturned as an abuse of discretion if the hearing is inadequate. *E.g., Hughes v. United States*, 342 U.S. 353, 357-58, 72 S.Ct. 306, 96 L.Ed. 394 (1953)(decision reversed for inadequate hearing); *Aker v. Ohio Dep't of Liquor Control*, 902 F.2d 477, 479 (6th Cir.1990) (court abused discretion when it had no evidentiary hearing).

In this case, the facts surrounding the entry of the decree, the changed circumstances, and the time needed to complete the tasks are complex. For example, the importance of hydrogeological information to landfill design, and the details of landfill and closure design, along with the time needed to complete the projects are technical and complex. Thus an evidentiary hearing is necessary. It will ensure a compete record. It will help insure that the Court is able to make detailed factual findings and thus avoid the added litigation of a remand

Page 3
Government Of Guam's Motion For Evidentiary Hearing on March 8, 2007 or For Continuance
Us District of Guam - Civil Case No. CV02-00022

Case 1:02-cv-00022   Document 113   Filed 03/06/2007   Page 3 of 5

from the appellate court. *E.g., Bellevue Manor Associates v. United States*, 165 F.3d 1249, 1257 (9th Cir. 1999), (remand not necessary where the record on appeal is clear and it would cause additional expense and delay (*quoting In re Pintlar Corp.*, 133 F.3d 1141, 1145 (9th Cir.1998)).

In *Vanguards,* the District Court held an evidentiary hearing. *Id. at 1016.* At the evidentiary hearing, "testimony was taken of Captain Bashir Rahman, Captain of the Cleveland Fire Department and Ms. Carolyn Allen, Director of Public Safety." *Vanguards of Cleveland v. City of Cleveland*, 1992 WL 672237 (N.D.Ohio), Exhibit 1 to Kennedy's third declaration. Even though the testimony did not involve complex scientific and engineering attributes, testimony as taken. In contrast, in *Gonzales v. Galvin*, 151 F.3d 526 (6th Cir. 1998), the court vacated and remanded the case because there was not an adequate hearing. As outlined in Gonzales, a "full blown evidentiary hearing "is not necessary where the factual situations are not particularly complex, such as deficiency judgment, attorney fee award, or termination of a decree once all elements are met. *Id., at 535.* Hence for all the above reasons, the Court should grant this Motion for an Evidentiary Hearing on March 8, 2007 with live testimony in addition to the declarations and exhibits submitted earlier.

Alternatively, because of the time difference between California and Guam, the Government moves to continue all of part of the March 8, 2007 Hearing on the Motion to Modify the Consent Decree to a later time at which attorneys and witnesses for the United States can attend and cross examine witnesses. Further, in the interest of judicial efficiency and to avoid undue surprise, the Government requests that the Court continue the hearing until such time as the parties been able to complete deposition of both parties' witnesses.

Page 4
*Government Of Guam's Motion For Evidentiary Hearing on March 8, 2007 or For Continuance*
Us District of Guam - Civil Case No. CV02-00022

Case 1:02-cv-00022   Document 113   Filed 03/06/2007   Page 4 of 5

Respectfully submitted this 6th day of March 2007.

Office of the Attorney General
**Alicia G. Limtiaco, Attorney General**

By: _____
Helen M. Kennedy
Assistant Attorney General
Counsel for Defendant, Government of Guam

OF COUNSEL:

**Ray Haddock**
Governor's Assistant Legal Counsel.

Page 5
*Government Of Guam's Motion For Evidentiary Hearing on March 8, 2007 or For Continuance*
Us District of Guam - Civil Case No. CV02-00022

Case 1:02-cv-00022   Document 113   Filed 03/06/2007   Page 5 of 5