

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Dr.
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

Attorneys for the Government of Guam

# IN THE DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 02-00022 |
| Plaintiff, | |
| vs. | GOVERNMENT OF GUAM'S OPPOSITION TO MOTION TO EXCLUDE WITNESSES |
| GOVERNMENT OF GUAM, | |
| Defendant. | |

The Government of Guam ("Government") respectfully disagrees with the United State's arguments regarding evidentiary hearings on Motions to Modify a Consent Decree. A court's decision on a motion to modify a consent decree will be overturned as an abuse of discretion if the hearing is inadequate. *E.g., Hughes v. United States*, 342 U.S. 353, 357-58, 72 S.Ct. 306, 96 L.Ed. 394 (1953)(decision reversed for inadequate hearing); *Akers v. Ohio*

*Dep't of Liquor Control, 902 F.2d 477, 479 (6th Cir.1990)* (court abused discretion when it had no evidentiary hearing). Here, the facts are complex. Thus an evidentiary hearing is necessary to help insure that the Court is able to make detailed factual findings and thus avoid the added litigation of a remand from the appellate court. *E.g., Bellevue Manor Associates v. United States, 165 F.3d 1249, 1257 ( 9th Cir. 1999),* (remand not necessary where the record on appeal is clear and it would cause additional expense and delay (*quoting In re Pintlar Corp., 133 F.3d 1141, 1145 (9th Cir.1998)).*

Significantly, the United States misapplies *Vanguards* case. In that case, the Sixth Circuit upheld the trial court's refusal, on the grounds that it was not relevant or material, to hear evidence of whether the firefighter's test was discriminatory, on pages 1020-21, with its statement of the rule on page 1017 that a full hearing is required. *Vanguards of Cleveland v. City of Cleveland, 23 F.3d 1013(6ht Cir. 1994).* In *Vanguards,* the District Court held an evidentiary hearing. *Id. at 1016.* At the evidentiary hearing, "testimony was taken of Captain Bashir Rahman, Captain of the Cleveland Fire Department and Ms. Carolyn Allen, Director of Public Safety." *Vanguards of Cleveland v. City of Cleveland, 1992 WL 672237 (N.D.Ohio), Exhibit 1 to Kennedy's Declaration Re: Hearing.*

Moreover, the United States' motion is not helped by *Gonzales v. Galvin, 151 F.3d 526 (6th Cir. 1998).* In that case the court vacated and remanded the case because there was not an adequate hearing. In addition, the cases cited in Gonzales where a "full blown evidentiary hearing "is not necessary are distinguishable from this case: they all involved factual situations that are not particularly complex, such as deficiency judgment, attorney fee award, or termination of a decree once all elements are met. *Id., at 535.*

In addition, the Untied States argues inconsistently regarding extrinsic evidence. In *United States v. Asarco, Inc., 430 F.3d 972 (9th Cir 2005),* the court found that the consent

decree terms were unambiguous and therefore held that the court erred in relying on extrinsic evidence. In its motion to exclude witnesses Untied States argues that extrinsic evidence should be excluded. In contrast, in its Declaration of Ben Machol in response to the Government's Motion to Modify, the United Sates provides extrinsic evidence regarding the inclusion of the Public Utilities Commission's process in the settlement with the Guam Waterworks Authority as inference that its exclusion in this Consent Decree means that the time lines include (silently )the Commission's timelines. Moreover, because there was an evidentiary hearing in the *Asarco* case, the Ninth Circuit was able to rule without a remand. *Id. at 984. See also Thompson v. U.S. Dept. of H.U.D., 220 F 2d 241, 246 (4th Cir. 200)* (remand not necessary due to evidentiary hearing record).

    Finally, the Government respectfully disagrees with the Untied State's assertion that the Government is using its Motion to Modify the Consent Decree as a tool to avoid enforceability and a bludgeon to impose the cost of litigation on the United States. As the Government stated, and the Court inquired, at the December 20, 2006 status hearing, the Government has and continues to prefer a dialogue with the United States on time extensions, and the United States responded that it was not interested. *U. S. Submission of Authorities 15 at pp 40-42.* All agree that the 2007 deadlines to open Layon and close Ordot cannot be met. Hence, the United States could avoid or limit the increase litigation costs of the Government's Motion by entering into negotiations.

    For all the above reasons, the Motion to Exclude Witnesses should be denied. Alternatively, if the motion is granted, then the Court should also grant the Government's motion for a continuance of the Hearing of it Motion to Modify the Consent Decree, which is filed as a separate pleading.

Respectfully submitted this 6th day of March 2007.

                                    Office of the Attorney General
                                    **Alicia G. Limtiaco, Attorney General**

By: _____
**Helen M. Kennedy**
Assistant Attorney General
Counsel for Defendant, Government of Guam

OF COUNSEL:

**Ray Haddock**
Governor's Assistant Legal Counsel