

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

Attorneys for the Government of Guam

FILED
DISTRICT COURT OF GUAM
JUL 12 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Case No. 02-00022 |
| Plaintiff, | **MOTION FOR LEAVE TO FILE REQUEST TO TAKE JUDICIAL NOTICE AND TO TAKE JUDICIAL NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| vs. | |
| GOVERNMENT OF GUAM, | |
| Defendant. | |

**COME NOW THE DEFENDANTS** in this matter and make this motion for leave to file a request that this Court take judicial notice of the following,

(1) The significance of fact which the Defendants wish to be taken notice of was only discovered within the last month. Consent decrees which are beyond the authority of local authorities which enter into them are null and void.

(2) The Court is authorized by Rule 201, Federal Rules of Evidence to take notice of adjudicative facts.

---

Page 1
Motion for Leave to File Request to Take Judicial Notice and Memorandum Of Points and Authorities in Support
USA vs GovGuam   CV02-00022

Case 1:02-cv-00022   Document 127   Filed 07/12/2007   Page 1 of 20

(3) The Case of *Rossana San Miguel, et al. v. Department of Public Works, et al.*, CV0892-04 has been decided by Judge Katherine Maraman in favor of the Defendants in the matter. Copies of her decisions of July 6, 2005 and September 16, 2005 are attached as Exhibits A and B respectively.

(4) On October 19, 2005, the Plaintiffs gave Notice of Appeal. A copy of such appeal is attached as Exhibit C.

(5) This Court is empowered to take notice of adjudicative facts and when given the necessary information, must take notice of adjudicative facts.

(6) This case is significant because it may be argued that consent decrees which are ultra vires are null and void and if the Guam Supreme Court finds that the selection of the Layon/Dandan site violated Guam law, the agreement in this case is null and void.

(7) The *San Miguel* case was brought to the attention of the Court in an incomplete fashion. Although the Court was vaguely advised of the existence of the case, it was not advised that it was on appeal.

**WHEREFORE,** the Office of the Attorney General on behalf of the Defendants in this action requests that the Court take notice of these proceedings.

Dated this 11th day of July, 2007.

OFFICE OF THE ATTORNEY GENERAL
**Alicia G. Limtiaco, Attorney General**

By: /s/ David Charles Sullivan
**DAVID CHARLES SULLIVAN**
Assistant Attorney General

Attachments:
Exhibit A: July 6, 2005 Decision and Order
Exhibit B: September 16, 2005 Decision and Order Re Preliminary Injunction
Exhibit C: Plaintiff's Notice of Appeal

Page 2
Motion for Leave to File Request to Take Judicial Notice and Memorandum Of Points and Authorities in Support
USA vs GovGuam – CV02-00022

Case 1:02-cv-00022    Document 127    Filed 07/12/2007    Page 2 of 20

AG-Civil Litigation

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSSANA SAN MIGUEL, et. al., | CIVIL CASE NO. CV0892-04 |
| Plaintiffs, | |
| vs. | DECISION AND ORDER |
| DEPARTMENT OF PUBLIC WORKS, et. al., | |
| Defendants. | |



## INTRODUCTION

This matter came before the Honorable Katherine A. Maraman on April 13 and 22, 2005, on Defendant's Motion to Dismiss or for Summary Judgment in the alternative, to dismiss for lack of jurisdiction or to abstain or stay proceedings. Assistant Attorney General Philip D. Isaac appeared for the Defendants. Attorney Caesar C. Cabot appeared for the Plaintiffs. At the conclusion of the hearing the Court took the matter under advisement. Having considered the oral and written arguments of the parties, the testimony of Dr. Peter Melnyk, and relevant documents in the record, the Court now issues the following Decision and Order.

## BACKGROUND

On May 8, 1996 Public Law 23-95 was passed designating *Guatali* as the primary site for a new landfill and *Malaa* as the secondary site. On March 20, 1997 Public Law 24-06 was passed to establish the procedure and criteria to be used in developing a new landfill facility. Section 4(e) indicated *Guatali* or *Malaa* as the site for the new landfill facility. On December 12, 2000 Public Law 25-175 was passed which approved and amended the Integrated Solid Waste Management Plan.

