

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

Attorneys for the Government of Guam



# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Civil Case No. 02-00022 |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE REQUEST FOR JUDICIAL NOTICE AND TO TAKE JUDICIAL NOTICE |
| GOVERNMENT OF GUAM, | ) |
| Defendant. | ) |

## APPLICABLE STATUTES

**RULE 201, JUDICIAL NOTICE OF ADJUDICATIVE FACTS, FEDERAL RULES OF EVIDENCE**

(a) Scope of rule. This rule governs only judicial notice of adjudicative facts.

(b) Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either, (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.

(c) When discretionary. A court may take judicial notice, whether requested or not.

(d) When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information, whether requested or not.

(e) Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

(f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding.

(g) Instructing jury. In a civil action or proceeding, the court shall instruct the jury to accept as true any fact judicial noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

## 28 U.S.C. §1652. STATE LAWS AS RULES OF DECISION.
The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases were they apply.

## DISCUSSION

On two occasions the legality of the site selection of any sites other than Guatali and Malaa were brought before the Superior Court and the question was decided in favor of the Layon/Dandan sites' legality. That decision is now under appeal and the outcome of that appeal could impact these proceedings. This Court has been provided with the necessary information to take judicial notice of the proceedings before the Supreme Court and it is allowed to take such notice. "Rule 201 does not permit a trial court to take judicial notice of any facts found by a court in another judicial proceeding. *Wyatt v. Terhune*, 313d 1108, 1114 (9th Cir. 2003) (citing *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983)). However, a court may take judicial notice of the existence of another court's opinion. *Cal. Ex rel. RoNo, LLC v. Altus Fin. S.A.*, 344 F.3d 920, 931 (9th Cir. 2003); Lee, 250 F.3d at 690. …Based on the Ninth Circuit's opinions in *Wyatt* and *M/V Am. Queen*, the Plaintiff's

argue that the Court should not take judicial notice of either the criminal complaint the SEC filed against Paul Sandifur (Document 6) or the Class Action Complaint filed in this Court (Document 11). (Ct. Rec. 72 at 7) The Court is not persuaded by this argument. *Wyatt* and *M/V Am. Queen* are distinguishable from the present case because the Defendants are not asking the Court to take notice of any findings of fact. Rather, the Defendants ask the Court to recognize the existence of these two related proceedings. (Ct. Rec. 77 at 3.) Under *Wyatt* and *M/V Am. Queen*, the Court may take notice of the fact that the SEC has filed a criminal complaint against Sandifur in the Western District of Washington. It may also take judicial notice of the fact that a class action is pending against Metropolitan in this Court. The Court may not, however, accept any of the allegations of these complaints as true." Metropolitan Creditor's Trust, et al. v. Pricewaterhousecoopers, LLP, 463 F.Supp2d 1193, 1199 (E.D. Wash. 2006).

Thus it is appropriate to ask this Court to take notice of the existence of this proceeding and its effect on Guam law. The possible effect is that the Supreme Court may find that the Consent Decree exceeded the authority of those who signed it because the selection of any site other than Guatali or Malaa was illegal.

The Ninth Circuit has addressed the legality of consent decrees which are later found to be beyond the authority of the local officials who agreed to them. "In sum, none of the substantive arguments based on federal statutory or constitutional law compel reversal of the district court's approval of the Stipulated Judgment. There is, however, a serious question of whether the agreement between the Commission and SoCal Edison violated state law, both in substance and in the procedure by which the Commission agreed to it. If so, then the Commission lacked capacity to consent to the Stipulated Judgment, and we would be required

to vacate it as void. State officials cannot enter into a federally-sanctioned consent decree beyond their authority under state law. See *Keith v. Volpe*, 118 F.3d 1386, 1393 (9th Cir. 1997) (consent decree could not be interpreted to supplant California Outdoor Advertising Act because state agency would not have authority to agree to such a decree); "*Wash. V. Penwell*, 700 F.2d 570, 573 (9th Cir. 1983) (vacating a consent decree that required the state of Oregon to fund a prisoners' legal services program because the Attorney General acted beyond his authority and therefore "the consent decree was void to the extent that it exceeded defendant's authority")." Southern California Edison Co. v. Lynch, 307 F.3d 794, 810 (9th Cir. 2002).

The contention of the San Miguel Plaintiffs in the matter is exactly that a voluntary agreement to place the landfill any place other than the two sites mentioned violated Guam law. In turn, a finding by the Supreme Court of Guam in agreement with that contention would mean that Guam law was violated and this Court would be required by Ninth Circuit precedent and 28 U.S.C. §1652 to declare the consent decree null and void.

We believe that this result is not likely and it would be contrary to the position taken by the Attorney General in the trial court and on appeal. Nevertheless, our duty to the Court requires us to bring this possibility to the Court's attention.

Respectfully submitted, this 11th day of July, 2007.

OFFICE OF THE ATTORNEY GENERAL
**Alicia G. Limtiaco, Attorney General**

By: *[signature]*
**DAVID CHARLES SULLIVAN**
Assistant Attorney General