**Office of the Attorney General**
**Alicia G. Limtiaco**
Attorney General of Guam
**Civil Division**
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

**Attorneys for the Government of Guam**

**FILED**
DISTRICT COURT OF GUAM
NOV 28 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL CASE NO. 02-00022 |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S PROPOSED ORDER** |
| GOVERNMENT OF GUAM, | ) | |
| Defendant. | ) | |

On November 20, 2007, the Court held a status hearing in the above matter. At the hearing, the Court requested that the parties file Proposed Orders on or before November 28, 2007. Attached is Defendant's Proposed Order.

As was brought out by the Court at the last status hearing, under the Organic Act, the Government of Guam includes all branches of government including both the Executive and Legislative Branches. Although Counsel signing this pleading represents the Defendant Government of Guam, Counsel must advise the Court that in this and other pleadings, he

Page 1
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022   Document 173   Filed 11/28/2007   Page 1 of 13

cannot speak on behalf of each of the individual member of the Legislature or the Legislative body as a whole. There are no doubt differences of opinion among the individual members of the Legislature on various issues covered in the Proposed Order. And the will of the Legislative body as a whole is unknown and cannot be determined.

Respectfully submitted this 28th day of November, 2007.

OFFICE OF THE ATTORNEY GENERAL
**ALICIA G. LIMTIACO, Attorney General of Guam**

By: *[signature]*
_____
**J. PATRICK MASON**
Deputy Attorney General

Page 2
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022   Document 173   Filed 11/28/2007   Page 2 of 13

**Office of the Attorney General**
**Alicia G. Limtiaco**
Attorney General of Guam
**Civil Division**
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

**Attorneys for the Government of Guam**

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL CASE NO. 02-00022 |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| GOVERNMENT OF GUAM, | ) | |
| Defendant. | ) | |

## BACKGROUND

On August 7, 2007 the United States filed a complaint against the Government of Guam ("GovGuam") alleging violation of the Clean Water Act – 33 U.S.C. §§ 1251-1387. On February 11, 2004, a Consent Decree, signed by the parties, was filed with the Court. On January 31, 2007, GovGuam filed a Motion to Modify the Consent Decree. On January 31, 2007, the United States filed a Motion to Enforce the Consent Decree. On July 6, 2007, the Magistrate Judge issued a Report and Recommendation ("Magistrate's Report"). In his Report, the Magistrate Judge recommended that the United States' motion be granted in part.

Page 1
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022    Document 173    Filed 11/28/2007    Page 3 of 13

Magistrate's Report at 30. In granting the United States' motion in part, the Magistrate Judge recommended that the Court require the filing of certain Reports, set certain interim timelines for accomplishing various tasks and monitor GovGuam's progress toward the goals of closing the Ordot Landfill and opening a new landfill. See Magistrate's Report generally. The Magistrate Judge recommended that GovGuam's motion be denied "at this time." *Id.* at 30.

## FINDINGS AND ORDERS

The remedy sought by the United States in its motion to enforce the Consent Decree is a request to the Court to require GovGuam to meet certain interim milestones. U.S. Memorandum in Support of Motion to Enforce Consent Decree, at 16-19 (filed 1/31/07). The United States has stated: "At this point, the United States believes that compliance with the interim milestones [of the Magistrate Judge] will enable GovGuam to handle its own trash problems." U.S. Supp. Br. at 11 (filed 10/29/07). GovGuam has stated that it "agrees that setting realistic interim milestones will enable the Government to complete the task of closing Ordot Landfill and opening a new landfill." GovGuam Supp. Br. at 2 (filed 11/5/07). This Court agrees that at this time, interim timelines and Court monitoring are required and therefore, makes the following findings and orders.

**1. Law Review Commission.**

The Magistrate Judge recommended formation of a Law Review Commission ("LRC") to draft legislation to replace Article I of the Solid Waste Management Act (P.L. 24-139 and P.L. 24-272 and amendments thereto).

Magistrate's Report at 27. The Magistrate also recommended that the LRC seek the introduction of all legislation deemed necessary for closure of the Ordot Landfill and construction of a new landfill. *Id.* The Governor has issued Executive Order 2007-09

Page 2
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022   Document 173   Filed 11/28/2007   Page 4 of 13

establishing an LRC to draft legislative policy for closing the Ordot Landfill and opening a new solid waste site. Senator Espaldon, the Chairperson of the LRC, has submitted Bill 58 to the Legislature. The Bill is intended to address the Magistrate Judge's concerns regarding the status of Public Laws 24-139 and 24-272 and the amendments thereto. The LRC has prepared draft legislation for the formation of a public corporation, another recommendation of the Magistrate Judge. The draft legislation would establish the Guam Recycling and Solid Waste Authority ("RASA"). Neither party has expressed any objection to the present makeup of the membership of the LRC established pursuant to Executive Order 2007-09. The Court, therefore, orders the LRC established by the Governor's Executive Order continue its work in drafting legislation to establish RASA. The LRC shall also draft and seek the introduction of legislation deemed necessary in order to close the Ordot Landfill and open a new landfill.

