IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL CASE NO. 02-00022 |
| Plaintiff, | ) | |
| v. | ) | **ORDER RE: CONDITIONS TO ENFORCE CONSENT DECREE** |
| GOVERNMENT OF GUAM, | ) | |
| Defendant. | ) | |

The court, having considered the U.S. Magistrate Judge's Report & Recommendations ("Report") filed on July 6, 2007, as well as the parties' responses to the Report, supplemental briefs, and oral argument at the status hearings on October 23, 2007 and November 20, 2007, hereby **DENIES** the Government of Guam's ("GovGuam") Motion to Modify the Consent Decree and **GRANTS** the United States Government's Motion to Enforce the Consent Decree as follows herein.

The Consent Decree required GovGuam to operate a new landfill by September 23, 2007, to complete the closure of the Ordot Dump by October 23, 2007, and to cease all discharges from the Ordot Dump to waters of the United States by October 23, 2007. GovGuam is currently in violation of the above obligations under the Consent Decree. As of November 20, 2007, $2,855,000 in stipulated penalties have accrued for GovGuam's violations of the Consent Decree, and stipulated penalties continue to accrue on a daily basis.

//

In light of GovGuam's failure to meet its obligations, and in particular, the failure of both the executive and legislative branches of the Government of Guam to present a unified position on how best to comply with the Consent Decree, this court is left with the duty and responsibility to consider various options which will ultimately result in the enforcement of the Decree. Such options include the imposition of fines, contempt proceedings and the appointment of a federal receiver to assume management and control of the Solid Waste Management division ("SWM") of the Department of Public Works ("DPW").

The court has carefully reviewed the U.S. Magistrate Judge's Report, which sets forth a series of interim measures designed to ensure GovGuam's compliance with the Consent Decree. Taking into consideration the reasons for GovGuam's current failure to timely comply with the Decree's deadlines, the court agrees in part with the recommended actions as delineated in the Report, and adopts such recommendations, to the extent set forth in this Order. The court notes that some of the recommendations if adopted will only serve to delay the closure of the dump. Accordingly, this court declines to order any measure that will prolong the closing of the Ordot Dump. Time is of the essence.

In addition, the court addresses issues herein that, although not specifically raised in the U.S. Magistrate Judge's Report, are nevertheless essential to ensure that GovGuam comes into compliance with the Consent Decree.

**1. ACQUISITION OF THE DANDAN SITE**

After extensive studies and research compiled by USEPA and the Guam EPA, GovGuam chose the Dandan site in 2005 as the best location for a landfill. According to Messrs. Tor Gudmudsen, a professional civil engineer, and Pankaj Arora, an environmental engineer for the USEPA Region IX, the Dandan site will pose no risk to the nearby water sources and no risk of leachate as the new landfill will have a minimum of a five-foot liner. *See* Docket No. 170. Additionally, a site visit to Dandan conducted by the court revealed the existence of monitoring wells designed to further prevent the risk of contamination.

There is nothing in the court's record to indicate that the selection of Dandan – the landfill site selected by GovGuam – will have a detrimental impact to the population of Guam or that

GovGuam is reconsidering its selection of the Dandan site. In fact, the Governor of Guam through his counsel, Mr. Ray Haddock, assured the court on November 20, 2007 that GovGuam is "prepared to move forward with the acquisition, and we still have the money set aside for the acquisition." *See* Docket No. 170 at 12.

In light of the Governor's commitment to move forward with the acquisition, and further, that GovGuam has set aside the funds, the court hereby orders that GovGuam negotiate the purchase of the Dandan site for the new landfill, or initiate eminent domain proceedings to acquire the site, on or before January 24, 2008.[1]

## 2. THE DANDAN SITE'S HYDROGEOLOGICAL REPORT AND FINAL DESIGN

DPW has contracted with Tor Gudmundsen of TG Engineering to complete a hydrogeological study and the final design for the Dandan landfill. According to representations made to this court by GovGuam, the hydrogeological study and final design will be completed by mid-December 2007. Notwithstanding the near completion of the study, Mr. Gudmundsen has informed the court that his work has been halted due to the lack of payment by GovGuam. The resolution of this issue should be undertaken by both the executive and legislative branches of the Government of Guam. A written Progress Report on the status of payment, the study, and final design shall be filed by GovGuam no later than January 8, 2008.

To the extent that the Consent Decree remains in effect, all existing impediments to progress in constructing and operating the Dandan landfill are potentially subject to scrutiny and challenge.[2] Moreover, GovGuam will be held to answer to such impediments, whether by way of fines or contempt proceedings or similar action within the powers of this court to enforce its own orders.

## 3. FINES

As of November 20, 2007, $2,855,000 in stipulated penalties have accrued for GovGuam's

---

[1] At the November 20, 2007 Status Hearing, Dominic Muna gave this date as when the Ordot Dump will be at capacity.

[2] The court is deeply concerned that there is legislation enacted that seemingly prohibits the opening of the new landfill. It cannot be ignored that GovGuam has already contracted approximately $9.3 million in work under the Consent Decree.

