DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GOVERNMENT OF GUAM,<br><br>　　　　Defendant. | Civil Case No. 02-00022<br><br><br><br>ORDER |

On February 19, 2008, the court held a status hearing in this case. Appearing on behalf of the Plaintiff was Assistant United States Attorneys Mikel Schwab and Jessica Cruz, with Robert Mullaney[1] participating via telephone. Assistant Attorney General Patrick Mason appeared on behalf of the Defendant Government of Guam. Among other things discussed was a letter from Senator Benjamin J.F. Cruz received by the below-signed judge last Friday, February 15, 2008, requesting that I review whether my disqualification from further participation in this case is required.[2]

Upon review of the contents of the letter and the relevant authorities – including Title 28 United States Code Section 455, which delineates the circumstances upon which a judge

---

[1] Mr. Mullaney is a trial attorney with the Department of Justice's Environmental and Natural Resources Division.

[2] It is important to note that as of the filing of this order, neither party to this case has challenged the below-signed judge's qualification or impartiality to sit on this case.

1 must disqualify him- or herself from sitting on a case, the Code of Conduct for United States
2 Judges and the Code of Conduct for Judicial Employees – I find that my disqualification from
3 this case is not required.
4     The issue before the court is the enforcement of the Consent Decree, in particular, the
5 closing of the Ordot dump and the opening of a new landfill. To be clear, the Consent Decree,
6 by its terms, does not designate the placement of the new landfill. Rather, the Consent Decree
7 states:

> DPW shall submit a list of at least three potential landfill sites to U.S. EPA and GEPA . . . and identif[y] DPW's preferred alternative for the MSWLF.
>
> . . .
>
> If U.S. EPA does not agree with DPW's preferred alternative, the parties shall use their best efforts to come to an agreement regarding the location of the new MSWLF. . . . If the parties are unable to agree on a location, the Government of Guam shall file a motion . . . submitting the disputed matter to the Court for resolution. . . . The Court shall render a decision on the location of the new MSWLF based on the written materials on file and any oral argument.

14 Consent Decree (Docket No. 55) at ¶ 9(a) and (b).
15     Because the Government of Guam has selected the new landfill location, and U.S. EPA
16 has approved the selection process and proposed site, the court's involvement in the selection
17 of the landfill site was not required. In other words, whether a landfill or incinerator will be
18 placed in Guatali is not relevant to any issue before this court. At the hearing, the parties
19 similarly agreed that the issues raised by the letter of February 15, 2008 had no relevance to
20 any issue before this court and expressed no concerns or objections to the court's qualification
21 to preside over this action. Additionally, the parties waived the opportunity for additional
22 information or time to consider the matter further.
23     For the reasons stated above, and having received no objections from either party as to
24 the qualifications of this judge to continue to preside over this case pursuant to 28 U.S.C.
25 § 455, the Code of Conduct for United States Judges, and the Code of Conduct for Judicial
26 Employees, my disqualification from this case is not required.
27     **SO ORDERED**.
28

        **/s/ Frances M. Tydingco-Gatewood
            Chief Judge
        Dated: Feb 19, 2008**