IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO. 02-00022 |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| GOVERNMENT OF GUAM, | ) | |
| Defendant. | ) | |

This court previously ordered that the Guam Environmental Protection Agency ("GEPA") and the United States Environmental Protection Agency ("USEPA") submit a joint report outlining the permitting process for the Solid Waste Management Facility at Layon to ensure compliance with court-established timetables. *See* Docket No. 330. Rather than file a joint report, GEPA and USEPA each submitted separate reports. *See* Docket Nos. 349 and 351. They were unable to agree as to: 1) the source of funding for a technical consultant to assist in the permitting process for the Layon landfill; 2) the source of funding for contract support to assist the permit project team; and 3) the requirement that GEPA file monthly reports as to progress in the permitting process. *See* Docket No. 351.

**1. SOURCE OF FUNDING FOR A TECHNICAL CONSULTANT**

It is undisputed that GEPA is the permitting authority for solid waste facilities on Guam. *See* Docket No. 351. As such, GEPA is responsible for securing necessary funding to ensure that the agency complies with its permitting process and can meet the court-approved deadlines. GEPA has indicated that it can issue the solid waste permit for the Layon landfill by August 27, 2009, provided the CNMI Division of Environmental Quality ("DEQ") provides GEPA with a

DEQ consultant. *See* Docket No. 351. In the event the DEQ consultant is not available, GEPA will be required to obtain a substitute technical consultant. Regardless of whether GEPA uses the DEQ or a substitute consultant, funding will be necessary. Accordingly, **IT IS HEREBY ORDERED** that GEPA shall use its best attempts to secure funding for a technical consultant to work only on the Layon project to ensure the permitting process complies with the court-approved deadlines. In the event that GEPA is unable to secure funding for a technical consultant for this specific project, the Government of Guam shall immediately file a motion to this court requesting the use of the monies held in trust by Citibank, N.A.[1] *See* Docket No. 323. Such motion shall be filed with a declaration specifying the reasons GEPA was unable to obtain funding for a technical consultant, and the best efforts GEPA had made to secure funding.[2]

**2. SOURCE OF FUNDING FOR CONTRACT SUPPORT**

The court recognizes that GEPA has limited resources; nevertheless, as noted above, GEPA is the permitting authority and must comply with the deadlines approved by this court. This court previously stated that "it is imperative that GEPA expedite its permitting process." Docket No. 312. Accordingly, **IT IS HEREBY ORDERED** that GEPA shall use all its available resources to ensure compliance with each deadline set forth in "Guam EPA's Permitting Process Activities" ("GEPA Permitting Schedule"). *See* Docket No. 351.

**3. MONTHLY REPORTS**

The court finds that, in light of the history of this case, GEPA must submit monthly reports as to the progress being made in the permitting process for the Layon landfill. GEPA has been aware, when the court adopted the Receiver's timetable last October, that the agency would be responsible for the permitting process for the Solid Waste Management Facility. *See* Docket

---

[1] Citibank, N.A., was approved by the court "as the trustee for the $20 million the court ordered the Government of Guam to deposit in order to commence the work at the Layon landfill site." Docket No. 323.

[2] In addition, the declaration requesting payment or reimbursement for such technical consultant shall also certify that the work completed by the consultant was related solely to work on the Layon project.

1  No. 272.  The court made clear that "further delays are unacceptable and will not be tolerated,"
2  and ordered that all branches and agencies of the Government of Guam, including GEPA, were
3  "to cooperate with, and assist GBB in meeting the deadlines set forth in the timetable." *Id.*, p. 6.
4  The court is troubled that GEPA has not secured funding for a technical consultant to assist in
5  the permitting process, especially with the impending March 17, 2009 deadline for GEPA to
6  complete its technical review.

   Accordingly, **IT IS HEREBY ORDERED** that the Government of Guam shall file monthly reports on the first working day of each month (from March 2, 2009 to August 3, 2009), to document GEPA's progress on the solid waste permitting for the landfill at Layon. The filing of these reports, however, shall not excuse GEPA from meeting the deadlines in the GEPA Permitting Schedule. Upon clear indication to the court that GEPA is able to comply with the deadlines, the court shall reconsider its decision to require these monthly reports.

   Finally, to prevent current progress from being stymied by further delay, **IT IS FURTHER ORDERED** that USEPA or GEPA, or both, shall immediately file notice to this court of any occurrence that would render GEPA unable to comply with any deadline set forth in the GEPA Permitting Schedule.

   **SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    **Chief Judge**
**Dated: Feb 12, 2009**