IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO. 02-00022 |
| Plaintiff, | ) | |
| v. | ) | **ORDER TO SHOW CAUSE** |
| GOVERNMENT OF GUAM, | ) | |
| Defendant. | ) | |

On February 13, 2009, this court issued an order requiring the Government of Guam to begin making weekly payments of approximately $1 million to fund Consent Decree projects. *See* Docket No. 359. The first payment was due on March 1, 2009.[1] Thereafter, the payments were to continue in amounts according to the court-adopted schedule. *Id.* On March 2, 2009, the Government of Guam failed to make the court-ordered payment. Instead, it filed a motion requesting this court to reconsider its order to have the Government of Guam make weekly payments to finance the projects.[2] *See* Docket No. 369.

---

[1] Because March 1, 2009 fell on a Sunday, the payment was in fact due on March 2, 2009. *See* FED. R. CIV. P. 6.

[2] The court notes that Ms. Lourdes M. Perez ("Ms. Perez"), the Director of Guam Department of Administration has identified $1 million from Government of Guam funds that are available for payment. The court orders Ms. Perez to retain those funds and to continue to identify and retain any future amounts owed under the court-ordered schedule of payments (*see* Docket 359), until further order of this court.

1  A district court has inherent power to enforce compliance with lawful orders through
2  civil contempt. *Spallone v. United States*, 493 U.S. 265, 276 (1990). "Only in the rarest of
3  situations do federal courts countenance a party's disregard of an existing court order . . . ."
4  *Zapon v. U.S. Dep't of Justice*, 53 F.3d 283, 285 (9th Cir. 1995). And "there is no good faith
5  exception to the requirement of obedience to a court order." *In re Dual-Deck Video Cassette*
6  *Recorder Antitrust Litig'n*, 10 F.3d 693, 695 (9th Cir. 1993). Rather, "*obedience . . . is required*
7  *unless and until [the order] has been vacated or reversed.*" *Zapon*, 53 F.3d at 285 (citations
8  omitted) (emphasis added).

Accordingly, the court **HEREBY ORDERS** counsel for the Government of Guam to show cause why the Government of Guam should not be held in contempt for its failure to make the first court-ordered payment on March 2, 2009. Counsel shall file its brief by March 10, 2009, and the United States shall file its brief by March 17, 2009. Thereafter, the court will set this matter for a hearing if necessary; otherwise, the court will issue an order. In the event fines are imposed as a contempt sanction, the parties should discuss whether those fines can be applied to the Consent Decree projects.

Furthermore, to ensure compliance and forestall similar problems in the future, the court **ORDERS** the parties to discuss the court's powers to: (1) sequester or enjoin the use and/or obligation of Section 30 Funds (*see* Organic Act 1421h) and/or other federal monies (*e.g.*, federal highway funds); (2) immediately close the Ordot Dump; (3) order the Government of Guam to raise revenue by increasing taxes and/or selling assets; (4) garnish territorial revenue streams; and (5) execute upon and/or attach Government of Guam accounts.

Lastly, the United States shall provide this court, no later than March 17, 2009, with an accounting of: (1) penalties accrued as of March 2, 2009; and (2) the amount the Government of Guam has paid in fines since the inception of the case.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Mar 03, 2009**