DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>        Defendant. | Civil Case No. 02-00022<br><br>**ORDER RE: SPECIAL REPORT** |

This matter is before the court on the Receiver's Special Report filed on June 5, 2009. *See* Docket No. 449. Therein, Gershman, Brickner & Bratton, Inc. ("Receiver") expressed concern that there may be active efforts to frustrate compliance with the Consent Decree at Guam Environmental Protection Agency ("GEPA"). In this regard, the Receiver requested that it be provided all documents, including, but not limited to, correspondence, e-mail, or written communication of any kind, concerning the application for approval of the permit of the Layon landfill, and any other permit applications currently before the Agency.

In its appointment order, the court provided the Receiver with certain rights, including the right to "full and complete access to the documents, books, records, electronic databases held by any Government of Guam entity that has in its custody records deemed necessary by the Receiver to ensure compliance with the Consent Decree." *See* Docket No. 239. The court also ordered that "the parties, including but not limited to the United States Environmental Protection Agency, Department of Public Works and Guam Environmental Protection Agency,

are to immediately comply with this Order and are enjoined from interfering in any manner, or from failing to cooperate either directly or indirectly, with the Receiver in the performance of its functions and duties." *See* Docket No. 239. This remains the order of the court. *See Spallone v. United States*, 493 U.S. 265, 276 (1990) (district court has inherent power to enforce compliance with lawful orders through civil contempt).

Accordingly, the court hereby **ORDERS** that the Government of Guam provide the Receiver copies of:

- all written communications between GEPA staff members;[1]
- all written communications between GEPA staff members and GEPA Board members;[2]
- all written communications between GEPA Board members;
- all written communications between GEPA Board member(s) and any official of the Government of Guam, or between the entire GEPA Board and any official of the Government of Guam;
- all written communications between GEPA Board member(s) and GEPA applicants and their representatives;
- any other written communication relevant to the GEPA Board's compliance with the Consent Decree and the court's subsequent orders enforcing the Consent Decree.

The term "written communications" includes, but is not limited to, reports, e-mail, memoranda, correspondence, notices and notes.

This order applies *only* to written communications that (1) were generated during the period of October 1, 2008 to the present, and (2) concern the Layon landfill permit application

---

[1] For purposes of this order, the term "GEPA staff members" include all administrative personnel.

[2] Likewise, for purposes of this order, the term "GEPA Board members" includes all office-holders (*i.e.*, the Chair, *etc.*).

1 and any other permit applications before GEPA.[3]

All such communications shall be turned over personally to the Receiver representative at its Department of Public Works office by close of business on July 6, 2009.

Finally, the court enjoins the Government of Guam from destroying, altering, deleting, damaging, amending, concealing, or otherwise tampering with any written communication subject to this order. In this regard, the "Government of Guam" includes all its employees, board members, entities, officials and agents.

**SO ORDERED**.



**/s/ Frances M. Tydingco-Gatewood**
       **Chief Judge**
**Dated: Jun 05, 2009**

---

[3] And, of course, privileged communications are not subject to this order.