# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>    Defendant. | Civil Case No. 02-00022<br><br>**ORDER RE: SPECIAL REPORT** |

This matter is before the court on the Receiver's Special Report filed on September 3, 2009.[1] *See* Docket No. 480. Therein, Gershman, Brickner & Bratton, Inc. ("Receiver") outlined the efforts by some individuals (specifically certain members of the Board of Directors of the Guam Environmental Protection Agency ("GEPA")) to frustrate compliance with the Consent Decree. *See* Docket No. 55. The court shares the Receiver's concern and finds that there has been interference with GEPA's mandate to prioritize the permitting of the Layon landfill.

At this time, the court does not opine as to whether such interference is due to mere confusion or some other motivation. Regardless of the reason, this court has repeatedly ordered that all work associated with the opening of the Layon landfill be the **priority** of the

---

[1] After the Receiver became concerned that there were efforts to frustrate compliance with the Consent Decree, this court ordered that certain communications be turned over for the Receiver's review. *See* Docket No. 450. The Receiver has now completed that review.

Government of Guam. This remains the order of the court.

In its Special Report, the Receiver made the following recommendations, which the court adopts:

1. The GEPA Administrator and staff, as well as the members of the GEPA Board of Directors, are ordered to report to the court immediately any effort by an individual or entity to interfere with the work necessary to complete the permitting of the Consent Decree projects in accordance with the court's Orders;

2. All parties subject to the court's Orders in this matter, specifically including the members of the GEPA Board of Directors,[2] are reminded of their obligations under both the Consent Decree and the Orders of the court, and of the sanctions available to the court to enforce its Orders in this matter; and

3. The Receiver is authorized to pay any reasonable expense incurred by GEPA in the permitting process from the Citibank Trustee Account. Any such payment will be made with the concurrence of the United States Environmental Protection Agency and upon a joint determination that the failure to make such a payment would likely impair GEPA's ability to complete the permitting process in a timely manner.

Finally, in light of the Receiver's Special Report, the court will continue its close monitoring of the permitting process and the agencies involved to ensure no further delay occurs. Again, the court will not tolerate interference in this process as only 693 days of airspace remain at the Ordot Dump.

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
   **Chief Judge**
**Dated: Sep 03, 2009**

---

[2] To ensure there is no confusion going forward, the U.S. Marshal Service is ordered to personally serve each member of the GEPA Board of Directors with a copy of this Order and thereafter file a certificate of such service.