# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>    Defendant. | Civil Case No. 02-00022<br><br>ORDER |

This matter came before the court on January 14, 2010, for a quarterly status hearing. At that time, the Receiver, Gershman, Brickner & Bratton, Inc. ("GBB") provided an update on the progress of Consent Decree projects and on the operations of the Solid Waste Management Division ("SWMD"). *See* Docket No. 538.

GBB was pleased to report the significant milestones that had been achieved in the last quarter. For example, all of the contracts required to complete the Layon Landfill have been executed. And, the Guam Environmental Protection Agency ("GEPA") has approved the Solid Waste Facility Permit and Air Pollution Control Permit.[1]

In addition, the Trash Cart Rollout Plan has been implemented and is proving to be highly successful. Thus far, there has been a 53% increase in new customers registered.

At the hearing, GBB asked for the court's guidance concerning whether it should set the

---

[1] The court understands that GEPA and the United States Environmental Protection Agency were instrumental in achieving this goal.

rate charged to Guam Waterworks Authority ("GWA") for the disposal of biosolids. At this time, the court finds that the rate setting for the treatment of GWA's biosolids is more appropriately a function of the Public Utilities Commission ("PUC") and should be left to the PUC to determine.

GBB requested guidance concerning another GWA condition requiring the SWMD to assist GWA in "every way possible to ensure that GWA's biosolids can be reused in accordance with applicable environmental regulations for uses such as farming, landfill topsoil and compost." *See* Docket No. 538, p. 2. Without commenting on the importance of this issue, the court finds that this condition is not relevant to the Government of Guam's compliance with the Consent Decree, and as such, neither the SWMD nor the Receiver are required to comply with this condition.[2]

GBB also requested an extension of the deadline in which it is to petition the PUC to set the commercial and residential rates. The court had previously ordered GBB to present to the PUC its proposed rates by the end of December 2009. However, after discussions with legal counsel of the PUC, it was determined that GBB should approach the PUC after there has been a year of data collected on the new scale at the Ordot Dump. The court finds the request reasonable and will extend the deadline to the end of September 2010. GBB is ordered to keep the court apprised of the situation and to report on the status in its next quarterly report. The court expects GBB to petition the PUC earlier than the September date if it is possible.

Additionally, GBB outlined various financial issues for the court's consideration. Specifically, GBB discussed its understanding of the status of the Government of Guam's pending USDA[3] loan/grant. GBB requested that, before the Government of Guam is permitted to substitute that loan/grant funding for the Section 30-backed Bond proceeds currently pledged for Consent Decree projects, the court require all of the issues outlined in the Receiver's Quarterly Report of October 21, 2009 (*see* Docket No. 505) and the Quarterly Report of

---

[2] Of course, this does not preclude SWMD or the Receiver from cooperating with GWA on projects that would further bring the Government of Guam into compliance with the Consent Decree.

[3] USDA is the acronym for the United States Department of Agriculture.

January 14, 2010, be addressed. The court agrees with GBB. Therefore, before the court will consider any action on a request to substitute the USDA funding for the bond proceeds, the Government of Guam must address the concerns raised in the October Quarterly Report (*see* Docket No. 505), to the court's satisfaction.[4] In addition, the Attorney General and USDA will be required to certify to the following:

- The loan/grant funding from USDA is approved and funds are available to disburse to pay for Consent Decree projects;
- All documents and representations required by the USDA loan/grant have been reviewed and the Government of Guam is in full compliance with all of the terms and conditions of the loan/grant;
- The procedures for disbursing funds by the Receiver are substantially the same as those already approved for the Section 30-backed bonds; and
- There are no other issues that would detrimentally affect the use of the USDA loan/grant by the Receiver to complete the Consent Decree projects in accordance with the court approved construction schedule.

It is imperative that adequate funding remains in place to ensure that the closure of the Ordot Dump and the opening of the Layon landfill are in accordance with the court-ordered schedule. To that end, the court finds GBB's requests are intended to ensure for such compliance and are reasonable.

The court is also concerned about the hazardous conditions found at the Department of Public Works ("DPW") facility. The court is impressed with the SWMD employees; they are hard working and are an integral component to the success of the Receiver. They should not be made to work in unsafe conditions. Neither should members of the public, who visit the facility be exposed to such conditions. Accordingly, the court orders DPW to clean up the grounds and to properly dispose of all the tires, drums, and abandoned vehicles by the next quarterly hearing scheduled for April 8, 2010.[5] The Attorney General is charged with ensuring

---

[4] GBB is to continue providing assistance to the Guam Economic Development Authority and the Government of Guam concerning the USDA funding.

[5] DPW should turn to GEPA to use monies from the Recycling Revolving Fund to assist in this endeavor. It was reported at the hearing that GEPA currently has $1.8 million of undedicated funds. The court finds it indeed surprising that GEPA is seemingly not utilizing these funds for the purposes in which theses funds were allocated.

that DPW takes the appropriate actions in this regard.

Lastly, the Government of Guam is ordered to work expeditiously with the military to finalize a long-term agreement for the use of the Layon landfill by the next quarterly hearing. GBB is to continue its work to facilitate a successful agreement.

As noted the next quarterly hearing is scheduled for April 8, 2010 at 9:00 a.m. It is ordered that the following individuals be in attendance to present their respective reports concerning the progress of various Consent Decree projects:

- Lorilee Crisostomo, Administrator of the Guam Environmental Protection Agency;
- Joaquin Blaz, Acting Highway Administrator of the Department of Public Works and Gene Niemasz of Parsons Transportation Group, to discuss the status of bridges, road widening and snail mitigation;
- Tom Nielsen, President of Maeda Pacific Construction;
- Tor Gudmundsen, President of TG Engineers, P.C.;
- Ho Eun, President of Core Tech International; and
- Thomas Anderson, Executive Vice President of Black Construction Corporation.

The court reiterates its previous order requiring the Governor of Guam, and the Speaker of the Legislature, to be in attendance for the hearing. Again, however, if the Governor is unable to attend, he may designate the Lieutenant Governor to attend. If the Speaker is unable to attend, she may designate the Vice Speaker to attend.

In addition, the court hereby schedules a site visit to Layon on April 8, 2010 at 2:00 p.m. All the individuals mentioned above are required to attend and the court encourages the members of the 30th Guam Legislature to attend as well.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Jan 15, 2010**