DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>    Defendant. | CIVIL CASE NO. 02-00022<br><br>**ORDER**<br>re Motion for Clarification of<br>July 31, 2013 Order |

This matter is before the court on a Motion for Clarification of July 31, 2013 Order (the "Motion for Clarification"), which was filed by the Government of Guam through the Office of the Attorney General (the "Attorney General"). *See* ECF No. 1155. Therein, the Attorney General requested the court clarify its previous Order[1] with regard to the question of who was the Attorney General's client in both this case and the Layon Condemnation Case.[2] The court notes that it has already had to address this issue twice before, when the matter was raised in an Amended Substitution of Counsel (ECF No. 1052) and a Motion for Reconsideration (ECF No. 1075), both of which were filed by the Government of Guam through the Office of the Governor of Guam, as

---

[1] The Attorney General sought clarification of the court's Order re Transition From Court-Appointed Receiver to the GSWA Board (July 31, 2013), ECF No. 1132.

[2] The court uses the term "Layon Condemnation Case" to refer to the a condemnation action initiated in the Superior Court of Guam on January 24, 2008, to obtain the property needed for the site of the new landfill required by the Consent Decree. *See Government of Guam v. 1,348,474 Square Meters, More or Less,* Superior Court of Guam Civil Case No. CV0084-08.

represented by Cabot Mantanona LLP.

The court notes that the Motion for Clarification was filed late in the afternoon on August 13, 2013.[3] Shortly thereafter that same day, the court issued its Order re Motion for Reconsideration. In response to the allegations that the Receiver was the former client of the Attorney General in the Layon Condemnation Case, the court stated:

> . . . the Receiver was not represented by the Attorney General in the Layon Condemnation Case. The Government of Guam was the Attorney General's client in the condemnation action, not the Receiver. The Government of Guam exercised its eminent domain authority to condemn the Layon property for the new landfill, not the Receiver. . . . The Government of Guam initiated that action as the named plaintiff in the Layon Condemnation Case, not the Receiver. All actions taken by the Receiver in relation to the Layon Condemnation Case were in its court-authorized capacity to carry out the work of [the Solid Waste Management Division], consistent with the terms of the court's appointment order. The Receiver's task was to ensure the Government of Guam's compliance with the Consent Decree. . . . [T]he Attorney General kept the Receiver informed about ongoing litigation matters in the Layon Condemnation Case since the Receiver had the duty to manage and control all work associated with Consent Decree projects. While the Receiver may have participated in and assisted with certain aspects of the Layon Condemnation Case, it bears repeating that such participation did not convert the Receiver into the "client" in that action. The Government of Guam remained the Attorney General's only client throughout the five years of the Superior Court litigation.

Order (Aug. 13, 2013) at 14-15, ECF No. 1157 (footnotes omitted). Based on the court's Order as quoted above, no further clarification is necessary since the court has repeatedly held that the Receiver was not the client of the Attorney General in the Layon Condemnation Case.

As for whether the Receiver was the client of the Attorney General in this action, the court's Order re Motion for Reconsideration also answered this question in the negative and stated:

> The Attorney General and Mr. Mullaney's compliance with the court's Order [Re: Appointment of Receiver] did not convert their roles to legal counsel for the Receiver; they remained counsel to their respective parties, the Government of Guam and the United States. The assistance provided by the Attorney General to the Receiver in the performance of its official duties and responsibilities did not create an attorney-client relationship between the Receiver and the Attorney General.

---

[3] According to the Motion for Clarification, the Governor's legal counsel served a Sunshine Act Request for Information on the Attorney General's Office seeking the disclosure of any and all communications between the Attorney General and the Receiver and the Attorney General and the United States relating to the Layon Condemnation Case, this case, the closure of the Ordot Dump and the payment of the judgment in the Layon Condemnation Case. Mot. for Clarification at 21-2, ECF No. 1155.

*Id.* at 17.

The Motion for Clarification also poses a further question of the court regarding who holds the attorney-client privilege for purposes of determining whether the Attorney General's litigation files in both this case and the Layon Condemnation Case may be disclosed to the Governor's Office. As stated previously, this court has already answered in the negative the issue of whether the Receiver – appointed by order of this court in this consent decree case – is the client of the Attorney General. The question of who may hold an attorney-client privilege in a case outside of this court's purview is a different question altogether, and thus the court declines to answer said inquiry with regard to the Layon Condemnation Case. With regard to this case, however, the court notes that the Attorney General has cooperated and assisted the Receiver with a variety of issues, including matters involving the Guam Solid Waste Authority ("GSWA").[4] The Attorney General now asserts that "upon creation of the GSWA on April 11, 2011, the [Attorney General's] client became the GSWA of the Government of Guam[.] . . . Any and all information thereafter belongs to the GSWA." Mot. for Clarification at 10, ECF No. 1155. The Attorney General further claims that because the Receiver has not waived GSWA's attorney-client privilege, the Attorney General has not produced the information requested by the Governor's Office.

The court is cognizant of the fact that the attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). "The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication." *U.S. v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The existence and extent of the attorney-client privilege requires highly fact-specific examinations of the circumstances

---

[4] When the court initially appointed the Receiver, the court vested the Receiver with "full power and authority to enforce the terms of the Consent Decree, and assume all of the responsibilities, functions, duties, powers and authority of the Solid Waste Management Division ["SWMD"] of the Department of Public Works." Order Re: Appointment of Receiver at 15, ECF No. 239. Following the enactment of the law creating the SWMA, the court vested the Receiver with "full power and authority over GSWA, to the full extent of its previously granted authority over SWMD." Order (Sept. 2, 2011) at 9, ECF No. 798.

surrounding the communications for which the privilege is claimed. In the present case, the Motion for Clarification does not present the court with enough facts for the court to conclude that the attorney-client privilege is applicable to shield the disclosure of the information sought by the Governor's Office. Accordingly, the court believes that further briefing is needed on this issue.

To the extent that further clarification is still needed, the Attorney General is directed to file a supplemental brief on the matter no later than September 27, 2013. Responses to the supplemental brief shall be filed no later than October 11, 2013. The Attorney General shall file a reply brief to any response by October 18, 2013.

IT IS SO ORDERED.



/s/ **Frances M. Tydingco-Gatewood**
      **Chief Judge**
      **Dated: Sep 18, 2013**