DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>    Defendant. | CIVIL CASE NO. 02-00022<br><br>**ORDER**<br>re Motion to Reconsider |

This matter is before the court on a Motion to Reconsider, filed by HCP, Inc. d.b.a. Lagu Sanitation ("Lagu") on November 6, 2015. *See* ECF No. 1641. The Receiver filed an Opposition to the motion, and Lagu filed a reply brief thereto. *See* Opp'n, ECF No. 1644, and Reply Br., ECF No. 1646. The court believes that a hearing on the motion is unnecessary. Accordingly, the court hereby issues the instant Order.

## BACKGROUND

On March 2, 2012, Lagu and the Receiver, on behalf of the Guam Solid Waste Authority ("GSWA"), entered into a Settlement Agreement, which compromised and adjusted the total amount Lagu owed[1] to GSWA for past due tipping fees to $1,000,000. Settlement Agreement at Sec. II, ¶1, ECF No. 908. The Parties[2] agreed that the stipulated amount was "a fair and reasonable settlement."

---

[1] Lagu then had an outstanding balance of $1,475,873.24 as of January 31, 2012, . *See* Ex. A.3 to Settlement Agreement, ECF No. 908.

[2] The court uses the term "Parties" in this Order when referring to Lagu and the Receiver. The court recognizes that neither is a true party in this enforcement action brought by the United

*Id.* at Sec. II, ¶5. Lagu agreed to pay $250,000 to GSWA by March 2, 2012, and to pay the balance of $750,000, plus 10% annual interest, in monthly installments over the next four years. *Id.* at Sec. III, ¶¶2(a)-(b). Under the agreed-upon payment schedule, Lagu would pay $19,021.94 monthly, in addition to paying all new charges for the previous month. *Id.* at Section III, ¶2(b) and Ex. A.1 thereto. The court approved the Settlement Agreement on March 7, 2012. *See* Order, ECF No. 911.

On November 20, 2013, Lagu filed a Motion to Modify Settlement Agreement. *See* ECF No. 1268. Therein, Lagu asked the court to modify certain provisions of the Settlement Agreement to essentially (1) waive all interest charged on past tipping fee charges, (2) extend the payment period by four years and recalculate and restructure payments for outstanding amounts, and (3) permit Lagu to benefit from the 10% discount available to all commercial haulers who were current on their tipping fee charges provided that Lagu continued to pay its past due and current tipping fees in a timely manner. *Id.*

On February 27, 2014, the court granted an oral motion made by Lagu's counsel to permit it to stop making payments as agreed under the Settlement Agreement pending the resolution of its Motion to Modify Settlement Agreement. *See* Minutes, ECF No. 1311. *See also* Order (Mar. 17, 2014) at 22, ECF No. 1319. Efforts to resolve the dispute were unsuccessful. Thus, on March 25, 2015, the court issued an Order denying the Motion to Modify Settlement Agreement in its entirety and ordered Lagu to immediately resume making the monthly payments to which it had agreed under the Settlement Agreement. *See* Order (Mar. 25, 2015) at 9, ECF No. 1544. However, in fairness to Lagu, the court did not order it to remit in full the past due amounts owed to date. Instead, the court ordered Lagu's payment schedule to be extended by the number of months its payments were suspended. *Id.*

Thereafter, Lagu filed a Motion for Clarification on July 9, 2015. *See* ECF No. 1596. Therein, Lagu asserted it was "seek[ing] clarification that no additional interest accrued during the period of the [c]ourt's stay from on or about February 2014 through March 2015." *Id.*

In an Order issued on October 28, 2015, the court denied Lagu's request that the court clarify

---

States against the Government of Guam.

United States v. Government of Guam, Civil Case No. 02-00022
Order re Motion to Reconsider
page 3 of 5

its prior ruling by ordering that no additional interest accrued during the period of the court's stay. *See* Order (Oct. 28, 2015), ECF No. 1636. The court noted that Lagu knowingly and voluntarily entered into the Settlement Agreement which required it to pay interest at a rate of ten percent annually over the four year repayment period and that GSWA was entitled to receive the interest that accrued during the period of time when Lagu was permitted to stop making payments. *Id.* at 3-4. Lagu was ordered to comply with the terms of the Settlement Agreement and the Orders of this court by immediately remitting the past due interest and amounts owed to GSWA. *Id.* at 4.

Lagu now files the instant Motion to Reconsider. *See* ECF No. 1641. Therein, Lagu requests the court grant reconsideration and hold that Lagu's interest payment calculation is included in the monthly arrears payments of $19,021.94 and that no further interest in required under the Settlement Agreement. *Id.* at 4.