On October 20, 2003 Jose Morcilla, Jr. Department of Public Works Interim Director ("DPW") and the late Fred M. Castro, Guam Environmental Protection Agency ("GEPA") signed the Consent Decree which was filed with the District Court on February 11, 2004. In accordance with the Consent Decree, paragraph 9(a), DPW was required to submit a list of at least three

EXHIBIT A

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

---

potential landfill sites to U.S. EPA and GEPA within 30 days from the filing of the Consent Decree. The three proposed sites chosen by DPW and GEPA were *Lonfit, Sabanan Batea,* and *Dandan*. Of the three sites, the preferred site chosen by DPW and accepted by EPA in accordance with the Consent Decree was *Dandan*. See, Exhibit 1, Supplemental Declaration of Randel L. Sablan.

On August 19, 2004 Plaintiffs filed a Verified Complaint for Declaratory Judgment, Injunctive Relief and Personal Judgment. On October 18, 2004, Defendants filed a motion to dismiss or for summary judgment in the alternative, to dismiss for lack of jurisdiction, to abstain or stay proceedings. The Plaintiffs filed an opposition on January 5, 2005 and the Defendants replied on January 12, 2005. Additionally, Defendants filed a supplemental memorandum on April 5, 2005 and Plaintiffs filed an opposition on April 20, 2005.

### ISSUES

1. Did the Plaintiffs fail to allege specific facts to support their claims which would entitle them to relief?

2. Whether *Guatali* as described in Public Laws 23-95, 24-06, and 25-175 includes Parcel A and Parcel B?

3. Whether under 7 G.C.A. § 20302 the relief that the Court may grant includes ordering expenditure of public funds or is the relief that the Court may grant restricted to stopping or suspending an ongoing expenditure of tax dollars?

### DISCUSSION

A. **Motion to Dismiss**

Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. Defendants' main contention is that the Plaintiffs' complaint should be dismissed

2

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

---

because they are not asking for an order enjoining the spending of public funds under 7 G.C.A. § 20302 but rather they are asking the Court to order that public funds be expended beyond those required by the Consent Decree and that public officers be ordered to carry out further studies beyond those required by the Consent Decree. Further, Defendants argue that the Plaintiffs do not expressly allege in their complaint that *Guatali* Parcel A was not properly excluded as a potential site based on slope and geographical exclusionary criteria. Rather, the focus of Plaintiffs complaint is that *Guatali* Parcel B should have been included as one of the three or more potential sites required by the Consent Decree.

Plaintiffs oppose Defendants' motion and argue that the Defendants have failed to show that Plaintiffs cannot prove any set of facts in support of their claims that would entitle them to relief. Plaintiffs' main contention is that Guam law mandates that the next landfill site be at *Guatali* or *Malaa* or both and Defendants' failure to use them violates Guam law.

Under Rule 12(b)(6) a defendant may move to dismiss for failure to state a claim upon which relief can be granted. If matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion.

A complaint should not be dismissed unless it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). When reviewing a dismissal for failure to state a claim pursuant to Rule 12(b)(6) all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Allied Signal, Inc. v. City of Phoenix*, 182 F.3d 692

3

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

(9th Cir. 1999). See *Jensen v. City of Oxnard*, 145 F.3d 1078 (9th Cir. 1998), cert. Denied, 119 S.Ct. 540, 142 L.Ed.2d 449 (1998). Unlikelihood of success does not, by itself, justify dismissal. *Allied Signal, Inc. V. City of Phoenix*, supra, 182 F.3d at 698. Furthermore, the court when ruling on a motion to dismiss must accept well-pleaded factual allegations as true, and may disregard conclusory allegations of law and unwarranted inferences. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

The party moving for dismissal has the burden of proving that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.), cert. denied, 501 U.S. 1222 (1991). The movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, L. Ed. 2d 80 (1957). In deciding whether to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-1018 (5th Cir. 1996).