Before the Court at this time is the opening of a new landfill at Layon. Layon is the new landfill site selected by Guam's Solid Waste Management Division of the Department of Public Works. GovGuam has recommended this site for approval by the United States Environmental Protection Agency ("USEPA"). The USEPA has given its approval of the site. The Court does not oppose consideration of other solid waste options for GovGuam. However, the Court believes that because of the years already spent in selecting a new landfill site and studying the feasibility of a landfill at Layon, the most expeditious way to allow closure of the Ordot Landfill is to continue toward opening of a new landfill site at Layon. The LRC must, therefore, move forward with drafting and introducing the legislative bills deemed necessary to open a new landfill at the Layon site.

Page 3
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022   Document 173   Filed 11/28/2007   Page 5 of 13

## 2. Public Corporation.

The Magistrate Judge recommended the formation of a public corporation under the Guam Consolidated Commission on Utilities ("CCU") to replace the Solid Waste Management Division ("SWM") of the Guam Department of Public Works ("DPW"). The LRC has drafted legislation to form a public corporation -RASA- to replace SWM. However, under the draft legislation, RASA would be under a seven member board appointed by the Governor with the advice and consent of the Legislature. RASA would not be under the oversight of the CCU.

It is a well established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs. Rizzo v. Goode, 96 U.S. 598, 608 (1976). Federal Courts should always seek to minimize interference with the legitimate state activities in tailoring remedies. Stone v. City and County of San Francisco, 968 F.2d 850, 861 (9th Cir. 1992). In employing their broad equitable powers, federal courts should exercise the least possible powers adequate to the end proposed. *Id.*

The make up of the governing body of RASA does not directly affect the implementation of the Consent Decree. It is a GovGuam policy decision best left to the Guam Legislature and the Governor. Therefore, the Court will not interfere with the will of the Legislature and the Governor on this matter and approves of the LRC's draft legislation to establish RASA.

The LRC has been meeting at least weekly and at times twice or three times a week. The Court commends of this diligence. In accord with the Magistrate Judge's recommendation, the Court orders that the LRC meet in public at least once a month, but encourage continuation of the more frequent meetings.

Page 4
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022   Document 173   Filed 11/28/2007   Page 6 of 13

### 3. Milestone Timelines.

As recommended by the Magistrate Judge (Magistrate's Report at 28), within 60 days of the entering of this order on the Court's docket, the LRC's proposed legislation to establish RASA shall be submitted in bill form to the Legislature. The Magistrate Judge has recommended that within 120 days from the creation of a new public corporation, it shall submit to the Public Utilities Commission ("PUC") a petition for approval of revenue bonds and the use of bond proceeds. *Id.* at 28-9.

Once RASA becomes law, the legislation will have to be implemented. The Governor must expeditiously appoint the RASA board members for advice and consent by the Legislature. Once the new board and the corporate officers are in place, RASA must begin to obtain the necessary financing to allow closure of the Ordot Landfill. The measures to obtain financing shall include the issuing of revenue bonds. The draft RASA legislation gives RASA the authority to issue bonds. Within 120 days after a public corporate board is in place, the RASA board shall submit to the PUC a petition for approval of revenue bonds and the use of bond proceeds. The PUC shall take action on the petition within 90 days of the petition being filed. GovGuam shall request legislation authorization of the bond financing within 45 days following PUC approval.

The Magistrate Judge has recommended that the new corporation shall, within 90 days of its creation, file with the PUC a plan for implementing a proposal to: (i) procure services of a company to collect residential waste for the island; (ii) to either privatize its billing and collection or establish a protocol under the which the Guam Power Authority would undertake

Page 5
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022   Document 173   Filed 11/28/2007   Page 7 of 13

the responsibility; (iii) to restructure its business relationship with commercial haulers. *Id.* at 28.

GovGuam has prepared an invitation for bids for solid waste collection which has been submitted to the General Services Agency of the Department of Administration for review. GovGuam shall continue to procure solid waste collections services in an expeditious manner without waiting for the formation of a public corporation.

GovGuam has already outsourced its solid waste billing and collections systems for both residential and commercial customers. This privatization timeline has, therefore, been met.

**4. Site Acquisition.**

The Magistrate Judge has recommended that GovGuam negotiate the acquisition of the Layon site for the new landfill or initiate eminent domain proceedings to acquire the site within 120 days of the formation of a new corporation. *Id.* at 29. GovGuam has stated that it has federal funds available to acquire the Layon site, but it has not been able to negotiate acquisition of the site. GovGuam shall begin eminent domain proceedings to acquire the Layon site within 120 days of the entering of this Order on the Court docket.