3

violations of the Consent Decree, and stipulated penalties continue to accrue on a daily basis.[3]/ Accordingly, the court hereby orders this amount due in full and payable to the United States Government on or by January 24, 2008, for such violations.

**4. CONTEMPT**

Parties shall file briefs concerning the extent of this court's civil contempt powers. In particular, parties should address the entity, or the person(s) who may be held in contempt, and shall discuss the appropriate sanction(s) that may be imposed. The United States Government is hereby ordered to file its brief by January 8, 2008. GovGuam is ordered to file its response by January 14, 2008. The United States Government may file a reply by January 17, 2008.

**5. RECEIVERSHIP**

GovGuam's failure to abide by the mandates of the Consent Decree is disconcerting. The inaction and lack of interest in giving the issue of the Ordot Dump closure the priority that it is due ignores the current environmental and health concerns resulting from the failure to close the dump. In light of GovGuam's failure to act, the court ordered the parties to submit a list of qualified receivers recommended to assume operation and control of SWM by January 18, 2008. The court still finds such submissions necessary.

**6. OPERATIONS REPORT AND CLOSURE OF ORDOT DUMP**

Evidence has been presented to the court by DPW Superintendent, Mr. Dominic Muna, that by January 24, 2008, the Ordot Dump will have no available airspace for municipal solid waste. Mr. Muna also noted that DPW currently lacks equipment to compact material at the Ordot Dump. GovGuam has failed to present or offer any concrete proposals to ameliorate these problems.

Accordingly, the court orders, with respect to the operations and closure of Ordot Dump, the following:

    A.    GovGuam shall file an Action Report by January 21, 2008. The report shall provide an estimate of the remaining airspace at the Ordot Dump and set forth a detailed

---

[3]/ This figure is based on the figure the United States submitted in its brief filed on November 21, 2007. *See* Docket No. 167. In subsequent pleadings, GovGuam did not dispute that amount.

4

explanation of the steps GovGuam intends to take concerning municipal solid waste disposal when the Ordot Dump is closed and the new landfill is not yet operational.

    B.    GovGuam shall file an Ordot Dump Closure Report to the court, and copies shall be served to USEPA and Guam EPA, no later than January 8, 2008. The report shall contain a list of required actions that are needed to prepare the Ordot Dump site for closure and a schedule that corresponds to the implementation and completion of each action.

    C.    USEPA and Guam EPA shall use their best efforts to review and file comments regarding the Ordot Dump Closure Report to GovGuam and this court, by January 14, 2008.

    D.    Upon receipt of USEPA and Guam EPA's comments, if any, GovGuam shall respond to and/or incorporate USEPA and Guam EPA's comments in a Revised Ordot Dump Closure Report, which shall then be due to this court no later than January 17, 2008.

**7. PUBLIC AUDITOR'S REPORT**

The Public Auditor issued a Performance Audit entitled "Department of Public Works Commercial Tipping Fees," OPA Report No. 07-08 (August 2007). *See* Docket No. 138. The Public Auditor identified the following deficiencies at DPW: (1) an inefficient billing and collection process; (2) the commercial haulers' continued use of the Ordot Dump despite being delinquent on payments to DPW; (3) DPW's loss of an estimated $4 million in revenue from October 2003 to January 2007 due to DPW's inability to provide service to 12,000 residential customers; (4) the loss of an undetermined amount of revenue since 1997 because of an inoperable weigh scale at the Ordot Dump; (5) the loss of an undetermined amount of revenue due to the lack of procedures to bill and collect from government agencies that use Ordot Dump; (6) DPW's inability to enforce penalties against commercial haulers for non-payment, due to the lack of service agreements and contracts for the collection and disposal of solid waste; it does not have the ability to enforce penalties such as denying access to the Ordot Dump to commercial haulers for non-payment; and (7) the loss of approximately $43,470 in tipping fee revenues from April 2006 to January 2007 due to payment

5

exemptions to all village Mayors.

The Performance Audit also provided a list of specific recommendations to the DPW Director and the Department of Administration Director. *See* OPA Report No. 07-08 (Aug. 2007) at 21.

In order to ensure that GovGuam promptly assesses and/or implements the Public Auditor's recommendations, the court hereby orders that GovGuam shall submit a Response to Performance Audit Recommendations to the court by February 14, 2008. In the Response, GovGuam shall provide details regarding the actions it has taken to implement the Public Auditor's recommendations. If for some reason GovGuam has not implemented a recommendation, GovGuam shall provide a schedule for its planned implementation. If GovGuam does not plan to implement any recommendation in the Performance Audit, GovGuam shall also provide a detailed explanation of its reasons for not implementing the recommendation and shall propose an alternate plan, together with an implementation schedule, to address the underlying problem identified in the Performance Audit.