## ANALYSIS

1. <u>Motion for Reconsideration Standards</u>

Pursuant to the court's Local Rules of Practice,

> [m]otions for reconsideration are generally disfavored. A motion for reconsideration of the decision on any motion may be made only on the grounds of:
>
> (A) a material difference in fact or law from that represented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
>
> (B) the emergence of new material facts or a change of law occurring after the time of such decision, or
>
> (C) a manifest showing of a failure to consider material facts presented to the Court before such decision.

CVLR 7(p)(1).

The Ninth Circuit Court of Appeal has also stated that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807-808 (9th Cir. 2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994)).

///

United States v. Government of Guam, Civil Case No. 02-00022
Order re Motion to Reconsider
page 4 of 5

2. Discussion

In its motion, Lagu asserts that "the [court's] initial decision was manifestly unjust" and/or that the court "committed clear error, . . . misunderstood Lagu's position or made an error of apprehension." Mot. to Recons. at 3, ECF No. 1641. *See also* Reply Br. at ¶5, ECF No. 1646. More specifically, Lagu notes that the monthly payments required under the Settlement Agreement already include interest payments. Thus, Lagu argues that the requirement that it pay additional interest during the stay period on top of the interest already provided for in the Settlement Agreement constitutes an impermissible modification of the Settlement Agreement terms, to which Lagu does not consent. Mot. to Recons. at 3, ECF No. 1641.

The terms of Lagu's repayment of the compromised and adjusted amount of $1 million owed to GSWA is set forth in Section III of the Settlement Agreement. *See* Settlement Agreement at 5-6, ECF No. 908. As discussed earlier, Lagu agreed to pay a lump sum of $250,000 to GSWA by March 2, 2012. *Id.* at 5. As for the remaining $750,000, Lagu agreed to pay this balance, "plus interest at a rate of ten percent annually, in monthly installments over four years[.]" *Id.* at 6. Incorporated as Exhibit A.1 to the Settlement Agreement was a Payment Schedule, which reflected 48 consecutive monthly payments in the amount of $19,021.94. Additionally, the Settlement Agreement incorporated an Amortization Table as Exhibit A.2, which broke down the amount of interest and principal due to ensure equal monthly installment payments over the 48 month repayment period.

Lagu contends that the court erred in ordering Lagu to pay interest during the 13-month period its payments were suspended – a request Lagu made and the court granted – because interest payments were already included when the monthly payment was computed and that to require the payment of interest during the stay period would modify the Settlement Agreement because it changes the Amortization Table and Payment Schedule. The court disagrees.

The court's prior Orders do not impermissibly modify the Settlement Agreement. The court was well aware that interest on the $750,000 balance was included in computing the monthly installment payments over the repayment period. As the Receiver asserts in its Opposition, "[t]he Amortization Table only applies *if [Lagu makes its consecutive monthly installment payments on*

*time*." Opp'n at 5, ECF No. 1644 (emphasis added). That did not happen here. In this case, at Lagu's request, the court allowed Lagu to stop making the required monthly installment payments while its Motion to Modify Settlement Agreement was pending. Since Lagu did not make the required monthly payments, the Amortization Table and the Payment schedule became obsolete.

To be fair to Lagu and to provide it with some flexibility – after all, Lagu's Motion to Modify Settlement Agreement claimed Lagu was suffering a cash shortfall and could not obtain credit – the court did not require Lagu to make a lump sum payment of the amounts it did not pay while the motion was pending. Rather, the court extended Lagu's payment schedule but ordered it to pay interest. This does not result in a material modification of the Settlement Agreement because Lagu had agreed to repay GSWA $750,00 plus ten percent interest. If Lagu does not require an extension of the four-year repayment period,[3] then Lagu is not required to pay any additional interest. Thus, Lagu must pay all outstanding amounts owed to GSWA under the Settlement Agreement by the January 31, 2016 deadline if it does not want to pay additional interest. However, if Lagu is unable to pay the amounts owed in full by said deadline, then Lagu shall pay additional interest at the agreed upon rate of ten percent annually.

## CONCLUSION

Based on the above, the court finds denies the Motion to Reconsider. Lagu shall immediately comply with the terms of the Settlement Agreement and the Orders of this court by immediately remitting the past due amounts owed to GSWA.

IT IS SO ORDERED.



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Jan 22, 2016**

---

[3] In its Motion for Clarification, Lagu asserted it intended "to pay in full, in a lump sum all arrears." Mot. for Clarification at 2, ECF No. 1596.