Plaintiffs allege that Public Law 23-95 establishes *Guatali* as the primary landfill site and *Malaa* as the secondary site. Additionally, Plaintiffs allege that section 4(c) of Public Law 24-06 mandates that the new landfill be located at either *Guatali* or *Malaa*, or both. As to *Guatali*, Plaintiffs allege that the Defendants failed to name *Guatali* as a potential landfill site and that further expenditure of public funds on the three potential landfill sites is a violation of Guam Law. Plaintiffs further allege that DPW has already selected a firm to conduct the Environmental Impact Statements ("EIS") on the three potential landfill sites that do not include *Guatali* and work is proceeding on

4

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

the EIS. Plaintiffs are seeking an injunctive relief: that is, an order that Defendants refrain from spending public funds on the EIS involving the three proposed sites until *Guatali* and *Malaa* are included on the list of potential landfill sites.

In reviewing the facts alleged in the complaint which are taken as true for purposes of this motion, along with the documents attached as exhibits and those documents incorporated by reference in the complaint the Court finds there are sufficient facts to support the Plaintiffs' alleged claim that the new landfill site be located at either *Guatali or Malaa* or both. Moreover, dismissal of a complaint under Rule 12(b)(6) is disfavored. Therefore, the Defendants' motion to dismiss under Rule 12(b)(6) is denied.

B.   **Summary Judgment**

In the alternative, Defendants move for summary judgment. Defendants' main contentions as to *Guatali* are that: (1) *Guatali* as described in Public Laws 23-95, 24-06, and 25-175 includes the 44 acre footprint located on the northern part of *Guatali* which comprises Parcel A; (2) Parcel A was excluded as unsuitable based on slope and geological exclusionary criteria; and (3) Parcel B contains less than the 100 acre minimum area required by the Landfill Suitability Report.

Plaintiffs contentions are that: (1) the description of *Guatali* intended by the Legislature includes the geographical region of *Guatali* and not just Parcel A; (2) *Guatali* Parcel B is suitable for the new landfill site; and (3) there is no requirement that the size of the new landfill site be 100 acres.

Summary judgment should be granted when no material facts are in dispute and the movant is entitled to judgment as a matter of law. *Iizuka Corporation v. Kawasho International (Guam),*

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

---

*(Inc.)*, 1997 Guam 10. The burden is always on the moving party and the court must review the facts in a light most favorable to the non-moving party. *Id.* If the movant can demonstrate that there exists no genuine issue of material fact, the non-movant cannot merely rely on the averments contained in the complaint, but must produce significant probative evidence tending to support the complaint. *Id.*

The Court must determine whether the description of *Guatali* in Public Laws 23-95, 24-06, and 25-175 includes Parcel A and Parcel B. Plaintiffs argue that the law directs Defendants to build the new landfill on *Guatali* or alternatively *Malaa*, a geographical location not limited to a single parcel. Defendants argue that Public Laws 24-06 and 25-175, by incorporating the Juan Tenorio Draft Environmental Impact Statement ("Tenorio EIS"), define *Guatali* to mean the 44 acre footprint identified in the Tenorio EIS and situated at Lot 439-R1.

**Section 2 of Public Law No. 23-95 states that:**

The primary site for the new landfill shall be that area in central Guam, known as *Guatali*, located near the old GORCO Oil site.

**Section 4(e) of Public Law 24-06 states that:**

The MSWLF shall be located at either *Guatali* or *Malaa*, or both, as prescribed in Public Law 22-115 and described in the Environmental Impact Statement of November 1995.

In order to perceive the intent of the legislature at the time these laws were passed the Court must look back to the history of the title of *Guatali*. On August 14, 1972 the Government of Guam

6

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

deeded to the U.S. Government 200 acres of unsurveyed land described as Mt. Tenjo.[1] It was not until 2001 that Lot 439-R1 was surveyed. The map for Lot 439-R1 was signed by the Government of Guam through the Chamorro Land Trust Commission and the Federal Government.[2] The 200 acres included *Guatali* Parcel A located on Lot 439-R1. Parcel A of *Guatali* is owned by the U.S. Department of the Interior, National Park Service.

The Tenorio EIS referred to in Public Law 24-06 describes *Guatali* as the property located on Lot 439-R1 and slightly above and to the north of the Shell (formerly GORCO oil refinery) complex.[3] Additionally, Dr. Peter Melnyk an Environmental Engineer[4] testified with respect to *Guatali*, that the initial studies done were exclusive to Parcel A. Dr. Melnyk also testified he was the Principal-in-Charge of producing the engineering plans, scheduling, and construction costs for a landfill located at *Guatali* Parcel A, which documents were submitted to DPW in 1999. Further, he testified that it was not until 2003 that he conducted a preliminary site assessment on *Guatali*, Parcel B, when it became evident that the Government of Guam no longer owned Parcel A.