**5. Receivership.**

The Magistrate Judge did not recommend appointment of a receiver. The Unites States did not ask for appointment of a receiver at this time. In its motion to enforce the Consent Decree, the United States indicated that it reserved the right to request appointment of a receiver. U.S. Memorandum in Support of Motion to Enforce Consent Decree, at 19-20 (filed 1/31/07). GovGuam opposes appointment of a receiver. GovGuam has not refused to comply

Page 6
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022   Document 173   Filed 11/28/2007   Page 8 of 13

with the Consent Decree. Although GovGuam has not met the timelines set forth in the Consent Decree, it has taken many steps to open a new landfill so that it can close the Ordot Landfill. Appointment of a receiver will add cost to accomplishing the goals of the Consent Decree at a time when GovGuam's financial resources are scarce. Appointment of a receiver is a drastic remedy that impinges upon the sovereignty of a state or territoritorial government. Consequently, the Court will not order the appointment of a receiver at this time.

### 6. Reporting.

In accord with the Magistrate Judge's recommendations, and without any objections from the parties, the Court orders that GovGuam shall submit monthly Reports about daily trash cover at the Ordot Landfill and monthly Reports identifying and explaining any failures to comply with the milestones ordered by this Court. GovGuam has asked to be allowed to file quarterly Reports informing the Court of its revenue collected from solid waste tipping and user fees, instead of the monthly Reports recommended by the Magistrate Judge. The United States does not object to quarterly Reporting. The Court, therefore, orders GovGuam to submit quarterly Reports to the Court stating the revenue collections.

### 7. Monitoring.

The Court will continue to schedule monthly status conferences in order to monitor GovGuam's progress toward fulfilling the goals of the Consent Decree.

### 8. Public Law 29-19:VI:98.

In Public Law 29-19, Chapter VI, Section 98 ("Section 98"),[1] the Legislature expresses its findings that the government's proposed landfill site identified as *Dandan or Layon* is

---

[1] In its entirety, Public Law 29-9:VI:98 provides:

Page 7
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022   Document 173   Filed 11/28/2007   Page 9 of 13

privately owned and upon final selection thereof, the government of Guam must purchase it.

Section 98. Expenditure of Public Funds for Landfill.

(a) Legislative Findings and Intent. *Liheslaturan Guåhan* finds that the government's proposed landfill site identified as *Dandan or Layon* is privately owned and that the government of Guam, upon final selection thereof, must purchase it. Failure to acquire the property before the government solicits a landfill design specific to that site will increase the market value of the property.

*Liheslaturan Guåhan* additionally finds that a site-specific fiscal plan must be prepared that describes all the costs of the landfill project, including property acquisition; site mitigation requirements; infrastructure needs such as power, water, wastewater and roadways; construction of the landfill itself; and a detailed personnel budget. Therefore, *I Liheslaturan Guåhan* intends to save millions of dollars by ensuring that the government acquires the property for a new landfill before making site-specific expenditures and to determine the total cost of constructing a landfill and preparing it for use.

(b) Prohibition on Expending Public Funds. All government of Guam agencies, departments, bureaus, boards, commissions, public corporations, autonomous and semi-autonomous agencies, including the A. B. Won Pat International Airport Authority, Guam, the Guam Power Authority, the Guam Housing and Urban Renewal Authority, the Guam Housing Corporation, the Guam Economic Development and Commerce Authority, the Guam Memorial Hospital Authority, the University of Guam, the Jose D. Leon Guerrero Commercial Port, the Guam Waterworks Authority, the Government of Guam Retirement Fund, and the Guam Visitors Bureau, and all other government instrumentalities, *shall* not expend funds on site-specific preparation, design work, mitigation, infrastructure upgrade *or* installation, *or* construction of a new landfill, *unless* the government of Guam has acquired and recorded fee simple ownership of the property in question.

(c) Within sixty (60) days of the effective date of this Act, the Director of Public Works *shall* submit to *I Maga'lahen Guåhan* and *I Liheslaturan Guåhan* a financing plan enumerating in detail all costs associated with the new landfill, including, but *not limited to:*

(1) purchase of the property;

(2) environmental mitigation within the landfill footprint, buffer zone, and other affected areas, including, *but not limited to,* water sources, rivers, streams, tributaries, wetlands, surface water, ground water, drainage, and erosion;

(3) infrastructure needs, including, *but not limited to,* power, water, wastewater and roadways, including climbing lanes for trucks, mitigation of blind-curves and other hazards, shoulder widening, roadway widening, addition of new traffic lanes, traffic management, drainage and storm drainage improvements, access and utility roads, upgrading road markings and signage, and upgrading bridges;

(4) landfill construction; and

(5) annual landfill operation and maintenance costs.