### 8. MONTHLY STATUS HEARINGS AND SITE VISITS

The court hereby gives notice that a status hearing shall be held every month to determine: (1) whether GovGuam is in compliance with this Order; (2) the steps GovGuam has taken to close the Ordot Dump; (3) the progress GovGuam has made in opening the new landfill at Dandan; and (4) whether the court should order additional measures to ensure GovGuam's continued progress toward compliance with the Consent Decree. For such time as the Ordot Dump remains operational, GovGuam shall file a declaration under oath by the Governor and DPW Director that GovGuam has provided sufficient daily cover over the trash at the Ordot Dump. Such declaration shall be filed one week prior to the scheduled status hearing(s).[4]

The court also gives notice that monthly site visits will occur to the Ordot Dump, the Lonfit River, the Dandan landfill site, the military landfill sites on Guam, DPW's transfer stations, or other sites the court deems to be relevant to this matter. The court invites every member of the Legislature to attend any of the site visits. Upon visiting the Ordot Dump, one cannot help but appreciate more acutely the gravity of the situation.

---

[4] The filing of these declarations will no longer be required upon the closure of the Ordot Dump.

6

The court hereby orders the personal appearance of Governor of Guam,[5] the Acting Speaker,[6] Senator Espaldon, DPW Director Larry Perez, DPW's Project Manager for the Consent Decree, and Guam EPA Administrator Lorilee T. Crisostomo at all monthly status hearings and site visits. In light of her past participation and knowledge in this matter, the court also requires that Cynthia U. Jackson also personally appear at all status conferences and site visits as long as she is employed by DPW.

**9. SOLID WASTE LAW REVIEW COMMISSION**

In his Report, the U.S. Magistrate Judge recommends that GovGuam establish a Law Revision Committee to address GovGuam's general legislative policy regarding the closure of the Ordot Dump and the opening of a new landfill.

In response to the U.S. Magistrate Judge's Report, on July 23, 2007, GovGuam's Acting Governor issued Executive Order 2007-09, wherein he recognized that "the Ordot Dump continues to pose a threat to public and environmental health and must be closed pursuant to a Consent Decree." The executive order also established a Solid Waste Law Review Commission ("LRC") to address solid waste management legislative policy for the Government of Guam.

Thus, because of the executive branch's direct response to the U.S. Magistrate Judge's recommendation regarding the Law Review Commission, the court need not address the merits of the U.S. Magistrate Judge's recommendation.[7]

//

//

---

[5] If the Governor is unable to attend, he may designate the Lieutenant Governor to attend.

[6] If the Acting Speaker is unable to attend, he may designate the Vice-Speaker to attend.

[7] It should be noted that while this court's assessment of the U.S. Magistrate Judge's recommendation regarding the Law Review Commission has been rendered moot by virtue of Executive Order 2007-09, the court would have been inclined to reject the U.S. Magistrate Judge's recommendation in this regard. While the LRC has shown its commitment to the process, the court recognizes its inherent limitation. The LRC is without the aid of environmental and engineering professionals and the actual authority to implement needed measures. With that said, it is the court's view that any further delegation of responsibility to the LRC only serves to remove any accountability and responsibility held by the island's elected officials.

**10. S<span style="font-variant:small-caps">OLID</span> W<span style="font-variant:small-caps">ASTE</span> M<span style="font-variant:small-caps">ANAGEMENT'S</span> R<span style="font-variant:small-caps">ECONSTITUTION AS A</span> P<span style="font-variant:small-caps">UBLIC</span> C<span style="font-variant:small-caps">ORPORATION</span>**

The U.S. Magistrate Judge through his Report also recommended that DPW's SWM be reconstituted as a public corporation under the oversight of the Consolidated Commission on Utilities ("CCU"). While the court recognizes that incorporation may be a solution to accomplish the mandates of the Consent Decree and should be considered, the court can find no authority by which it may explicitly order DPW, an entity of the executive branch, to reorganize and move in this direction. Accordingly, the court declines to adopt such recommendation.[8]

It is without a doubt the responsibility of the Governor of Guam and every member of the Guam Legislature to diligently ensure that the Ordot Dump is closed and that the new landfill at Dandan be opened. It cannot be overemphasized that, at the end of the day, it will take a commitment and concerted effort by both the executive and legislative branches of the Government of Guam to solve one of the most urgent crises facing the island and its people.

The court retains its jurisdiction to enforce both this Order and the Consent Decree, and will closely monitor GovGuam's progress in moving toward eventual compliance with the terms of the Consent Decree.[9]

IT IS SO ORDERED.



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Dec 14, 2007**

---

[8] While the court declines to adopt the recommendation that SWM be reconstituted as a public corporation under the oversight of the CCU, it does not appear that DPW is prohibited from seeking assistance directly from the CCU. Additionally, GovGuam is cautioned that the process of any incorporation will not serve as justification for further delay.

[9] The January schedule is as follows: the site visit is set for January 23, 2008, at 8:30 a.m. at the Ordot Dump followed by the status hearing on January 24, 2008 at 9:00 a.m.