The Court finds that there are no genuine issues of material fact as to whether the legislature intended *Guatali* to include Parcel B when it passed Public Laws 23-95, 24-06, and 25-175. Clearly, the legislature in selecting *Guatali* as the new landfill site intended that it be located on Parcel A because (1) that was the parcel being studied on during the time the laws were passed; (2)

---

[1] See Exhibit B attached to the Declaration of Cesar Cabot.

[2] See Exhibit A attached to Declaration of Cesar Cabot.

[3] See page 19, Exhibit A attached to Declaration of Christopher Lund.

[4] The Court certified Dr. Melnyk as an expert to aid the Court with its decision.

7

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

Lot 439-R1 was not surveyed until 2001, again after said laws were passed; and (3) Public Law 24-06 refers to *Guatali* as the property described in the Tenorio EIS. The issue of title to Parcel A did not surface until 2001. Parcel A is owned by the Federal Government. The Government of Guam cannot acquire ownership over federal property by condemnation. The Government of Guam cannot construct a landfill on Parcel A. Accordingly, this Court cannot order the Government of Guam to consider Parcel A as a proposed landfill site. When Public Laws 23-95, 24-06, and 25-175 were passed, Parcel A belonged to the Federal Government. The legislature did not have the power to legislate land use policy over federal property. Thus, the Court finds that, as to a requirement that the landfill be constructed on *Guatali*, Public Laws 23-95, 24-06, and 25-175 are null and void.

Plaintiffs argue that if the Court accepts Defendants' interpretation that *Guatali* includes only the 44 acre footprint, then Public Laws 24-06 and 25-175 are null and void and leaving P.L. 23-95 which describes *Guatali* as a whole and not solely Parcel B. The Court, however, finds that there is sufficient, uncontroverted evidence establishing the focus of the new landfill site at that time was on Parcel A. *Guatali* is described in the Tenorio EIS as the property located on Lot 439-R1 and slightly above and to the north of the Shell (formerly GORCO oil refinery) complex. Additionally, Figure 5 shows the *Guatali* site to be that area north of Lot 439-R1-1, the Shell property.[5] The Tenorio EIS also specifies that the *Guatali* footprint is approximately 44 acres.[6] Finally, in all of the access road figures attached as Appendix B in the Tenorio EIS, *Guatali* is located entirely north of

---

[5] See page 18, Exhibit A attached to Declaration of Christopher Lund.

[6] See page 20, Exhibit A attached to Declaration of Christopher Lund.

8

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

---

the Shell property.[7] Thus, *Guatali* as described in the Tenorio EIS includes only Parcel A. Therefore, Defendants' motion for summary judgment regarding *Guatali* is granted.

As to *Malaa*, the Court finds that there are material facts in dispute regarding why *Malaa* was not considered as a proposed landfill site. Therefore, Defendants' motion for summary judgment regarding *Malaa* is denied.

C.   **Nature of Relief under 7 G.C.A. 20302**

Defendants additionally argue that Plaintiffs' complaint be dismissed for lack of jurisdiction. Plaintiffs are seeking injunctive relief and declaratory relief. Therefore, the Court has jurisdiction over this matter under 7 G.C.A. § 20302 and § 26801.

As to Plaintiffs' request for injunctive relief, they are asking that the Court order the Defendants to stop spending public funds on the EIS being done on the three proposed landfill sites. Plaintiffs are also asking this Court to order the Defendants to spend public funds to include *Guatali* and *Malaa* on the list of proposed sites.

An injunction is a judicial remedy awarded for the purpose of requiring a party to refrain from doing or continuing to do a particular act or activity. Generally, it is a preventive and protective remedy, aimed at future acts, and is not intended to redress past wrongs. *Black's Law Dictionary*, (6th Edition 1990). Even assuming the Court were to grant the Plaintiffs injunctive relief, which the Court does not address here, the most relief the Court can grant the Plaintiffs is to order the Defendants to refrain from continuing to spend public funds on the EIS for the three proposed sites. Plaintiffs' injunctive relief does not extend to ordering the Defendants additionally to spend public

---

[7] See figures 8, 9.2, 10.3, and 11.2, Exhibit B attached to Declaration of Christopher Lund.