(d) The Director of Public Works, the Administrator of the Guam Environmental Protection Agency, and any other head of an executive branch *or* agency that has expended funds on a new landfill *shall,* within thirty (30) days of passage of this Act, submit a Report regarding the purpose, amount and source of that expenditure to the Speaker of *I Liheslaturan Guåhan.*

Page 8
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022   Document 173   Filed 11/28/2007   Page 10 of 13

Section 98 also provides that all Government instrumentalities "*shall* not expend funds on site-specific preparation, design work, mitigation, infrastructure upgrade *or* installation, *or* construction of a new landfill, *unless* the government of Guam has acquired and recorded fee simple ownership of the property in question." (italics in original). Section 98 further provides that the amount and source of any expenditure of funds for a new landfill shall, within 30 days, be reported to the Legislature. As a result of the prohibition on expenditure of funds in Section 98, TG Engineers PC has stopped its work on the hydrogeological study of the Layon site and will not complete its landfill design for the site.

The Consent Decree provides various remedies for violation of its provisions. The Consent Decree provides that GovGuam shall pay penalties for failure to meet certain specified deadlines in the Consent Decree. Consent Decree, Sec. VI. 12 at 12. Through September 23, 2007, GovGuam has accrued penalties of $2,855,000. In addition to stipulated penalties, the United States has reserved the right to seek other relief it deems appropriate, including, but not limited to, action for statutory penalties, contempt, or injunctive relief. *Id.* Sec. VI. 16 at 14.

The Court has inherent power to enforce compliance with its consent decrees. Spallone v. United States, 493 U.S. 265, 267 (1990). "It is well settled that a state law which purports to nullify or prevent compliance with a federal judicial decree is unconstitutional and without effect." Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania, 533 F. Supp. 869, 878 (E.D. Penn. 1982), *citing* Washington v. Washington State Commercial Passenger Fishing Vessel Association, 443 U.S. 3055, 3077-3080 (1976) and other U.S. Supreme Court decisions, *cert denied* 459 U.S. 969 (1982); *see also*, Spain v. Mountanos, 690 F.2d 742 (9th 1982) and Hook v. State of Arizona, 907 F. Supp. 1326 (D. Ariz. 1995). However, the Court in Delaware Valley Citizen's Counsel adds:

Page 9
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022    Document 173    Filed 11/28/2007    Page 11 of 13

> Nevertheless, there are serious limits not reached by the cases cited above on the power of the federal government to require action on the part of state government. The Supreme Court has held that Congress, in enacting legislation otherwise within its authority, may not impose burdens on states which impair essential attributes of state sovereignty.

*Id.* at 878, *citing* <u>National League of Cities v. Usery</u>, 426 U.S. 833 (1976). Although Guam is not a state, the government of Guam has inherent sovereign immunity. <u>Marx v. Government of Guam</u>, 866 F.2d 294, 298 (9th Cir. 1989). A federal court ought not to put itself in the difficult position of trying to enforce a direct order to raise and allocate large sums of money, steps traditionally left to appropriate executive and legislative bodies responsible to the voters. <u>Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania</u>, 533 F. Supp. at 878.

The Consent Decree was entered into before the passage of Section 98. The Consent Decree requires GovGuam to meet timelines that have come and gone. It is essential to move forward with the construction of a new landfill in order to accomplish the goals of the Consent Decree. GovGuam has chosen Layon as the site for a new landfill. The final hydrogeological study of Layon is near completion. A major part of the design of a new landfill at Layon has been completed. Waiting until an eminent domain action is complete and the government has recorded fee simple ownership of the Layon property will further extend the violations of the Consent Decree timelines and increase the stipulated penalties in the Decree. Nonetheless, the Court does not wish to impose burdens on GovGuam which will impair essential attributes of Guam's sovereignty by ordering the expenditure of large sums of money that are not available in the government's budget. Completion of the hydrogeological study and landfill design was halted due to the spending prohibition in Section 98. Therefore, the Court orders GovGuam to move forward with completion of the hydrogeological study and landfill design as long as funds are available for this purpose.

Page 10
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022   Document 173   Filed 11/28/2007   Page 12 of 13

## CONCLUSION

The Court, hereby, orders that GovGuam comply with the requirements stated by the Court above.

---

**HONORABLE FRANCES TYDINGCO-GATEWOOD**
Chief Judge, U.S District Court of Guam

Page 11
Defendant's Proposed Order
United States of America vs. Government of Guam
District Court of Guam Case No. CV02-00022

Case 1:02-cv-00022   Document 173   Filed 11/28/2007   Page 13 of 13