9

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

funds to include *Guatali* and *Malaa* on the list of proposed sites.

CONCLUSION

For the reasons above, the Court denies the Defendants' motion to dismiss under Rule 12(b)(6). Further, the Court grants partial summary judgment as to *Guatali* holding that the Government of Guam need not consider *Guatali* as a landfill site and denies partial summary judgment as to *Malaa*.

The hearing on Plaintiffs' motion for a preliminary injunction as to *Malaa* shall be held on August 2, 2005 at 10:00 a.m.

SO ORDERED: July 6, 2005.

Honorable Katherine A. Maraman
Judge, Superior Court of Guam

I hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of G

JUL - 6 2005

Glenn J. Mendiola
Deputy Clerk, Superior Court of Guam

10

IN THE SUPERIOR COURT OF GUAM

ROSSANA SAN MIGUEL, et. al., ) CIVIL CASE NO. CV0892-04
Plaintiffs, )
)
vs. ) DECISION AND ORDER
) RE PRELIMINARY INJUNCTION
DEPARTMENT OF PUBLIC WORKS, et. al., )
)
Defendants. )

## INTRODUCTION

This matter came before the Honorable Katherine A. Maraman on August 2, 2005, on the Plaintiff's Motion for a Preliminary Injunction. Assistant Attorney General Phillip Isaac appeared for the Defendants. Attorney Caesar C. Cabot appeared for the Plaintiffs. At the conclusion of the hearing the Court took the matter under advisement. Having considered the oral and written arguments of the parties, the testimony of Dr. Peter Melnyk and Juan C. Tenorio and relevant documents in the record, the Court now issues the following Decision and Order.

## BACKGROUND

On May 8, 1996 Public Law 23-95 was passed designating *Guatali* as the primary site for a new landfill and *Malaa* as the secondary site. On March 20, 1997 Public Law 24-06 was passed to establish the procedure and criteria to be used in developing a new landfill facility. Section 4(e) indicated *Guatali* or *Malaa* as the site for the new landfill facility. On December 12, 2000 Public Law 25-175 was passed which approved and amended the Integrated Solid Waste Management Plan.

On October 20, 2003 Jose Morcilla, Jr. Department of Public Works Interim Director ("DPW") and the late Fred M. Castro, Guam Environmental Protection Agency ("GEPA") signed the Consent Decree which was filed with the District Court on February 11, 2004. In accordance with the Consent Decree, paragraph 9(a), DPW was required to submit a list of at least three potential landfill sites to U.S. EPA and GEPA within 30 days from the filing of the Consent Decree. The three proposed sites chosen by DPW and GEPA were *Lonfit, Sabanan Batea,* and *Dandan*. Of the three sites, the preferred site chosen by DPW and accepted by EPA in accordance with the

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

---

Consent Decree was *Dandan*. See, Exhibit 1, Supplemental Declaration of Randel L. Sablan.

On August 19, 2004 Plaintiffs filed a Verified Complaint for Declaratory Judgment, Injunctive Relief and Personal Judgment. On January 18, 2005, Plaintiffs filed a motion for a Preliminary Injunction. The Defendants filed an opposition on February 2, 2005 and the Plaintiff's filed its reply on February 9, 2005.

## DISCUSSION

The Plaintiffs move for a preliminary injunction restraining the Defendants from continuing to expend public money to conduct environmental impact statements for the three potential landfill sites until *Malaa* is included as one of the potential landfill sites.

**7 G.C.A. § 20302 provides when an injunction may be granted:**

1. When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;

2. When it appears by the complaint or affidavit that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action;

3. When it appears during the litigation that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual;

4. When pecuniary compensation would not afford adequate relief;

5. Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief;

In order to grant a preliminary injunction, it is necessary that the movant show: (1) irreparable injury and (2) likelihood of success on the merits. *Hongkong and Shanghai Banking Co., Ltd. v. Kallingal*, 2005 Guam 13 (citing *Carlson v. Guam Tel. Auth.*, 2002 Guam 15).

2

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

The central issue in this case is whether *Malaa* was appropriately considered and subsequently excluded as a potential landfill site by the Government.

Plaintiff's argue that the language of Public Law 23-95 is clear that is, it directs the Government on where to place the next landfill. Plaintiff's contend that the Preliminary Landfill Site Suitability Report (PLSSR) is not clear on why *Malaa* was not selected. Finally, Plaintiff's submit that there is no federal or local law which would preclude the Government from considering *Malaa*.

Defendant's argue that Public Law 25-175 eliminated *Malaa* when the Integrated Solid Waste Management Plan was approved and adopted by the Legislature. Defendant's maintain that the Plaintiff's should have filed their preliminary injunction earlier because the Consent Decree was entered almost a year and a half ago and studies have already been completed on proposed landfill sites. Finally, the Defendant's contend that there are no local funds available to allow the study of *Malaa*.

The Court takes judicial notice of the Consent Decree filed with the District Court of Guam on February 11, 2004.

**Paragraph 9(a) of the Consent Decree states:**

Within 30 days, DPW shall submit a list of at least three potential landfill sites to U.S. EPA and GEPA. Within 300 days (approximately 10 months), DPW shall complete an Environmental Impact Statement (EIS) that includes a detailed analysis and comparison of at least three potential landfill sites for the MSWLF and identifies DPW's preferred alternative for the MSWLF. DPW shall provide U.S. EPA and GEPA with a copy of the draft and final EIS within 10 days after completion of the draft and final EIS.

To comply with the Consent Decree a Preliminary Landfill Site Suitability Report (PLSSR) was prepared in March 2004 by GEPA in association with the Department of Public Works. The PLSSR was prepared to identify potential landfill sites for which an EIS will be prepared. Section

3

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

II of the PLSSR identifies the methods used in developing an initial potential landfill site list.

Section III, Site Screening Assumptions states:

E. More than twenty potential landfill locations have been examined, applying a variety of scientific rigor and technical criteria over the past twenty years. None of the previously identified sites were evaluated based on current (as early as 1992) RCRA Subtitle D location restrictions and design requirements. The two partial exceptions to this statement are the sites which were evaluated by the *Draft Environmental Impact Statement – Solid waste Management Facility for the Island of Guam*, 1995 (J.C. Tenorio and Associates, Inc., Consulting Engineers). These two sites (Malaa and Guatali) were selected from previous studies from the 1970s and 1980s and evaluated using RCRA Subtitle D requirements. This Screening process represents the first ever effort to apply Subtitle D requirements to the identification of potential landfill sites throughout Guam.

Additionally, Section V Exclusionary Criteria states:

A. Slopes in excess of 20% are considered too unstable for safe, cost effective landfill construction and phasing, especially when considering liner side slope design requirements.

*Malaa* was listed as one of twelve potential sites. Under Section VI of the PLSSR, Exclusion Area Mapping Results, *Malaa* was eliminated based on existing land use incompatibility. Then in Section VII, as a previously identified site in the Tenorio EIS, *Malaa* was eliminated by slope exclusionary criterion.

Dr. Melnyk testified he reviewed the PLSSR and could not explain incompatible land use as it was not expanded on in the PLSSR. Therefore, he could not give an opinion on why *Malaa* was eliminated based on existing land use incompatibility.

Based on Dr. Melnyk's testimony and a review of the PLSSR the Court finds that the site was considered during the initial evaluations. The Court may not substitute its own judgment for the executive branch's decision if there is evidence, as here, that *Malaa* was seriously considered and then rejected due to land use incompatibility.

4

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

*Malaa* was also eliminated because of slope exclusionary criteria. Plaintiff's argue that there is no requirement under the federal or local law which mandates that a landfill with a slope greater than 20% be excluded. Dr. Melnyk testified he disagreed with the 20% slope exclusion. Dr. Melnyk also testified that he has seen landfills with a slope greater than 20% and it is feasible to build a landfill where the slope is in excess of 20%. Further, Dr. Melnyk testified that the greater the slope the more construction is required. Although Dr. Melnyk testified that slope should not be used as an exclusionary factor he stated that it can be a detrimental factor when considering a potential landfill site because each landfill is site specific.

Mr. Tenorio, testified that under the Draft EIS the slope analysis done on *Malaa* was based on existing topography. The Draft EIS evaluated *Malaa* using RCRA Subtitle D requirements. Tenorio further testified that the Draft EIS used a slope in excess of 30% as a weighting criteria and under RCRA, slope is a criteria considered when evaluating a landfill. Finally, Tenorio testified that the slopes at *Malaa* were adequate to sustain the waste.

Plaintiff's are asking the Court to stop the illegal expenditure of funds toward a site not consistent with Guam law. To grant the preliminary injunction the Plaintiff's must show (1) a likelihood of success on the merits and (2) irreparable injury. The Plaintiff's would like for *Malaa* to be considered as one of the potential sites. Plaintiff's argue that *Malaa* should not have been excluded. Although the Plaintiff's contend that the exclusion of *Malaa* is in contravention with Guam law the Court finds it was appropriately considered.

The Court must note that it is not an expert in the environmental field and therefore is not in a position to determine the exact feasibility of *Malaa*. The testimony of both Dr. Melnyk and Mr. Tenorio revealed to the Court that although slope should not be one of the exclusionary factors for

5

Rosanna San Miguel, et al., vs.
Department of Public Works, et al.
**Decision and Order**
Civil Case No. CV0892-04

---

a landfill, it is an important factor that is considered, even under RCRA Subtitle D. Dr. Melnyk and Tenorio may disagree with the criteria used in the PLSSR, but there is insufficient evidence to show the criteria used was flawed.

The Plaintiff's would like for *Malaa* to be considered as one of the potential sites. However, Plaintiff's claim of a likelihood of success on the merits fails because *Malaa* was appropriately considered. The PLSSR revealed that DPW and GEPA undertook a review of available records, including the Draft EIS and used specific exclusionary methods to conduct the screening process. Plaintiff's have failed to provide sufficient evidence that the criteria used in the PLSSR was flawed.

Therefore, the Court finds there is sufficient evidence to show that *Malaa* was appropriately considered and rejected as a proposed landfill site.

## CONCLUSION

For the reasons articulated above, Plaintiff's Motion for a Preliminary Injunction is DENIED.

SO ORDERED: Sept 16, 2005.

Honorable Katherine A. Maraman
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court, Guam.
Dated at Agana, Guam

Jimmy L. Pinaula
Clerk, Superior Court Guam

CABOT
MANTANONA LLP
BankPacific Bldg., Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

RECEIVED
/:37p
OCT 2 0 2005
SUPREME COURT
OF GUAM

IN THE SUPERIOR COURT OF GUAM

CV05-017

| | |
|---|---|
| ROSSANA SAN MIGUEL, JOSE S.N. CHARGUALAF, ANGELO N. GOMBAR, ANTHONY DUENAS LEON GUERRERO, LAWRENCE C. PORTELA, TONY A. QUINATA, and FRANKLIN M. TAITAGUE, | CIVIL CASE NO. CV892-04 |
| Plaintiffs-Appellants, | |
| v. | **NOTICE OF APPEAL** |
| DEPARTMENT OF PUBLIC WORKS, JOSEPH W. DUENAS, in his capacity as Acting Director of the Department of Public Works, GUAM ENVIRONMENTAL PROTECTION AGENCY, FRED M. CASTRO, in his capacity as Administrator of the Guam Environmental Protection Agency, JOHN JOCSON, ROBERT A. PERRON, JOSE A. PINAULA, ANDREW CHUNG PARK, GEORGE LAI, FLORIDA SANCHEZ, solely in their official capacity as GEPA Board Members, and DOES I-X, | |
| Defendants-Appellees. | |

**TO THE CLERK OF THE SUPERIOR COURT OF GUAM:**

Pursuant to the Rules of Appellate Procedure for the Supreme Court of Guam, all

plaintiffs hereby give notice of appeal from the Decision and Order entered on July 7, 2005;

20052359

EXHIBIT C

the Decision and Order re Preliminary Injunction entered on September 20, 2005; and the

Order entered on October 17, 2005.

**DATED** this 19th day of October, 2005.

> CABOT MANTANONA LLP
> Attorneys for Plaintiffs-Appellants
>
> By: _____
> CESAR C. CABOT

TSC:km
LANDFILL/NOTICE OF APPEAL